FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JUN 27 PM 3: 17

Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907)-456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>  Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>  Defendants. | Case No. ~~F-06-~~ 4:06-CV-00018 RRB |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUCTIVE RELIEF**

Plaintiff Interior Regional Housing Authority, a Public Corporation ("IRHA"), by and through its undersigned counsel, Aschenbrenner Law Offices, Inc., for its complaint against Defendants Barbara Almquist, the Village of Dot Lake aka the Native Village of Dot Lake, William J. Miller, Charles P. Miller and John Does No. 1 – 3, and alleges as follows:

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 1

## PARTIES & JURISDICTION

1.   Plaintiff IRHA is a public corporation, organized as a public body under AS 18.55.995 – 998 and specifically AS 18.55.995, vested with the authority, *inter alia*, to provide housing services in Alaska, including expenditure of federal funds for that purpose under the Native American Housing Assistance and Self-Determination Act (NAHASDA) 25 U.S.C. §4101, et seq. (1996).

2.   Plaintiff IRHA is a Tribally Designated Housing Entity (TDHE) and Indian Housing Authority under NAHASDA; see definitions at Sec. 203 (21), 25 U.S.C. Sec. 4103(21)(B)(ii) which provides that "an entity established – [] by operation of State law providing specifically for housing authorities ... including housing authorities in the State of Alaska" are "tribally designated housing entities." AS 18.55.996 created sixteen native housing authorities and it is subsection (a)(5) that creates a housing authority for the area served by the Tanana Chiefs Conference, which is Plaintiff Interior Regional Housing Authority.

3.   Plaintiff IRHA's status as TDHE is reflected in official Department of Housing and Urban Development records. See a spreadsheet reflecting this status at http://www.hud.gov/offices/pih/ih/codetalk/onap/map/ak.cfm.

4.   Plaintiff IRHA's principal place of business is located at 828 27th Avenue, Fairbanks, Alaska.

5.   Plaintiff IRHA owns and operates a triplex in Dot Lake, Alaska, on ground owned by Defendant Village of Dot Lake.

6.   Defendant Barbara Almquist ("Almquist") is a resident of the Fourth Judicial District at all times relevant to this complaint. Ms. Almquist is a tenant in the triplex referred to

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 2

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

at ¶5 above. Plaintiff IRHA sued Defendant Almquist in state District Court in Case No. 4FA-06-1421 CI, *IRHA v. Almquist,* for the purpose of evicting her from the triplex.

7. Defendant Village of Dot Lake is a federally recognized native entity of Alaska, eligible to receive services from the United States Bureau of Indian Affairs pursuant to Federal Register Volume 67, Number 134 dated July 12, 2002. See http://www.artnatam.com/alaska.html. The Native Village of Dot Lake is presumably another name for the Village of Dot Lake.

8. Defendant William J. Miller ("W. Miller") is a resident of the Fourth Judicial District at all times relevant to this complaint. W. Miller purports to be the President of the "Dot Lake Village Council," the governing body of the Village of Dot Lake.

9. Defendant Charles P. Miller ("C. Miller") is a resident of the Fourth Judicial District at all times relevant to this complaint. C. Miller purports to be the Secretary of the "Dot Lake Village Council," the governing body of the Native Village of Dot Lake.

10. John Does 1 through 3 are the three remaining individuals who serve on the "Dot Lake Village Council," the governing body of the Village of Dot Lake. There may or may not be persons actually serving in this capacity as of June 1, 2006, the date of adoption of Ordinance No. 06-01-01.

11. This case and controversy arises from the purported adoption of Ordinance No. 06-01-01 (Doc. Att. 1) by the Dot Lake Village Council, which reduces, undercuts, or negates the federal rights granted to IRHA as a NAHASDA Indian Housing Authority and/or Tribally Designated Housing Entity. Specifically Plaintiff IRHA is entitled to evict Defendant Almquist for good cause under NAHASDA Sec. 207(a)(5), 25 USC Sec. 4137(a)(5).

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
*Case No. F-06-_____ CI*
Page 3

12. This court has jurisdiction over Count I pursuant to 28 U.S.C. Sec. 1331 based upon the deprivation of its federal rights asserted herein and over Count II pursuant to 28 U.S.C. Sec. 1367, which provides for ancillary or supplemental jurisdiction over pendent state claims.

