TRIBAL COUNCIL FOR
NATIVE VILLAGE OF DOT LAKE
ORDINANCE No. 06-_01-01_

**Whereas,** the Tribal Council for Native Village of Dot Lake is the governing body of the Native Village of Dot Lake, a federally recognized tribal government;

**Whereas,** The Native Village of Dot Lake has designated the Interior Regional Housing Authority as its Tribally Designated Housing Entity (TDHE) under the terms of the Native American Self Determination and Housing Assistance Act (NAHASDA);

**Whereas,** IRHA, in its capacity as TDHE for the Native Village of Dot Lake, has constructed and operates certain multi-family dwelling units for qualified low income Native families in the Native Village of Dot Lake;

**Whereas,** the availability of affordable housing in the Native Village of Dot Lake is extremely limited and the tribal multi-family dwelling units operated by IRHA is critical to the continued viability of the Native Village of Dot Lake;

**Whereas,** when IRHA accepted Dot Lake NAHASDA funding, and undertook the development of affordable housing in Dot Lake, it committed to using such facilities as affordable housing for the useful life of such facilities, being twenty (20) years.

**NOW THEREFORE BE IT RESOLVED,** that the Native Village of Dot Lake hereby enacts the following tribal ordinance

Sec. 1 NAME  The name of this ordinance shall be the Native Village of Dot Lake Housing Ordinance.

Sec. 2 SCOPE AND APPLICABILITY.

This ordinance shall apply to all tribal public housing. Tribal public housing shall mean any multi-family housing dwelling unit constructed using Dot Lake Tribal allocations under the Native American Self Determination and Housing Assistance Act (NAHASDA) and operated by a Tribally Designated Housing Entity designated by the Native Village of Dot Lake under the terms of NAHASDA. This ordinance shall not apply to single family dwellings or to

DOCUMENTS ATTACHMENT _1_
PAGE _1_ OF _3_

multi-family dwellings owned an operated by a person or entity other than a Dot Lake Tribally Designated Housing Entity (TDHE).

### Sec. 3 LEASE REQUIREMENTS.

The TDHE shall enter into a written lease with all tenants of tribal public housing that shall comply 24 CFR Part 966. If the TDHE and tenant do not sign and exchange a written lease, the payment of rent by the tenant and the acceptance of rent without reservation by the TDHE shall constitute the formation of a lease whose terms shall commence upon the date of tenant occupation, and having terms that comply with 24 CFR Part 966.

### Sec. 3 EVICTION.

A tenant in tribal public housing may be evicted for
a) Non-payment of rent after ten (10) days following the payment date specified in the lease, or the first of the month, whichever is later;
b) Serious and repeated violations of the terms of the lease by the tenant, other than the payment of rent;
c) the tenant maintaining a nuisance on or near the leased premises, intentional destruction of any portion of the leased premises or common areas of the facility, negligent or intentional injury to the person of other tenants of the facility, or property belonging to other tenants of the facility.
d) Conviction of the tenant of a crime occurring on the leased premises;
e) Conviction of another occupant of the leased premises, whether listed on the lease agreement or not, of a crime occurring on the leased premises, with the acquiescence of the tenant;
f) Other good cause.

The acceptance of a partial payment of rent by the TDHE shall constitute a waiver of the timely payment of rent, unless the TDHE provides written notice to the contrary to the tenant at the time of acceptance of such payment. The acceptance of past due rent payments shall not constitute a waiver of timely payment of current rent due, provided that the TDHE provides a written notice to the tenant at the time of acceptance of such payment noting that such amounts are only being credited to past due payments, and are not credited against current rent due. For the purposes of this section and 25 USC 4137, the term "good cause" shall mean the tenants act or failure to act causing harm to the premises, personal property or rights of other tenants, tribal members or the general public, including the quite enjoyment of real property by other tenants, or adjacent land owners.

DOCUMENTS ATTACHMENT __1__
PAGE __2__ OF __3__

Sec. 4. RELATION TO STATE AND FEDERAL LAW. The Alaska Landlord Tenant Act [A.S. 34.03] and the Native American Self Determination and Housing Assistance Act [25 USC 4101 et. seq.] shall be applicable to all tribal public housing leases. In the event of conflict between tribal, state and federal law, the following order of priority shall be applied: tribal law, federal law, state law.

Sec. 5 ENFORCEMENT; ATTORNEY FEES. The terms of this ordinance may be enforced in tribal, state or federal court. The tribe, TDHE and the tenant shall have a right to bring an action to enforce the terms of all applicable tribal, federal and state law. Attorney fees shall be allowed to the prevailing party in any proceeding arising out of this chapter, or a rental agreement.

Sec. 6. NON-WAIVER OF TRIBAL RIGHTS. Nothing in this ordinance or any permit or lease entered into under this ordinance shall constitute a waiver of any claim to immunity that the tribe might have by operation of state or federal law.

Sec. 7. EFFECTIVE DATE. This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance.

### Certification

We, the undersigned officers of the Native Village of Dot Lake hereby state and certify that on the __1st__ day of __June__, 2006, the Native Village of Dot Lake Tribal Council met with a duly constituted quorum, and approved, by majority vote, the above resolution.

_____     _____
~~Chief~~ President                                Secretary



DOCUMENTS ATTACHMENT __1__
PAGE __3__ OF __3__