IN THE DISTRICT COURT FOR THE STATE OF ALASKA AT FAIRBANKS

CD: 4FA2106-43
Date: June 14, 2006

IRHA
vs.
BARBARA ALMQUIST

Judge: Funk
Clerk: Breeden

Case: 4FA-06-04121 CI

PROCEEDINGS: Forcible Entry and Detainer

COUNSEL PRESENT
Plaintiff: Peter Aschenbrenner
Defendant: Michael J. Walleri

| Time | Content |
|---|---|
| 08:29:31 | Court in session |
| 08:29:35 | Court: Read the pleadings. Additional testimony? |
| 08:29:48 | Walleri: We will put on our case. |
| 08:29:57 | **Witness Sworn/Affirmed: Barbara Almquist** <br> Dot Lake <br> Unemployed |
| 08:30:44 | **Direct Examination by Walleri** |
| 08:31:31 | Lived there for three years. |
| 08:31:37 | We applied . . . |
| 08:32:07 | We try to but it doesn't work very well. |
| 08:32:17 | Yes, he is there. |
| 08:32:25 | Applied to IRHA. I filled out the application for Jason. |
| 08:33:00 | At the beginning, the first month was paid by TCC. Jason was supposed to keep up on. I paid the utilities. I found out later he didn't make payments. |
| 08:33:31 | No, he didn't make payments. |
| 08:33:40 | Was in March/April 2004. |
| 08:34:12 | When I happened to open up an IRHA bill and noticed it was delinquent. In late 2004, I think it was. |
| 08:34:46 | Yes, after he left. Over the summer I had it switched to my name. |
| 08:34:57 | I called up and told them I wanted the apartment under my name, that Jason was not there. |
| 08:35:13 | I believe it was Brian or Robin. |
| 08:35:28 | I believe there was conflict . . . |
| 08:36:13 | We didn't get along; he up and left. |
| 08:36:34 | Since I was in the household with him, I paid on the delinquent rent. I believe they re-adjusted it without him. It went down to $290. It was $360. |
| 08:37:04 | Yes, they did accept. |

Page 1

NOTE: Not a verbatim transcript. Refer to aud.

Copy to:

DOCUMENTS ATTACHMENT 2
PAGE 1 OF 10

JUN-28-2006 11:36                                                98%                           P.07

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

| Time | Speaker/Text |
|---|---|
| 08:37:19 | I remember for the building to be under my name . . . |
| 08:37:46 | Court: This is all stuff I know.<br>Making point to legal argument?<br>Is this relevant?<br>I have a court trial at 9:30.<br>I am not going to continue this.<br>Purpose? This is all repetitious. |
| 08:38:18 | Walleri: Purpose is to make a record.<br>Make an offer of judgment . . . |
| 08:38:30 | Court: If you have facts you want to establish through the witness, cut things short . . . Aschenbrenner disagrees or doesn't . . . |
| 08:38:52 | Walleri: Offer of proof that IRHA, Ms. Almquist succeeded to the lease, IRHA accepted, adjusted the rent and treated her as a tenant for all purposes. |
| 08:39:22 | Aschenbrenner: Only disagree that she succeeded to the lease . . . |
| 08:39:39 | **COURT:** To the tenancy, that is accepted. |
| 08:40:26 | Court takes FED in two parts . . .<br>Only relevant . . . granted within 48 hours.<br>What would you do . . . unless there is legal argument for sympathy . . . |
| 08:41:04 | I never did plan on leaving Dot Lake. Would probably have to leave kids with relatives. |
| 08:41:25 | No housing available. |
| 08:41:29 | Yes, would have to leave the community. |
| 08:41:34 | Yes, am aware of . . . Dolly Jonathan. She told me she has called several times asking about application, then Fay Arnold. |
| 08:42:07 | They were told they weren't renting, it was in court proceedings right now and not available. |
| 08:42:41 | **Cross Examination by Aschenbrenner** |
| 08:42:46 | Yes, read brief, stay until September 1. |
| 08:43:10 | I was planning on staying indefinitely. |
| 08:43:17 | Yeah, he is there temporarily. |
| 08:43:23 | No, I am working for TCC now. Am supposed to start work on Monday, actually. |
| 08:43:40 | Tribal workforce development specialist. |
| 08:43:50 | Exhibit 3 . . . |
| 08:44:24 | Yes, remember that letter. |
| 08:44:29 | Yes, a letter I sent. |
| 08:45:16 | Admitted Exhibit(s) 3, 4, 5, 7, 9, 10, 11 |
| 08:47:35 | Admitted Exhibit(s) 1 |

