Aug-21-03  10:55am  From-IRHA ACCOUNTING          8074522114         ;907 663 1114         T-220  P.002/006  F-476

# IRHA LANDLORD-TENANT RENTAL CONTRACT

Part A of Rental Contract:
Contract Information

1. **Contents of Contract.** The contract consists of:

Part A: Contract Information

Part B: Contract Addendum

Part C: The following additional provisions (as required by IRHA): Specify any additional provisions, e.g., by designating any exhibits or attachments to the Rental Contract.)

_____

_____

_____

2. **Parties to Rental Contact.**

Tenant  Jason Corgill

Owner  Interior Regional Housing Authority

3. Name of Housing Agency.  Interior Regional Housing Authority

4. **Unit Rented.** This is a rental agreement for the following dwelling unit:

Address  General Delivery

Apartment  Apartment #2

City  Dot Lake

5. **Members of Household.**

The following persons may reside in the unit. No other persons may reside in the unit without prior written approval by the IRHA.
- Jason Corgill
- Barbara Almquist
- Revyn Almquist-Corgill
- Rhiannon Felix

6. **Term of Rental**

The initial term begins on the 1st of the month, **SEPTEMBER**

7. **Automatic Renewal**
After the initial term, the rental term shall renew automatically as follows:

Monthly unless terminated with 30 days prior notice by either party.

8. **Rent**
Tenant Rent:

The tenant agrees to pay the monthly tenant rent by the first day of each month.

The IRHA will determine the amount of the tenant rent during the lease term in accordance with IRHA requirements. The amount of the tenant rent is subject to change during the lease term.

The initial tenant rent is $360.00

9. **Utilities and Appliances.**

The IRHA shall provide or pay for the utilities and appliances as indicated below by an "X" without any additional charge to the tenant. The tenant shall provide or pay for the utilities and appliances as indicated below by an "X".

| Item | Provided by IRHA | Paid by Tenant |
|---|---|---|
| Heating Oil | X | |
| Electricity | | X |
| Water | X | |
| Sewer | X | |

10. **Security Deposit.**

The security deposit is  $0
The tenant will pay the security deposit to the IRHA.

DOCUMENTS ATTACHMENT  B
PAGE  1  OF  5

PLAINTIFF
EXHIBIT NO. 7
ADMITTED ☐
4FA-06-1421CI
(CASE NUMBER)

# IRHA LANDLORD-TENANT RENTAL CONTRACT

## Part B of Rental Contract: Lease Addendum

1. **Recital.**
This agreement is a lease between the tenant and the IRHA. The IRHA is leasing the unit to the tenant for occupancy by the tenant's family.

2. **Lease.**

The lease has been approved by the IRHA. The lease may not be revised unless any lease revision has been approved in writing by the IRHA.

3. **Use of Unit.**

   a. During the lease term, the family will reside in the unit.

   b. The members of the household must be approved by the IRHA. Additional persons may not be added to the household without prior written approval of the IRHA.

   c. The unit may only be used for residence by the approved household members.

   d. The tenant may not sublease or let the unit.

   e. The tenant may not assign the lease or transfer the unit.

4. **Rent.**

   a. The amount of the rent shall be determined by the IRHA.

   b. The amount of the tenant rent shall be determined by the IRHA. The amount of the tenant rent may change during the term of the lease by IRHA notice to the tenant. Any changes in the amount of the tenant rent will be effective on the date stated in the notice.

   c. The tenant rent as determined by the IRHA is the maximum amount the owner can require the tenant to pay as rent for the unit including all housing services, maintenance, utilities, and appliances to be provided and paid by the owner in accordance with the lease.

5. **Other Fees and Charges**
Rent to owner does not include cost of any repairs or supportive services which may be provided by the IRHA.

6. **Maintenance, Utilities, and Other Services**

   a. Maintenance.
      (1) The owner must maintain the unit and premises in accordance with the Alaska Landlord Tenant Act.
      (2) The owner is not responsible for damages beyond normal wear and tear caused by any member of the household or guest.

   b. Utilities and Appliances.
      (1) The owner must provide all utilities needed in working order.
      (2) The owner is not responsible for a breach of any utility service caused by the tenant's failure to:
         (a) Pay for any utilities that are to be paid by the tenant.
         (b) Provide and maintain any appliances that are to be provided by the tenant.

7. **Termination of Tenancy by IRHA**

   a. Requirements. The owner may only terminate the tenancy in accordance with this agreement.

   b. Grounds. During the initial term of the Rental Contract or during any removal term, the IRHA may only terminate the tenancy because of:

      (1) Serious or repeated violations of the Rental Agreement.

      (2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises.

