**ORIGINAL**

Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907)-456-8064
Attorneys for Plaintiff

**RECEIVED**

JUN 2 9 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity, <br><br> Plaintiff, <br><br> vs. <br><br> BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities, <br><br> Defendants. | Case No. 4:06-CV-00018 RRB |

### AFFIDAVIT OF STEVE GINNIS

STATE OF ALASKA        )
                       ) ss.
FOURTH JUDICIAL DISTRICT )

I, Steve Ginnis, being first duly sworn upon oath, depose and state as follows:

1. I am the Executive Director of the Interior Regional Housing Authority, the Plaintiff in this action. I am making this affidavit in support of IRHA's motions for temporary restraining order and preliminary injunction in this case.

2. I have personal knowledge of the facts contained in this affidavit.

3. IRHA is a public corporation, organized as a public body under AS 18.55.995 – 998 and specifically AS 18.55.995, vested with the authority, *inter alia*, to provide housing services in Alaska, including expenditure of federal funds for that purpose under the Native American Housing Assistance and Self-Determination Act (NAHASDA) 25 U.S.C. Sec. 4101, et seq. (1996).

4. IRHA was formed in 1974 along with thirteen other Alaskan housing authorities to administer programs of the U.S. Department of Housing & Urban Development (HUD) throughout the state. IRHA serves Indians enrolled to tribes and village corporations in the Doyon Region, encompassing remote traditional villages, and Alaska's second largest city, Fairbanks.

5. Plaintiff IRHA is a Tribally Designated Housing Entity (TDHE) and Indian Housing Authority under NAHASDA; see definitions at Sec. 203(21)(B)(ii), 25 U.S.C. Sec. 4103(21)(B)(ii) which provides that "an entity established – [] by operation of State law providing specifically for housing authorities ... including housing authorities in the State of Alaska" is a tribally designated housing entity.

6. IRHA's status as such is reflected in official Department of Housing and Urban Development records. See http://www.hud.gov/offices/pih/ih/codetalk/onap/map/ak.cfm.

7. IRHA's principal place of business is located at 828 27th Avenue, Fairbanks, Alaska.

8. IRHA owns and operates a triplex in Dot Lake, Alaska.

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

Affidavit of Steve Ginnis
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

9. One of my principal concerns as Executive Director is to maintain the solvency of the organization by tracking underachieving projects, in which the expenses are greater than income and making plans to close or otherwise financially rehabilitate these projects.

10. The Dot Lake triplex is one of these projects. The Dot Lake Triplex was built with NAHASDA funds that were pooled from five villages in this subregion of the Doyon region. Doc. Att. 6 and 7 are internal IRHA documents prepared in the course of building the project. They show that Dot Lake's contribution was their $50,000 allocation for FY 1998. Other villages in the subregion contributed $320,000, as shown on these documents.

11. When the building was constructed, the Dot Lake Tribal Council entered into a ground lease with IRHA.

12. In 2004 IHRA conducted a review and analysis of the financial viability of continuing to rent out the Dot Lake Triplex and concluded that it could no longer do so; IHRA receives no funds or subsidies for continued operation of this facility and must use its unrestricted funds to operate the triplex. In short, IRHA is obliged to use funds that should benefit all of the tribal members and shareholders in the Doyon region to cover losses from one triplex. The responsible alternative is to transfer the building or surrender the lease, or shut it down until a financial solution to the problem can be arrived at.

13. IRHA contacted the Dot Lake Tribal Council to see if it had any interest in or taking title to the triplex. According to Doc. Att. 9, on October 4, 2004 Dot Lake went on record as recognizing that "IRHA is wishing and Dot Lake Tribal Council is wanting to take ownership and management over of the Dot Lake Triplex ..." and the resolution concludes that "The Dot Lake Tribal Council is authorizing the Interior Regional Housing Authority to

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

convey to the Dot Lake Tribal Council the Lot Lake Triplex ... " and for its part IRHA resolved on October 27, 2004 that "IRHA is wishing and the Dot Lake Tribal Council is wanting to take ownership and management over the Dot Lake Triplex ... " with the conclusion that "The Interior Regional Housing Authority Board of Commissioners is authorizing the Executive Director to convey to the Dot Lake Tribal Council the Dot Lake Triplex."

14. Later the Dot Lake Tribal Council withdrew from its agreement to take the triplex.

15. At that time, IRHA began to evict the only tenant in the triplex, Defendant Barbara Almquist, who is also enrolled to Dot Lake and an employee of the Dot Lake Tribal Council. IRHA filed its FED action against her in state District Court, Case No. 4FA-06-1421 CI, *IRHA v. Almquist* on March 30, 2006. Attorney Michael Walleri represented her in state court.

16. Defendant Almquist took a variety of positions, as hearings stretched over four days; May 18, May 23, May 30 and June 14. Ultimately, on or about June 1, 2006, Almquist's attorney, Mr. Walleri, prepared what was titled "Ordinance No. 06-01-01" and which he offered as a tribal order to stop the eviction and which the state District Court accepted as such an order. Doc. Att. 1. Ms. Almquist didn't offer the ordinance as evidence and didn't ask for judicial notice to be taken of the ordinance.

17. In the course of doing business IRHA files eviction and ejectment actions and also sues former tenants for rent and damages to the premises, among other causes of action.

