Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Defendant Almquist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>      Plaintiff,<br><br>v.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE, aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MIILER, CHARLES P. MILLER, AND JOHN DOES NO 1-3, all in their official capacities.<br><br>      Defendants. | **MEMORANDUM IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND IN SUPPORT OF CROSS MOTION FOR DISMISSAL**<br><br><br>Case No. 4:06-cv-0018-RRB |

  This is a frivolous action by a tribally designated housing authority seeking to declaratory and injunctive relief against an Indian tribe and a Native American tenant of low income housing from asserting any rights that the tenant may have under a tribal landlord-tenant ordinance. The Court should deny the motion for a temporary restraining order and dismiss the complaint.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                         Page 1 of 17
Memo: Op. to TRO & Support Dismissal

I.   BACKGROUND.

a.   <u>The Parties.</u> Barbara Almquist is a Native American woman, who lives, together with her three children, in Dot Lake, Alaska. The Village of Dot Lake (hereinafter referred to as the "Tribe") is a federally recognized Indian tribe[1] located on the Alaska Highway, 50 miles northwest of Tok, and 155 road miles southeast of Fairbanks.[2] Interior Regional Housing Authority (IRHA) is a tribally designated housing entity (TDHE) operating low income housing programs under the terms of the Native American Housing Assistance and Self-Determination Act (NAHASDA) [25 USC 4101 et. seq.] under the authority and designation of the Village of Dot Lake, and other Indian tribes located in Interior Alaska (i.e. the Tanana Chiefs/Doyon Region).[3]

b.   <u>Summary of Pre-Litigation Facts.</u> Sometime after 2000, IRHA build a tri-plex in Dot Lake, Alaska on land leased from the Tribe.[4] IRHA On August 22, 2003, IRHA entered into a lease with Jason Corgill and Barbara Almquist to rent a

---

[1] Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs 70 Fed. Reg. 71194 (Friday, November 25, 2005)
[2] State of Alaska, DCCED Community Profiles at http://www.commerce.state.ak.us/dca/commdb/CF_BLOCK.cfm
[3] Aff't of Steve Ginnis (Attached as Plt. Exhibits to Memo) IRHA is also organized under the terms of AS 18.55.995
[4] Aff't of Steve Ginnis (supra.)

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                         Page 2 of 17
Memo: Op. to TRO & Support Dismissal

unit apartment in the Dot Lake tri-plex.[5] Near the end of 2003, Mr. Corgill moved out of the apartment, leaving Ms. Almquist and her two children and substantial arrearages in the apartment rent.[6] At this point, Ms. Almquist succeeded to the tenancy of the tri-plex, and paid the arrearages.[7] At all time relevant to this Federal and the State court proceedings, Ms. Almquist was current in the payment of her rent on the apartment.[8] There is no other housing available in the community, and if Ms. Almquist is forced to leave the premises, she will have to move to another community.[9]

Prior to building the tri-plex, IRHA did not do a feasibility study.[10] Sometime in 2004, IRHA conducted a review of the continuing financial viability of the Dot Lake Tri-plex and concluded that it would be financially better to terminate IRHA's operation of the facility.[11] IRHA attempted to transfer the facility to the tribe, but that effort was unsuccessful.[12]

---

[5] See Plt. Doc. 8 (Attached as Plt. Exhibits to Memo)
[6] Plt. Doc. 2, pp 1-2
[7] Id.
[8] Id.
[9] Id, at p. 2
[10] Id, at p. 6
[11] Aff't of Steve Ginnis (supra.)
[12] Id.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                 Page 3 of 17
Memo: Op. to TRO & Support Dismissal

      c.    <u>The State Court Proceedings</u> Two years after deciding that the facility should be shut down, in March 2006, IRHA filed a forcible entry and detainer (FED) action against Ms. Almquist in state court seeking her eviction. *IRHA v Almquist, Case No. 4FA-06-1421 (Ak- 4th Jud. Dist.)* At this point, Ms. Almquist was pregnant with her third child. In the ensuing three (3) months the State Court considered the matter, holding six (6) hearings and five (5) rounds of briefing.[13] During the course of the state court proceedings, the Tribe enacted a tribal land/lord tenant ordinance.[14] In substance, the ordinance only applies to low-income housing provided by the Tribe's TDHE under the terms of NAHASDA, and adopts the general rule contained in HUD regulations applicable to public housing authorities, that requires landlord to show some "bad" conduct by the tenant (e.g. failure to pay rent, maintenance of a nuisance, etc.) as a basis to evict the tenant.[15] The ordinance does not allow an eviction by a tenant from a tenancy merely for the economic or business reasons of the housing authority. Ultimately, the State Court denied the FED petition finding that the eviction would be inconsistent with tribal law.[16] On June 26, 2006, IRHA has filed a motion for reconsideration, which is pending before the State Court.[17]

