Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Interior Regional Housing Authority,

                Plaintiff,

Vs.

Barbara Almquist, individually,
The Native Village of Dot Lake a/k/a
The Native Village of Dot Lake,
William J. Miller, Charles P. Miller,
And John Does Nos. 1-3, all in their
official capacities.
_____/     Case No. 4:06-CV-00018 (RRB)


Response of the Native Village of Dot Lake and William J. Miller
In Opposition To Motion for Temporary Restraining Order

The Native Village of Dot Lake and William Miller oppose the motion of

the Interior Regional Housing Authority for a temporary restraining order.

This pleading sets forth the defenses and responses that can be assembled on short notice and without discovery. The inclusion of a defense in this pleading does not suggest that the defendants waive other defenses that might be available.

The central problem is this: The complaint presents only state law claims.

1. The District Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine is "an abstention doctrine, under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

"At its core [the doctrine] stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction. Thus, it follows that federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1078 (9th Cir. 2000)(en banc)(cites and internal quotes omitted). State-court determinations are subject to federal review, if at all, only in the United States Supreme Court. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970).

The *Rooker-Feldman* doctrine applies in the instant case. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Plaintiff brings its claim to federal court because it lost a hearing in state court. The Plaintiff's remedy is to appeal to the next higher state court. IRHA complains that the Alaska District Court refused to grant a forcible entry and detainer based on an ordinance of Dot Lake. Complaint at 5, ¶18; IRHA Memorandum, June 29, 2006, at 9; Affidavit of Steve Ginnis, at 6-7, ¶¶23-25.

IRHA does not offer a line of testimony to explain why the ordinary procedures of the Alaska state courts were not used to resolve this claim. IRHA came to federal court with two levels of state court appeals left before it.

This case was heard in Alaska District Court, before The Honorable Ray Funk. Forcible entry and detainer cases (FED's) are referred to the Alaska District Court when the dollar amount at issue is within in the court's jurisdictional limit. Alaska Civil Rule 85(b). For FED actions, that limit is $100,000.00. Alaska Statutes 22.15.030(a)(6)(civil jurisdiction of district court). A case that exceeds that limit does not go to federal court; it goes to Alaska Superior Court.

A judgment of the Alaska District Court is appealable to the Alaska Superior Court. Alaska Statutes 22.15.240(a). The Alaska Rules of Court provide

for the Alaska Superior Court to be a court of appeal. Alaska Rules of Appellate Procedure, Part 600. Appeals are due in Alaska Superior Court within thirty days of distribution of judgment. Alaska Rule of Appellate Procedure 602(a).

In order to find in favor of Plaintiff IRHA, the United States District Court must find that the Alaska District Court was wrong. In substance, IRHA asks the federal District Court to conduct an appellate review of a state court proceeding. The claims brought to the federal trial court are inextricably intertwined with those litigated in the state trial court. Thus *Rooker-Feldman* applies. *Doe & Associates*, 252 F.3d at 1030.

In response to a judgment from the lowest Alaska state court, Plaintiff took its case to the United States District Court. Rather than repeat this point endlessly, Dot Lake will state it only once more: Plaintiff IRHA makes no offering, literally not a word, to explain why it could not follow the ordinary avenues that Alaska state law offers to an aggrieved litigant.

Jurisdiction is not preserved by the addition of new defendants not present in state court. IRHA's claims that the tribal ordinance is unenforceable. The courts of the State of Alaska are competent to hear such defenses. *Native Village of Stevens v. Alaska Management & Planning*, 757 P.2d 32 (Alaska 1988) (availability of defenses under a federally-funded contract); *Native Village of Eyak v. GC Contractors*, 658 P.2d 756 (Alaska 1983)(applicability of federal contract

statute). IRHA argues that the tribal ordinance is not entitled to comity. The courts of the State of Alaska are competent to consider and resolve the federal/state comity issue. *John v. Baker*, 982 P.2d 738, 762-64 (Alaska 1999) (criteria for granting comity to tribal court decisions). The Complaint asks for a declaratory judgment. Complaint, Prayer for Relief, at 8, ¶1. The Alaska Superior Court has the power to issue a declaratory judgment. Alaska Statutes 22.10.020(g).

Dot Lake is a tribal government that has passed an ordinance. Plaintiff is free to argue in State court that the ordinance is unenforceable, and its argument is unaffected by the presence or absence of Dot Lake as a party. In *John v. Baker* the tribe was not a party, and yet the Alaska Supreme Court had no difficulty reaching the question of state recognition of a tribal custody order.

The Alaska state courts are competent to interpret and resolve questions arising from a federal law, the Native American Housing Assistance and Self-Determination Act. The presence of this law, in and of itself, does not create a federal question.

The United States District Court lacks subject matter jurisdiction over the Plaintiff's claims.

2. The United States District Court lacks subject matter jurisdiction because the Native Village of Dot Lake has sovereign immunity. Dot Lake is a

federally-recognized tribe. 70 Fed.Reg. 71194, 71197 (November 25, 2005)(U.S. Department of the Interior, Indian Entities Recognized)("Village of Dot Lake"). This sovereign immunity extends to the officers of the tribe.

     3. The Plaintiff's arguments do not support the issuance of a temporary restraining order. TRO's are issued in cases of immediate and irreparable injury, loss, or damage. Fed.R.Civ.P. 65(b). There is no fact that shows a danger so immediate to the Plaintiff's interests that a federal injunction must issue while the Plaintiff still has a motion for reconsideration pending in State court. Whether or not the Plaintiff has met the elements of a preliminary injunction (it has not), Plaintiff must still show an immediate danger to its interests to obtain the extraordinary remedy of a temporary restraining order.

     First, it must be noted that IRHA is creating its own problems because it is refusing to use the ordinary remedies available to it in State courts. IRHA does not offer to explain why the State court motion for reconsideration will not provide an adequate remedy. Thequities do not favor IRHA.

     The only problem (from Plaintiff's viewpoint) is that IRHA cannot evict one tenant from one property in one village. IRHA makes no showing that there is any other similar ordinance anywhere else in the region where it has rental properties. IRHA makes no showing that even one such ordinance exists, or that one might exist in the foreseeable future. The claim brought to this court is

hypothetical.  IRHA is effectively asking for an advisory opinion, when the courts of the United States hear only cases and controversies.

4.  The District Court lacks personal jurisdiction over Dot Lake and William Miller because of the lack of proper personal service under Federal Rule of Civil Procedure 4.

By reason of all of the above, the Native Village of Dot Lake and William Miller ask the United States District Court not to issue a temporary restraining order in this action.

Mark Andrews                              Dated: July 6, 2006.

Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251

Certificate of Service.  I certify that this 6th day of July, 2006, a copy of this Response was served by e-mail on Peter Aschenbrenner and Michael Walleri, and served by regular mail on Charles Miller, c/o Dot Lake Traditional Council, P.O. Box 2279, Dot Lake, AK  99737.              /s/ Mark Andrews