13. Venue over this action is based on 28 U.S.C. Sec. 1391 (b).

**COUNT I – ALL PARTIES ARE SUBJECT TO NAHASDA PURSUANT TO 25 USC 4137**

14. Plaintiff IRHA realleges ¶1-13 by reference as if set forth fully.

15. The governing law relating in this case is NAHASDA Sec. 207(a)(5) 25 USC 4137(a)(5). This relevant section is titled "Lease requirements and tenant selection," and which reads in pertinent part as follows:

> (a) Leases. --- Except to the extent otherwise provided by or inconsistent with tribal law, in renting dwelling units in affordable housing assisted with grant amounts provided under this Act, the owner or manager of the housing shall utilize leases that ---
> (5) require that the owner or manager may not terminate the tenancy, during the term of the lease, except for serious or repeated violation of the terms or conditions of the lease, violation of applicable Federal, State, tribal, or local law, or for other good cause;

16. Plaintiff IRHA sued Defendant Almquist in state court and in that action obtained a ruling that IRHA has good cause under NAHASDA to obtain an eviction order. District Court Judge Raymond Funk stated from the bench on June 14th, 2006 (on the fourth non-consecutive day of hearings): "I won't grant the FED. There was an initial lease, then month to month tenancy, then they could for limitations of good cause grant it. The court finds good economic reasons for IRHA to make the decision. Except the court finds the case is controlled by the tribal ordinance I would have granted an eviction a week from today... ." Doc Att 2, page 9. (At this time only the log notes are available; a CD has been ordered to prepare a transcript.)

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 4

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

17.    In Section 3 titled "Eviction" Ordinance 06-01-01 states: "[T]he term 'good cause' shall mean the tenants act or failure to act causing harm to the premises, personal property or rights of other tenants, tribal members or the general public, including the quiet enjoyment of real property by other tenants, or adjacent land owners." In short, the ordinance limits "good cause" to bad tenant behavior and does not include the landlord's financial operating losses.

18.    Defendant Almquist has therefore obtained – through her counsel – a tribal order or ordinance directing that the state court terminate the eviction proceedings in her favor in Superior Court Case No. 4FA-06-1421 CI, *IRHA v. Almquist*. This ordinance provides support for her argument that the tribal ordinance bars evictions for "good cause" under NAHASDA based upon the financial needs of an Indian Housing Authority or Tribally Designated Housing Entity.

19.    Sec. 4137(a)(5) allows tribes to *add* to the possible violations – bad tenant behavior – which can result in eviction. The state court has ruled that Dot Lake can enforce a tribal ordinance that *subtracts* from the landlord's grounds for eviction. In NAHASDA Congress explicitly gave tribes the power to add additional grounds to terminate a lease, but at the same time the state district court has ruled that Congress has implicitly approved tribal ordinance or order which *reduces, undercuts, or negates* an IHA's grounds for lease termination based on the landlord's good cause to take such action.

20.    Plaintiff IRHA can close, demolish or dispose of the building. 24 CFR Sec.1000.134 governs circumstances in which a "recipient (or entity funded by a recipient) demolish or dispose of current assisted stock."

> (a) A recipient (or entity funded by a recipient) may undertake a planned demolition or disposal of current assisted stock owned by the recipient or an entity funded by the recipient when:

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 5

(1) A financial analysis demonstrates that it is more cost-effective or housing program-effective for the recipient to demolish or dispose of the unit than to continue to operate or own it; or

21. Plaintiff IRHA is entitled to the issuance of declaratory relief declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that Plaintiff IRHA and all Defendants are bound by federal law; i.e., NAHASDA Sec. 207 and 25 USC Sec. 4137, and that any tribal law which reduces, undercuts, or negates the rights of Plaintiff IRHA cannot be applied in the state court case or is preempted by federal law.

22. Plaintiff IRHA is entitled to the issuance of temporary, preliminary and permanent injunctive relief restraining all Defendants from asserting any tribal law which reduces, undercuts, or negates the rights of Plaintiff IRHA.

## COUNT II – PENDENT JURISDICTION

23. Plaintiff IRHA realleges ¶1-22 by reference as if set forth fully.

24. This count is brought under this court's pendent jurisdiction over state claims, 28 U.S.C. Sec. 1367.

25. All Defendants have purported and asserted that it, the Village of Dot Lake (as an entity) and they, W. Miller and C. Miller, (as individual defendants) have adopted Ordinance No. 06-01-01 (Doc. Att. 1), and that this ordinance directs the state court as a rule of decision in denying the relief requested under the FED action filed by IRHA and that Defendant Almquist may use this ordinance or order to direct a rule of decision in this state court action against her.