Page 2

Not a verbatim transcript. Refer to audio r

DOCUMENTS ATTACHMENT 2
PAGE 2 OF 10

JUN-28-2006 11:36                        98%                        P.08

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

| | |
|---|---|
| 08:49:14 | Clerk places phone call to Bill Miller |
| 08:49:53 | **Witness Sworn/Affirmed: William Joseph Miller (Telephonic)** <br> Dot Lake <br> Retired |
| 08:50:51 | **Direct Examination by Walleri** |
| 08:50:56 | I am president of the Dot Lake Village council. |
| 08:53:28 | Yes, IRHA came and talked about transferring to the tribe. They were having problems getting rent paid. |
| 08:54:00 | I asked for financial data on the costs. |
| 08:54:09 | After reviewing it and seeing the costs, insurance on facility, costs would have been prohibited. We are a small tribe. |
| 08:54:41 | Not allow delinquency to go so far. |
| 08:54:47 | Deadline to pay accounts. |
| 08:54:52 | We have no housing here and have people who want to work here but they have no place to live. |
| 08:55:15 | If we transferred would have to maintain insurance, the facility, and rent it. |
| 08:56:06 | We get 25,000 a year, 20 percent of which IRHA retains for administrative costs. |
| 08:56:31 | 25,000 a year to do something with housing. |
| 08:56:40 | Not to my knowledge, they would retain. |
| 08:57:08 | Only funding I know would be . . . |
| 08:57:31 | We have tenants living there. Two vacant units, we have another individual in Tanana Cross . . . interested in renting a unit. |
| 08:58:21 | Have jobs open but a hard time filling because there is no place to live, but 37 miles away. |
| 08:58:41 | Very limited. Have one house the tribe owns and a person living in. No rentals available that I know of. One person now is traveling back and forth. |
| 08:59:09 | Yes, the two vacant units are rentable. We've had people interested, with no place to stay. |
| 08:59:47 | A couple have inquired and were told the units were not going to be rented. |
| 09:00:06 | Yes, the tribe passed an ordinance. |
| 09:00:13 | Yes, tribe was aware of proceedings. |
| 09:00:25 | No, tribe does not support. |
| 09:00:32 | She was informed she would have to bring current, and she did. And to the best of my knowledge, she has kept current since that time. |
| 09:01:17 | Aschenbrenner: Objection, ordinance is irrelevant to Almquist. Has something to do with the tribe and IRHA. It is irrelevant. Do not have the document . . . |
| 09:02:00 | Court: Overruled . . . they can be submitted. Appears to the court to be a political battle between the tribe and IRHA. |

Page 3

Not a verbatim transcript. Refer to audio ;   DOCUMENTS ATTACHMENT 2
PAGE 3 OF 10

```
CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI
```

| | |
|---|---|
| 09:03:19 | That's why a normal 10-minute FED has gone on for weeks. Fees and extensive briefing . . . Appears to the court I am going to have to rule on the issue if that tribal ordinance . . . I have an issue. There is a tribal ordinance that says here's how you get here. I have to deal with the legal issue of whether that ordinance is applicable and if they can do that. If it can apply to this. |
| | **Direct Examination by Walleri, continues** |
| 09:03:45 | Twofold: Almquist and clarify intent for the housing. To clarify under what conditions people could be evicted, the reasons and to bring in line with . . . as long as the person is upholding their part of the agreement and not causing damage or injury, their right should be . . . |
| 09:05:19 | **Cross Examination by Aschenbrenner** |
| 09:06:02 | **Admitted Exhibit(s) 12** |
| 09:06:30 | Court questions Re: Question on Title |
| 09:06:59 | Court: That doesn't create a cloud on the title. The tribal stuff: Does this ordinance apply? |
| 09:07:41 | Walleri: *Walleri v. Seattle Home Loan* . . . Always been upheld. Permit an action for whistle blowing. Congress does this all the time. |
| 09:08:30 | Court: Issue is can it legally . . . do not see that as saying I don't have jurisdiction. |
| 09:08:43 | Walleri: Jurisdiction is more focused on a different element. Under NAHASDA (ph) the tribe is the beneficiary by statute. |
| 09:09:05 | Court: There is no dispute. That doesn't deprive the district court of its authority. |
| 09:09:23 | Walleri: Yes, it does. They have to be joined. |
| 09:09:30 | Court: We have gone for three weeks and you want to make an argument that now the plaintiffs need to join the tribe? |
| 09:09:46 | Walleri: Raised in the second hearing. IRHA raised ownership, and I remember getting up and saying I don't mean to complicate but there is an issue of title. Court wanted legal basis which was provided recently. Tribal ordinance is a separate issue. |