      (3) Criminal activity (as provided in paragraph C, or

      (4) Other good cause (as provided in paragraph D.

## IRHA LANDLORD-TENANT RENTAL CONTRACT

c. Criminal Activity

(1) The IRHA may terminate the tenancy if any member of the household, a guest or another person under the tenant's control commits any of the following types of criminal activity:
   (a) Any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents;
   (b) Any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by persons residing in the immediate vicinity of the premises, or
   (c) Any drug-related criminal activity on or near the premises.

(2) The owner may terminate the tenancy if any member of the household engages in any of the following types of activity:
   (a) Fleeing to avoid prosecution, or custody or confinement after conviction, for a crime, or attempt to commit a crime, that is a felony under the laws of the place from which the individual flees, or
   (b) Violating a condition of probation or parole under Federal or State law.

d. Other good cause for termination of tenancy

(1) During the first year of the initial rental term, other good cause for termination of tenancy must be something the family did or failed to do.

(2) During the initial term of the rental or during any renewal term, other good cause includes:
   (a) Disturbance of neighbors,
   (b) Destruction of property, or
   (c) Living or housekeeping habits that cause damage to the unit or premises.

(3) After the first month of rental contract, such good cause includes:
   (a) The tenant's failure to accept the IRHA's offer of a new rental contract of revision;
   (b) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the IRHA's desire to rent the unit for a higher rent).

e. Eviction by court action. The IRHA may only evict the tenant by a court action.

f. IRHA notice of grounds

(1) At or before the beginning of a court action to evict the tenant, the IRHA must give the tenant a notice that specifies the grounds for termination of tenancy. The notice may be included in or combined with any other IRHA eviction notice.

(2) Eviction notice means a notice to vacate, or a complaint or other initial pleading used to begin an eviction action under State or local law.

8. Offer of New Rental Agreement.
The IRHA may offer the family a Rental Agreement, for a term beginning at any time after the initial term. The IRHA must give the tenant written notice of the offer at least 60 calendar days before the proposed beginning date of the new rental contract. The offer must specify a reasonable time limit for acceptance by the family.

9. Lease Termination or Move Out by Family
   a. The tenant may terminate the rental contract without cause at any time after the first month if the tenant notifies the owner at least 30 calendar days before the termination.
   b. The tenant must notify the IRHA before the family moves out of the unit.

**DOCUMENTS ATTACHMENT 8**
**PAGE 3 OF 5**

## IRHA LANDLORD-TENANT RENTAL CONTRACT

10. **Treatment of Personal Property**
Tenant agrees to disposition of personal property left in the unit after the tenant has moved out. The owner may dispose of this property in accordance with State and local law.

11. **Security Deposit**
   a. The IRHA may collect a security deposit from the tenant.

   b. When the moves out of the unit, the IRHA, subject to State and local law, may use the security deposit, including any interest on the deposit, as reimbursement for any unpaid tenant rent, any damage to the unit or any other amounts that the tenant owes under the rental contract.

   c. The IRHA must give the tenant a list of all the items charged against the security deposit, and the amount of each item. After deducting the amount, if any, used to reimburse the owner, the IRHA must promptly refund the full amount of the unused balance to the tenant.

   d. If the security deposit in not sufficient to cover amounts the tenant owes under the rental contract, the IRHA may collect the balance from the tenant.

12. **Notices**
Any notice under this lease by the tenant to the IRHA or by the IRHA to the tenant must be in writing.

13. **Definitions**

**Family.** The persons who may reside in the unit under the program.

**IRHA.** Interior Regional Housing Authority

**Premises.** The building, including grounds.

**Rent to IRHA.** The total monthly rent payable to the owner for the unit.

**Rental contract.** The rental contract by the IRHA to the tenant. The rental contract includes the rental contract addendum.

**Rental contract addendum.** Part B of the rental contract.

**Tenant.** The family member who leases the unit from the owner.

**Tenant rent.** The portion of the contract rent payable by the family, as determined by the IRHA.

**Unit.** The housing unit rented by the tenant.

14. **Integration clause.**

The contract together with any attachments addended hereto as Part C constitutes the entire agreement of the parties. No other document shall be construed to constitute part of this agreement unless added to Part C by agreement of the parties and written notification of the addition. Any document deleted from Part C will be so identified in writing and that notification will be added to part C.

15. This contract is to be interpreted in accordance with the laws of the State of Alaska. All parties agree to litigation in the Alaska state court of proper venue and jurisdiction. Alaska law shall control any outcome. All Alaska landlord-tenant laws including procedures for forcible entry and detainer are incorporated by reference.