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

For example, IRHA plans to file an ejectment/eviction action early in July in Fairbanks Superior Court in an unrelated case.

18. I am informed by my counsel that IRHA has 17 pending collection actions for unpaid rent and damages in state courts in various stages as well as another 53 cases pending for legal review.

19. The Rental Contract that applies to Defendant Almquist's tenancy (Doc. Att. 8, IRHA Landlord-Tenant Rental Contract) provides in Part B-7-d (3) that "After the first month of rental contract, such good cause includes ... (b) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the IRHA's desire to rent the unit for a higher rent)." As quoted below, the state court found that there were "good economic reasons for IRHA to make the decision [to evict]."

20. This is consistent with NAHASDA Sec. 207(a)(5), Sec. 4137(a)(5), which section is titled "Lease requirements and tenant selection," and which reads in pertinent part as follows:

> (a)   Leases. --- Except to the extent otherwise provided by or inconsistent with tribal law, in renting dwelling units in affordable housing assisted with grant amounts provided under this Act, the owner or manager of the housing shall utilize leases that ---
> (5)   require that the owner or manager may not terminate the tenancy, during the term of the lease, except for serious or repeated violation of the terms or conditions of the lease, violation of applicable Federal, State, tribal, or local law, or *for other good cause*; (emphasis supplied)

21. IRHA can close, demolish or dispose of the building and the HUD regulations make this clear. 24 CFR Sec.1000.134 provides for the circumstances in which a "recipient (or entity funded by a recipient) demolish or dispose of current assisted stock."

Affidavit of Steve Ginnis
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

(a) A recipient (or entity funded by a recipient) may undertake a planned demolition or disposal of current assisted stock owned by the recipient or an entity funded by the recipient when:
(1) A financial analysis demonstrates that it is more cost-effective or housing program-effective for the recipient to demolish or dispose of the unit than to continue to operate or own it;

22.     However Section 3 of the tribal ordinance adopted as Ordinance No. 06-01-01 states: "[T]he term 'good cause' shall mean the tenants act or failure to act causing harm to the premises, personal property or rights of other tenants, tribal members or the general public, including the quiet enjoyment of real property by other tenants, or adjacent land owners." In short, "good cause" means bad tenant behavior and does not include the landlord's operating losses; this is the practical effect of Ordinance No. 06-01-01.

23.     I attended the June 14th eviction hearing in state District Court and I testified as to the "good cause" for termination of Ms. Almquist's tenancy under NAHASDA. Mr. Walleri argued that Ordinance No. 06-01-01 barred Ms. Almquist's eviction from the triplex, and provided a rule of decision for the District Court. The ordinance states that "This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance." Doc. Att. 1, p. 3, Sec. 7.

24.     At that time IRHA's attorney challenged the ordinance as "manufactured evidence" and Mr. Walleri admitted that it was when he said he had been responsible for "creative drafting" of Ordinance No. 06-01-01.

25.     The Court ruled that: "I won't grant the FED. There was an initial lease, then month to month tenancy, then they could for limitations of good cause grant it. The court

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

Affidavit of Steve Ginnis
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 6

finds good economic reasons for IRHA to make the decision. Except the court finds the case is controlled by the tribal ordinance I would have granted an eviction a week from today ... ." Doc. Att. 2, Page 9.

26. I have made inquiries and learned that there are at this time only two seats on the tribal council that had been filled. There may be as many as three vacancies.

27. IRHA's attorney and staff inquired with the BIA regarding the tribal council and found that it appears that the Village of Dot Lake does not have a properly executed constitution on file with the BIA; therefore, Ordinance No. 06-01-01 is invalid.

28. However, the real, irreparable and immediate injury to IRHA is this: If a tribe can adopt an ordinance or order that overrides federal housing law and regulations, then any tribal council can stop an eviction of a tribal member by passing a tribal ordinance in the middle of an FED or eviction case or stop a collection action based on unpaid rent or damages to premises. And the tribe would not even have to make itself a party to the eviction or collection lawsuit in order to direct a result that it felt was favorable to the tribal member.

29. What the state court has done is to conclude that Dot Lake can enforce a tribal ordinance that *subtracts* from the landlord's grounds for eviction. Or to put it another way, Congress explicitly gave tribes the power to add additional grounds to terminate a lease, but at the same time the court has ruled that Congress implicitly wants to see tribes have the power to *reduce, narrow or negate* grounds for lease termination based on the landlord's operating losses, in this case.

30. IRHA is entitled declaratory relief declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that IRHA and all Defendants are bound

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910  Fax: 907-456-8064

by federal law; i.e., NAHSADA Sec. 207 and 25 USC Sec. 4137, and that any tribal law which negates, undermines or restricts the rights of IRHA cannot be applied or is preempted by federal law.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Affidavit of Steve Ginnis
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 8

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Steve Ginnis

SUBSCRIBED AND SWORN TO before me this 27th day of June, 2006.



_____
Notary Public in and for Alaska
My Commission Expires: 09/21/09

ASCHENBRENNER LAW OFFICES, INC.
P.O. Box 73998, Fairbanks, AK 99707
Phone: 907-456-3910 Fax: 907-456-8064

Affidavit of Steve Ginnis
*IRHA v. Almquist, et al.*
Case No. F-06-_____ CI
Page 8