---

[13] Def. Ex. A (State Ct. Docket Sheet)
[14] Plt. Doc. No. 1
[15] Id.  Compare  24 CFR 966.4
[16] Def. Ex. A
[17] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                   Page 4 of 17
Memo: Op. to TRO & Support Dismissal

    d. <u>These Federal Court Proceedings.</u>  On June 27, 2006, IRHA filed the complaint in this matter seeking declaratory and injunctive relief; i.e. 1) declaring that federal law (i.e. NAHASDA) pre-empts the tribal ordinance, 2) enjoining the defendants (Almquist and the tribe) from asserting or enforcing the tribal ordinance, 3) declaring the tribal ordinance invalid, and 4) enjoin all state and federal courts from extending comity to the tribal ordinance, 5) and awarding IRHA attorney fees and costs.  In pursuit of these goals, IRHA served a motion for temporary restraining order seeking to enjoin Defendants from asserting any rights under the tribal ordinance in state court, and to post a bond or security.

### II. Summary of Argument

  There are numerous problems with IHA's underlying action and present motion.  As a preliminary point, the Court should abstain from interfering with an on-going state court proceeding.  In addition to that , the most obvious defect is that the tribe is a necessary party and cannot be joined due to the tribe's sovereign immunity.  Alternatively, the Court should deny the motion for a temporary restraining order because IRHA has a low probability of success on the merits. That is to say, a tribally designated housing authority must comply with tribal law as a matter of applicable federal law (i.e. NAHASDA).  And finally, the Court should

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

deny the temporary restraining order because if fails to preserve the status quo, and the harm to Defendant Almquist is outweighed by the harm faced by the housing authority. As an aside, if the Court were to issue an injunction, there is no basis to order Ms. Almquist to post a bond; indeed, the Court should require IRHA to post a bond for damages that Ms. Almquist might incur.

### III. THE COURT SHOULD ABSTAIN FROM INTERFERING WITH AN ONGOING STATE COURT PROCEEDING.

The court should abstain from interfering with an ongoing state landlord tenant proceedings. In *Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791 (9th Cir. 2001)* tenants, landlords, and an association sued a City, alleging that a city ordinance requiring certificates of inspection of rental dwelling units was unconstitutional. Prior to the filing of the federal action, the City filed a civil action against the landlords in state court to seek enforcement of the ordinance. The Ninth Circuit held that the *Younger*[18] abstention doctrine required the Federal Court to

---

[18] *Younger v. Harris, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971).* As the Court in *Columbia Basin Apt. Ass'n* stated,
> In *Younger*, the Supreme Court "'espoused a strong federal policy against federal-court interference with pending state judicial proceedings.'" The Younger principle applies to civil proceedings, such as these, in which important state interests are involved. "'Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.' When the case is one in which the Younger doctrine applies, the case must be dismissed."). As a threshold condition to the above three

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                Page 6 of 17
Memo: Op. to TRO & Support Dismissal

dismiss the landlord from the federal action. In contrast, the federal court's consideration of the tenants' claims were stayed pending full resolution of the state court proceedings under the *Pullman* doctrine.[19]

The same considerations apply in this case: i.e. this Court should apply the *Younger* abstention doctrine and dismiss the landlord (IRHA) claims.