26. IRHA seeks a declaratory judgment that Ordinance 06-01-01 is not a valid act of the Village of Dot Lake aka the Native Village of Dot Lake and is not entitled to recognition by any state court or federal court because there are multiple failures in the lawmaking process and/or documentation of each step of the lawmaking, including:

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 6

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

a. Ordinance No. 06-01-01 was not adopted by a valid governing body pursuant to any known constitution which has been adopted for the Defendant Village of Dot Lake.

b. There is no signed constitution on file with the Bureau of Indian Affairs in Juneau, Alaska, which maintains a repository of such documents; there are two unsigned versions of two documents, each titled "Constitution," one dated December 7, 1994 consisting of 13 pages and another undated constitution consisting of 9 pages. Doc. Atts. 3 and 4. In a cover letter dated September 16, 1994 Jim Thomas, Acting Director, Office of Tribal Services, states (apparently in regard to one of these constitutions) "the changes reflected in the enclosed version are to make the proposed document legally and technically sufficient and/or to conform with established BIA policy, that is, not contrary to applicable law." There is no proof in the Bureau of Indian Affairs file (as transmitted to IRHA's counsel) that Defendant Village of Dot Lake has ever corrected the errors noted by the Bureau of Indian Affairs or adopted any constitution which has been approved by the Bureau of Indian Affairs.

c. There is nothing in the copy of Ordinance No. 06-01-01 that shows that the ordinance was an official act of a tribal governing body acting pursuant to a validly adopted constitution recognized as such by the Bureau of Indian Affairs.

d. The circumstances that brought Ordinance No. 06-01-01 before the state court were suspicious in that the document was created by counsel for a party to resolve a dispute to which the Defendants (other than Defendant Almquist) were not parties and these Defendants have not consented to be bound by a rule of decision which they purported to create. Ordinance No. 06-01-01 itself states that "This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance." Doc. Att. 1, p. 3, Sec. 7.

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 7

e.  the Tribal Council for Native Village of Dot Lake made no request for comity or recognition of Ordinance No. 06-01-01; Ordinance No. 06-01-01 was not adopted by a party to the state court FED action.

27. Plaintiff IRHA is entitled declaratory relief declaring the rights and liabilities of all Defendants to the effect that Ordinance 06-01-01 is not a valid exercise of tribal lawmaking and/or is not entitled to comity or recognition in state or federal court because of multiple lapses in the lawmaking process.

28. Plaintiff IRHA is entitled to have this court issue temporary, preliminary and permanent injunctive relief restraining all Defendants from asserting that Ordinance 06-01-01 is a valid exercise of tribal lawmaking and from asserting that said ordinance is entitled to comity or recognition in state or federal court because of multiple lapses in the lawmaking process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IRHA prays for relief as follows:

1. As to Count I, Plaintiff IRHA is entitled to declaratory relief declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that Plaintiff IRHA and all Defendants are bound by federal law; i.e., NAHASDA Sec. 207 and 25 USC Sec. 4137, and that any tribal law which reduces, undercuts, or negates the rights of Plaintiff IRHA cannot be applied or is preempted by federal law.

2. As to Count I, Plaintiff IRHA is entitled to have this court issue temporary, preliminary and permanent injunctive relief restraining all Defendants from asserting or enforcing any tribal law which reduces, undercuts, or negates the rights of Plaintiff IRHA.

3. As to Count II, Plaintiff IRHA is entitled to declaratory relief declaring the rights and liabilities of all Defendants to the effect that Tribal Ordinance 06-01-01 is not a valid

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910   Fax: 907-456-8064

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 8

exercise of tribal lawmaking and/or is not entitled to comity or recognition in state or federal court because of multiple lapses in the lawmaking process.

4.      As to Count II, Plaintiff IRHA is entitled to have this court issue temporary, preliminary and permanent injunctive relief restraining all Defendants from asserting that Tribal Ordinance 06-01-01 is a valid exercise of tribal lawmaking and from asserting that said ordinance is entitled to comity or recognition in state or federal court because of multiple lapses in the lawmaking process.

5.      Award Plaintiff IRHA its costs and litigation expenses, including attorney's fees, of this proceeding and vindicating its rights under Title 42 USC Sec. 1988 under which the court "in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs" and other related statutes and caselaw.

6.      Award Plaintiff IRHA such other and further relief as this Court deems just and equitable under the premises.

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
*Case No. F-06-_____ CI*
Page 9

DATED at Fairbanks, Alaska this  2-7  day of June, 2006.

ASCHENBRENNER LAW OFFICES, INC.
Attorneys for Plaintiff IRHA

By: /s/ Peter J. Aschenbrenner
Peter J. Aschenbrenner
Bar No. 7210037

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief
*IRHA v. Almquist, et al.*
*Case No. F-06-_____ CI*
Page 10