Page 4         Not a verbatim transcript.   Refer to audio     DOCUMENTS ATTACHMENT 2
                                                               PAGE 4 OF 10

JUN-28-2006 11:36                                    98%                       P.10

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

|  |  |
|---|---|
|  | The tribe is the beneficial owner of this property.<br>The funds.<br>The underlying fee interest.<br>Beneficiary under the statute. If you are beneficiary, you have a legal interest. |
| 09:10:58 | Court: Why can't the FED go forward? |
| 09:11:05 | Walleri: Dispute here that the grant recipient has one position as to property, and the tribe has an entirely different. |
| 09:11:28 | Court: Has been expressed in briefing and testimony of Miller. |
| 09:11:42 | Walleri: Issue of tribal law . . . there is a political dispute. Question is who controls. |
| 09:12:16 | **Cross Examination by Aschenbrenner, continues** |
| 09:12:25 | 10-04 . . . resolution . . . not accepting the triplex. We took one unit that had been vacated and left in a mess. |
| 09:13:25 | We went into the detail of financial cost of the triplex. |
| 09:13:42 | Not offhand. I know we would have problems with insurance. |
| 09:14:20 | IRHA had checked into for us and told us the costs at that time. |
| 09:14:37 | Aschenbrenner: If Mr. Miller were here would ask more questions, 6, 12, 13 and 14 . . . |
| **09:15:00** | **Admitted Exhibit(s) 6, 12, 13, 14** |
| 09:15:05 | Witness Excused |
| 09:15:25 | **Witness Sworn/Affirmed: Steve Ginnis**<br>Fairbanks<br>Executive Director - IRHA |
| 09:16:12 | **Direct Examination by Aschenbrenner** |
| 09:16:17 | NAHASDA funds . . . no, sir. |
| 09:16:28 | This facility was filled with . . . not a cast unit. |
| 09:16:49 | Had it been we would have had a subsidy. |
| 09:16:56 | There is no funding like that. |
| 09:17:06 | Only option would have to come out of unrestricted fund balance. |
| 09:17:17 | Is an issue because our unrestricted fund balance is a rainy day account. If you drain that you create serious problems for the organization. |
| 09:17:39 | Exhibit 6 . . . |
| 09:18:08 | Dot Lake was one village throughout the whole region that I have met with numerous times, over the triplex and the homes we have there under management. |