Signatures:

Tenant:                                                    Owner:

JASON CORGILL                                              _____
Print or Type Name of Tenant                               Print or Type Name of Tenant

*[signature]*                                              _____
Signature                                                  Signature

8·22·03                                                    _____
Date                                                       Date

DOCUMENTS ATTACHMENT 8
PAGE 4 OF 5

## IRHA LANDLORD-TENANT RENTAL CONTRACT

**11. Other IRHA charges.**
Insert description of any other IRHA charges that may be assessed for items not included in rent.

_____
_____
_____
_____
_____
_____
_____
_____

INTERIOR REGIONAL HOUSING AUTHORITY

### 2005 Preliminary Construction Schedule

Allakaket – 4 new homes, 3 home rehabs
Beaver – 6 home rehabs for water sewer upgrade
Evansville - Relocate 1 Trailer
Fairbanks – 14 new homes, 15 home rehabs
Grayling – 5 home rehabs
Holy Cross – 1 new home
Huslia – 6 new homes Title VI Program, 1 Self Help
Kaltag – 1 new home, plan for multiple new construction in 2006
Koyukuk – 3 home rehabs
Minto – 1 new unit
Nikolai – 5 home rehabs
Northway – plan for multiple new construction in 2006
Shageluk – 2 home rehabs
Tetlin – 10 home rehabs
Tok – 1 new home

### Tribal Partner Activity

(Allakaket) On August 4, 2004 myself and Wilmur Beetus met with the Allakaket Traditional Council to discuss future housing plans and the Title VI Program. The Allakaket Traditional Council has decided to continue with their previous new construction project started in 2001 of four new homes. If additional funding is needed Allakaket has agreed to use the Title VI Loan Guarantee Program.

(Dot Lake) Steve and Pete met with the Dot Lake Council September 23, 2004 to discuss turning the Dot Lake Triplex over to the Dot Lake Council. Currently under IRHA management the Triplex does not produce enough revenue to maintain itself. Spending NAHASDA funds to maintain a NAHASDA unit is not an eligible activity. The Dot Lake Council has agreed to take over this unit and maintain it at a local level. Approval from the IRHA Board of Commissioners will need to be obtained before any further steps to put the unit into disposition are taken.

Discussion also took place about disposing of another unit in Dot Lake. This is a single family home and IRHA will need BOC approval before any further steps are taken.

(Grayling) 5 Rehabs and 1 Self Help project are currently underway in Grayling.

(Holy Cross) 1 new construction project is currently underway in Holy Cross.

(Huslia) The Huslia new construction Title VI project has been approved by HUD. The next step is to receive a Preliminary Letter of Acceptance (PLA) from the HUD Office of Loan Guarantee. The PLA is the OLG's concurrence to proceed with the proposed Title VI

INTERIOR REGIONAL HOUSING AUTHORITY

application. With the PLA, the OLG will issue a Title VI case number and reserve the requested guarantee authority (funds). Everything still looks good to start this project in 2005.

In November 2004 IRHA will meet with the Huslia Traditional Council to review the floor plans for the new construction projects and take community comments.

**(Kaltag)** This years projects in Kaltag consisted of 2 Self Help projects. During 2005 IRHA will continue to plan for Kaltag's Title VI new construction projects. The Kaltag Council has agreed to use their funding to pursue a Title VI loan.

**(Koyukuk)** This years projects in Koyukuk consisted of 2 rehab's. IRHA will continue with Koyukuk's 5 year plan of home rehabilitation in 2005.

**(Manley)** The new construction project in Manley is well underway and is expected to be complete by the middle of October.

**(Minto)** The new construction of one new home in Minto is almost complete. Minto's 5 year plan consist of new housing. IRHA will continue to plan for these projects in 2005.

**(Nenana)** IRHA has successfully entered into a contract with the Nenana Native Council to build 2 out of the 3 homes in Nenana. All homes are currently underway and IRHA is still pursuing the last contract.

**(Nikolai)** In August Steve and Pete met with the Edzeno Native Village Council to discuss future housing projects in Nikolai. The Council has identified home rehabilitation as the housing need in the community. IRHA will continue to plan for these projects in 2005.

**(Northway)** A meeting was scheduled in Northway for September 24, 2004 but was canceled. As soon as another meeting can be scheduled we'll meet with the Council to discuss housing projects and the possibility of using the Title VI program in Northway.

**(Shageluk)** This year's projects in Shageluk consisted of two rehabs. IRHA will continue with Shageluk's 5 year plan of home rehabilitation in 2005.

**(Takotna)** 1 new home has been completed in Takotna and the new homeowner has been moved in.

**(Tetlin)** We had one rehab project in Tetlin this year. Tetlin has agreed to use the rest of their funding to rehab homes in Tetlin that are in need of foundation repairs.