### IV. THE TRIBE IS A NECESSARY PARTY THAT HAS NOT BEEN PROPERTY JOINED AND IS INCAPABLE OF BEING JOINED.

Alternatively, dismissal in this case is mandated by the Ninth Circuit's decision in *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002) That case sought to challenge a hiring policy of a state chartered Agricultural District to comply with ordinances and law of the Navajo Nation providing for a tribal hiring preference policy, alleged to have been in

---

requirements, "Younger applies only when the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding."
268 F.3d , at 799 (citations omitted)

[19] 268 F.3d , at 801 citing *R.R. Comm'n v. Pullman Co., 312 U.S. 496, 85 L. Ed. 971, 61 S. Ct. 643 (1941)*. The Pullman abstention doctrine "is a narrow exception to the district court's duty to decide cases properly before it. Pullman allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law.'" Ms. Almquist may have counter claims against IRHA which may invoke federal jurisdiction. See generally, *Caulder v Durham Housing Authority (1970, CA4 NC) 433 F2d 998, cert den (1971) 401 US 1003, 28 L Ed 2d 539, 91 S Ct 1228*. However, as the Ninth Circuit has noted in *Columbia Basin Apt. Ass'n,* those claims must await completion of the state court action intiated by IRHA, and may, in fact be rendered moot if Ms. Almquist is successful.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                 Page 7 of 17
Memo: Op. to TRO & Support Dismissal

violation of Title VII.[20] The action arose, as in this case, on land leased from the tribe. In that case the Court held that the complaint should be dismissed because the Navajo Nation was an indispensable and necessary party that could not be joined because it enjoyed tribal sovereign immunity. As a result, the Court dismissed the complaint for failure to join an indispensable party.

The present case is near identical in that the land is leased by IRHA from the Village of Dot Lake. Additionally, the policy at issue is a policy set out in a tribal ordinance. Unlike the case in *Dawavendewa,* however, the tribe has been directly sued. Similar to *Dawavendewa,* however, the tribe possesses soveign immunity. On information and belief, it is understood by Almquist that the Village of Dot Lake has not consented to be sued by IRHA in this matter.

The situation in this case is more compelling in this case, since the Tribe, which is a named party, has not been properly served. Frankly, it is premature for the Court to proceed until the Tribe has been served and afforded an opportunity to

---

[20] Indeed, in an earlier decision, the Ninth Circuit actually held that the Tribal ordinance did violate Title VII. See *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.,* 154 F.3d 1117, (9th Cir., 1998))

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

respond. Fundamentally, the Court is without jurisdiction over the tribe at this point. Local Rule 5.1

Similarly, in *Wilbur v. Locke, 423 F.3d 1101, 114(9th Cir. 2005)*, the Court held that tribal members seeking to challenge a tribal-state compact relating to the taxation of cigarettes must be dismissed because the tribe possessed sovereign immunity and could not be joined without it consent. In that case, the Court held that the tribe was a necessary party to the litigation for FRCP 19, because the validity of the tribal action was necessarily implicated.

Under *Dawavendewa* and *Wilbur v. Locke* the Court should dismiss the complaint pursuant to FRCP 19, until such time that the tribe consents to be sued.

### V. THE TRIBES IS EXERCISING A POWER DELEGATED OR RECOGNIZED IN NAHASDA, AND THE STATE COURT'S ACTION ARE CONSISTENT WITH NAHASDA.

One particularly bizarre aspect of this case is that a tribally designated housing authority is seeking to invalidate a tribal action governing housing. Oddly, IRHA does not dispute the validity of the Tribe's designation of it as a tribally designated housing authority, to enable it to receive funds from HUD on behalf of

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                              Page 9 of 17
Memo: Op. to TRO & Support Dismissal

the tribe. Rather, the tribally designated housing authority argues that once it has the money the tribe is incompetent to establish terms and conditions governing housing and the use of that money. The housing authority's logic fails, because a tribally designated housing authority must comply with tribal ordinances in the eviction of tenants as provided in NAHASDA.

The Native American Housing and Self-Determination Act (NAHASDA), is a 1996 statute that authorizes block grants "on behalf of Indian tribes to carry out affordable housing activities." 25 USC § 4111   "Affordable housing activities" includes, among other things, activities that provide rental housing to individuals who meet low-income standards.  25 USC §§ 4132 & 4135(a)(1)(C) The amount of grant funding to a tribe is annually determined under an allocation formula.  25 USC §§ 4151 & 4152.  A tribe may either administer the housing program itself, or may designate a "tribally designated housing entity" [TDHE] to implement the Indian Housing Plan on its behalf.  25 USC §4112   Funds received by a tribe or TDHE must be used for "affordable housing activities."  25 USC § 4111(g) .  Moreover, if a tribe designates a TDHE, the tribe is the "grant beneficiary." 25 USC § 4102 (7); *See also* 24 CFR §1000.10(a)   Additionally, the regulations provide that, "The recipient, the grant beneficiary (i.e. the tribe) and HUD are involved in monitoring activities