Page 5

Not a verbatim transcript. Refer to audio

DOCUMENTS ATTACHMENT 2
PAGE 5 OF 10

JUN-28-2006 11:37                                98%                          P.11

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

| | |
|---|---|
| 09:18:32 | To suggest there is a political rift, I do not think is correct. I do not view it that way. |
| 09:18:50 | It is true in our discussions with Mr. Miller, the president of Dot Lake, I have talked to him I don't know how many times regarding this triplex. |
| 09:19:14 | Catering to him to help me work out a solution. |
| 09:19:25 | Exhibit 13 . . . yes, pooling of funds to build. |
| 09:20:22 | No, not aware of any kind of law or ordinance that would . . . my understanding of NAHADA is we are the designated housing authority on behalf of Dot Lake. |
| 09:21:21 | A partnership in working out programs for each prospective village. |
| 09:21:36 | All directed by the tribe. |
| 09:21:41 | We are obligated to carry out. |
| 09:21:48 | **Voir Dire by Court** |
| 09:21:51 | I am not saying we are agreeing. |
| 09:24:02 | The council was making a statement that clearly this is a political rift. Not from my perspective. It is a legal question that is being talked about. |
| 09:24:23 | From my perspective . . . at the beginning of my job with IRHA, that Dot Lake was one community, I don't know how many times I have been there. |
| 09:24:53 | I don't view it that way. |
| 09:24:56 | Oh, yes, have different opinions. |
| 09:25:03 | **Cross Examination by Walleri** |
| 09:25:06 | I have a real heartburn over that. |
| 09:25:15 | I wasn't around when this was built. |
| 09:25:21 | Would have made sense they did a feasibility study. |
| 09:25:30 | No, not the executive director at the time. |
| 09:25:37 | Not that I am aware of. I haven't found anything. |
| 09:25:57 | NAHASDA funding . . . yes, that is something we have discussed with Miller. |
| 09:26:27 | Utilize your specific block grant to undertake this facility. |
| 09:26:43 | The way we work with our tribes is through authorize and resolution. |
| 09:27:17 | Village wants rehab or construction . . . through resolution. |
| 09:27:30 | Budget. Then goes back to them. They pass through. Once approved, that is our marching orders. |
| 09:27:48 | Oversight is done through meeting with the tribe, given us the directive of what they want done in that community. |
| 09:28:27 | I don't know. I have never encountered a resolution of any tribe, other than a resolution that might govern the idea of local hire and setting the wage for the community. Have seen other resolutions you might be referring to. |
| 09:29:13 | Yeah, this is the first time, this ordinance was passed by the tribe. Was the first I have seen an ordinance like that. |
| 09:29:35 | No, IRHA does not have a policy. |

Page 6

Not a verbatim transcript.   Refer to audio

DOCUMENTS ATTACHMENT 2
PAGE 6 OF 10

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

| | | |
|---|---|---|
| 09:29:43 | | Witness Excused |
| 09:29:48 | COURT: | How do we want to do this?<br>No further argument, could well issue a ruling.<br>Oral argument can be supplied by 1:30 and court will rule by 2:15. |
| 09:30:49 | | Court and counsel discuss scheduling. |
| 09:31:22 | COURT: | Yes, if you weren't raising legal arguments, I would find this is a month-to-month tenancy, good cause does exist and your client would be out.<br>Normally a single mother with three kids, including a young one, would be out in a week. |
| 09:32:17 | | You have raised legal issues.<br>I don't find an issue of cloud of title, initially.<br>Everyone agrees on the basic status. Tribe owns; they lease to IRHA and has a beneficial interest. |
| 09:32:53 | | Thing court finds is does 24 CFR . . . good cause.<br>If find tribal ordinance is applicable, clearly it has that affect.<br>I am uncomfortable with the difficult issue of whether I can find that ordinance controlling. |
| 09:33:37 | | At first blush it is meant to control this court's decision.<br>Testimony of Miller makes it more clear.<br>Issue is because they are the owners of the land, the beneficiaries, seems to me they are meant to be the beneficiaries of the building.<br>Raises issues of can they pass?<br>They have passed.<br>Can it be applicable to this triplex? An issue I am not clear on. |
| 09:34:47 | | Aschenbrenner has briefed to the extent . . .<br>Not say is expo facto.<br>You're arguing that once the lease was issued the tribe tendered the authority under landlord tenant . . .<br>Tribe now is trying to put on IRHA and its ability to make economic decisions. |
| 09:35:48 | | Could well be it is not a viable institution.<br>Sounds like it is cheap housing.<br>The tribe doesn't want to take it over.<br>Can the tribe force IRHA to continue to rent a building that is financial unviable for them?<br>Testimony today is they made a financial decision.<br>Tribe doesn't want it. |