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                        Page 10 of 17
Memo: Op. to TRO & Support Dismissal

under NAHASDA." 24 CFR § 1000. 501.   The TDHE must submit its monitoring and evaluation results required under NAHASDA to the tribe. 24 CFR §1000.506. Indeed, this regulations expressly state that the reason the TDHE must submit these results to the tribe is so that the tribe may "fully carry out its oversight responsibilities under NAHASDA." 24 CFR § 1000.550.   And finally the regulations state that if the tribe identifies compliance concerns, "The Indian tribe shall have the responsibility to ensure that appropriate corrective action is taken." 24 CFR § 1000.510   Hence, it is clear that under NAHASDA, the tribe is to provide oversight and corrective action with respect to the TDHE.

The relevant provision of NAHASDA in this case is 25 USC 4137(a)(5), which provides in pertinent part,

> (a) <u>Except to the extent otherwise provided by or inconsistent with **tribal law**,</u> in renting dwelling units in affordable housing assisted with grant amounts provided under this chapter, the owner or manager of the housing shall utilize leases that —
> (5) require that the owner or manager may not terminate the tenancy, during the term of the lease, except for serious or repeated violation of the terms or conditions of the lease, <u>violation of applicable</u> Federal, State, **tribal**, or local <u>law,</u> or for other good cause; … (emphasis added)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The ordinance adopted by Dot Lake requires that all leases comply with 24 CFR 966,[21] which is a general regulation applicable to all public housing authorities and prohibits the termination of a tenancy of low income tenants except for some wrongful acts by the tenants.[22]  Moreover, the ordinance defines what amounts to good cause under 25 USC 4137 to mean "the tenants act or failure to act causeing

---

[21] Dot Lake Tribal OrdinanceNo. 06-0101 §3

[22] In particular, 24 CFR 966.4 (l) provides
```
(l) Termination of tenancy and eviction.--(1) Procedures. The lease shall
state the procedures to be followed by the PHA and by the tenant to
terminate the tenancy.
    (2) Grounds for termination of tenancy. The PHA may terminate the
tenancy only for:
    (i) Serious or repeated violation of material terms of the lease, such
as the following:
    (A) Failure to make payments due under the lease;
    (B) Failure to fulfill household obligations, as described in
paragraph (f) of this section;
    (ii) Being over the income limit for the program, as provided in 24
CFR 960.261.
    (iii) Other good cause. Other good cause includes, but is not limited
to, the following:
    (A) Criminal activity or alcohol abuse as provided in paragraph
(l)(5) of this section;
    (B) Discovery after admission of facts that made the tenant
ineligible;
    (C) Discovery of material false statements or fraud by the tenant in
connection with an application for assistance or with reexamination of
income;
    (D) Failure of a family member to comply with service requirement
provisions of part 960, subpart F, of this chapter--as grounds only for
non-renewal of the lease and termination of tenancy at the end of the
twelve-month lease term; and
    (E) Failure to accept the PHA's offer of a lease revision to an
existing lease: that is on a form adopted by the PHA in accordance with
Sec.  966.3; with written notice of the offer of the revision at least
60 calendar days before the lease revision is scheduled to take effect;
and with the offer specifying a reasonable time limit within that period
for acceptance by the family.
```

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                  Page 12 of 17
Memo: Op. to TRO & Support Dismissal

harm to the premises, personal property, or rights of other tenants, tribal members, or the general public, including the quiet enjoyment of real property by other tenants, or adjacent land owners.[23] Essentially, the Dot Lake ordinance merely extends to low-income tribal tenants the same rights and liabilities that non-Indian low-income tenants have relative to non-Indian public housing authorities.  One of those rights is that a public housing authority cannot arbitrarily terminate a housing project, kick out the tenants who have been paying rent and following the rules, and mothball facility, merely because the housing authority wants to stop providing subsidized housing.