Page 7

Not a verbatim transcript. Refer to audio   DOCUMENTS ATTACHMENT 2
PAGE 7 OF 10

JUN-28-2006  11:37                        98%                       P.13

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

|  |  |
|---|---|
|  | They want it continued rented to Almquist. |
| 09:36:46 | Does the tribal order apply?<br>Do not find any of the other issues nearly as compelling.<br>Court is not convinced 24 CFR . . . |
| 09:37:16 | Preliminary thoughts.<br>Both sides give me what they want in writing by 1:30; I will rule by 2:15. |
| 09:37:40 | Need to have decision out today. |
| 09:37:54 | Court and counsel discuss scheduling. |
| 09:38:22 | Parties agree to filing argument by fax |
| 09:39:46 | **COURT:** I don't see a factual dispute.<br>Think is application of the legal . . .<br>Aschenbrenner wins in terms of a basic FED.<br>Walleri has raised complex legal issue. |
| 09:40:20 | Aschenbrenner: Objected to Walleri . . . of the ordinance. |
| 09:40:35 | **COURT:** I understand. |
| 09:42:29 | Court is recessed |

TO OTHER MATTERS AND BACK TO THIS CASE

Page 8

Not a verbatim transcript. Refer to au  DOCUMENTS ATTACHMENT 2
PAGE 8 OF 10

JUN-28-2006  11:37                                    98%                          P.14

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

*Clerk change to Erickson*

| | |
|---|---|
| 02:27:51 | Court is reconvened |
| | **COURT:** my morning trial needed to be split because of prior commitments by an Anchorage lawyer... |
| | I won't grant the FED. There was an initial lease, then month to month tenancy, then they could for limitations of good cause grant it. The court finds good economic reasons for IRHA to make the decision. Except the court finds the case is controlled by the tribal ordinance I would have granted an eviction a week from today... I normally grant evictions w/in 48 hours... When there are young children the court would grant a week to vacate. If this were a normal case that would be the end of it except for complex legal issues... as to the court's jurisdiction which I always have to look at. |
| 02:29:58 | I looked Koponick vs. AVC Regional Housing when there is an equitable interest by the tenant, clearly a lack of jurisdiction. In this case the equitable interest is the tribe and I do not find that equitable interest a bar to the court's jurisdiction to find proceed w/ an FED. |
| 02:30:35 | To deal w/ and make some legal rulings since the parties have gone this far... I don't find any bar by Mr. Corghill not receiving any notice. He wasn't renting it. After the initial lease w/ him it was clear there was a deal w/ Ms. Almquist and not him... I do find a legitimate business and economic interest in terminating the tenancy and the court finds that however presented it must comply w/ tribal law if tribal law applies. |
| 02:31:36 | Appears the Dot Lake tribal ordinance on it's face requires the court to take the more restrictive view of good cause set forth in 966 and that under the more restrictive good cause meaning, that causes the court to— while it normally would find reasonable economic reasons to-- as far as I can tell neither the tribe or IRHA wants it because it cannot be financially viable to keep it open. I do agree that given an FED is a summary proceeding and given whether any serious legal issue is raised the court has to take the very restrictive view given the effect. The arguments raised by Mr. Aschenbrenner are serious in terms of IRHA, in good faith negotiated w/ them to manage the property and there was clearly no history of efforts by anyone to enter the realm by tribal law of controlling IRHA housing, however I don't think that's a bar of them doing it. |
| 02:33:40 | I agree w/ Mr. Aschenbrenner's analysis, I don't find that IRHA in general is a public housing entity that would require them to have the more restrictive reading of good cause and while I may be troubled w/ saying something in court and have the tribe try to fill in the blanks the next day, I don't find that Dot Lake is estopped by doing so w/ pending litigation. Therefore |

Page 9

Not a verbatim transcript. Refer to audio   DOCUMENTS ATTACHMENT 2
PAGE 9 OF 10

CD: 4FA2106-43
Date: June 14, 2006
Case: 4FA-06-04121 CI

|  |  |
|---|---|
|  | to the extent this court has to rule on the FED, the FED would have been granted had not the tribal counsel passed the ordinance and to the extent that is important for either side's appeals, then I went through these findings. I am convinced the more restrictive reading of 966 would not apply to this building... |
|  | This was the most interesting and most difficult FED in 8 years... |
| 02:36:10 | This case seemed to be more complex every day. |
| 02:36:28 | Off record |

Page 10                    Not a verbatim transcript.  Refer to audio

DOCUMENTS ATTACHMENT 2
PAGE 10 OF 10

JUN-28-2006  11:38                                  98%                    P.16