The tribe's enactment of the tribal ordinance was clearly consistent with the oversight and corrective action mandate of NAHASDA.  Moreover,  25 USC 4137(a)(5)  clearly requires a tribally designated housing authority comply with tribal landlord tenant laws in the operation of NAHASDA funded public housing projects.  The attempted eviction of Ms. Almquist clearly violated the tribal ordinance, in that IRHA proposed to evict Ms. Almquist for economic and business reasons, having nothing to do with Ms. Almquist's payment of rent, and her compliance with the lease terms, rules and regulations of the housing authority. The

---

[23] Dot Lake Tribal OrdinanceNo. 06-0101 §4

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                                          Page 13 of 17
Memo: Op. to TRO & Support Dismissal

state court's denial of the FED petition was clearly consistent with federal law and NAHASDA. Consequently, IRHA has a very has a low probability of success on the merits.

## VI.  A TRO IS INAPPROPRIATE ON GENERAL GROUNDS.

In addition to the low probability on the merits, the Court should deny the temporary restraining order because if fails to preserve the status quo, and the harm to Defendant Almquist is outweighed by the harm faced by the housing authority.

As a general matter, the purpose of the injunction is to preserve the status quo pending resolution of the case on the merits.[24] IRHA wants an injunction to change the *status quo* before the Court has an opportunity to consider the legal issues on the merits. This is clearly an inappropriate use of a temporary restraining order.

Moreover, the balance of hardships clearly tips in favor of Ms. Almquist. As noted in the state court log notes, Ms. Almquist testified that there is no other affordable housing available in Dot Lake, and if she is evicted from the IRHA triplex, she will be unable to find housing in the community and will have to relocate

---

[24] *4805 Convoy, Inc. v. City of San Diego,* 183 F.3d 1108 (9th Cir., 1999); *Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. San Francisco Newspaper Agency,* 89 F.3d 629 (9th Cir., 1996); *Trautwein v. Moreno Mut. Irr. Co.,* 22 F.2d 374 (9th Cir., 1927)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                              Page 14 of 17
Memo: Op. to TRO & Support Dismissal

to another community.  On the other hand, the harm faced by the housing authority is to continue to rent to Ms. Almquist, who is continuing to pay her rent.  More importantly, IRHA claims that if Dot Lake can pass an ordinance like this, other tribes in its service area could also pass ordinances extending to their tribal members the same rights and responsibilities of non-Native low income tenants in public housing projects.  IRHA has not offered a single other example of a tribe following Dot Lake's action.  IRHA has not suggested what tribe might do this.  Indeed, IRHA major concerns, in this regard, is entirely speculative, and is not an irreparable harm.  Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").  Moreover, IRHA argues that it might suffer a monetary loss, however, a purely monetary injury is compensable and, thus, not irreparable. *Colorado River Indian Tribes v. Parker, 776 F.2d 846 (9th Cir., 1985)*  Given these considerations, IRHA does not claim that it will actually suffer irrepable harm; rather its alleged harms are speculative and compensable.  Given that Ms. Almquist will be rendered homeless, and IRHA will not suffer an irrepable injury, the Court should deny the requested TRO.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                               Page 15 of 17
Memo: Op. to TRO & Support Dismissal

### VII. IF A TRO IS ISSUED, IRHA SHOULD POST A BOND; NOT ALMQUIST.

FRCP 65(c) states

No restraining order or preliminary injunction shall issue except upon the giving of security **by the applicant**, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

The rule is very clear that if the Court issues an injunction, the applicant (i.e. IRHA) must post a bond to protect Ms. Almquist in the event that the injunction was wrongfully enjoined or restrained.  IRHA's request that Ms. Almquist post a bond is frivolous and unfounded.

### CONCLUSION

For the reasons stated above, the Court should deny IRHA's request for a temporary restraining order and dismiss the complaint.

Dated this 6th day of July, 2006.

                           MICHAEL J. WALLERI

                           /s/ Michael J. Walleri
                           AK Bar No. 7906060
                           Attorney for Defendant

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                 Page 16 of 17
Memo: Op. to TRO & Support Dismissal

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on July 6th, 2006 via ECF to:

    Mr. Peter Aschenbrenner
    Aschenbrenner Law Office
    P.O. Box 92090
    Anchorage, AK 99509

    <u>/s/ Michael J. Walleri</u>

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Memo: Op. to TRO & Support Dismissal

Page 17 of 17