Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address:  823 Third Avenue, Fairbanks, Alaska  99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska  99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>Plaintiff,<br><br>7vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>Defendants. | Case No. 4:06-CV-00018 RRB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f)
CONTINUANCE TO OPPOSE MOTION TO DISMISS**
and
**PRELIMINARY OPPOSITION TO MOTION TO DISMISS**

Plaintiff Interior Regional Housing Authority ("IRHA"), by and through its undersigned counsel, has requested a 60-day continuance in which to file its complete Opposition to Defendant Almquist's Motion to Dismiss

I.      **Posture of the case.**

Plaintiff IRHA sued for Temporary Restraining Order, Preliminary and Permanent

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

Injunctive Relief on June 27, 2006, requesting the relief on Count I; this may be summarized as an "order restraining defendant from asserting or enforcing any tribal law which reduces, undercuts, or negates the rights of Plaintiff IRHA; for an order restraining defendant from specifically asserting the applicability of Ordinance No. 06-01-01 in *IRHA v. Almquist*, Case No. 4FA-06-1421 CI."[1]

On July 6, 2006 Defendant Almquist filed her "Opposition to Motion for Temporary Restraining Order and In Support of Cross Motion for Dismissal" with supporting memorandum. In that memorandum, discussed more fully below, Ms. Almquist referred to matters outside of Plaintiff's Complaint, which requires that the motion to dismiss be treated as a motion for summary judgment. Fed. R. Civ. P. Rule 12(b)(6) provides in its last sentence that: "If, on motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Ms. Almquist' memorandum specifically alleges the following facts, many without substantiation, although some number of the allegations are not in dispute:

1.   Ms. Almquist states that she is a Native American woman. Memorandum in Opposition to Motion for Temporary Restraining Order and in Support of Cross Motion for Dismissal, ¶I(a).

---

[1] Plainitff's Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief filed June 27, 2006 as Docket No. 1.

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

2.  Ms. Almquist states that she and her three children live in Dot Lake, Alaska; *id.;* and that she and two of the children reside in the IRHA housing unit (which was the subject of the state court FED action). *Id.* at ¶I(b).

3.  Ms. Almquist claims that the Village of Dot Lake is a federally recognized Indian Tribe. *Id.* at ¶I(a).

4.  Ms. Almquist claims, and plaintiff agrees, that IRHA is a tribally designated housing entity and that it operates low income housing programs under the terms of NAHASDA throughout Interior Alaska. *Id.; see also* Affidavit of Steve Ginnis filed on June 27, 2006 as Docket No. 7.

5.  Ms. Almquist states that IRHA built a tri-plex in Dot Lake in 2000, with the ground lease dated 1999. *Id.* at ¶I(b).

6.  Ms. Almquist then states that in August, 2003, IRHA entered into a lease with Jason Corgill and Barbara Almquist; that in 2003, Mr. Corgill moved out of the apartment; and that Ms. Almquist and her children remained in the apartment. *Id.*

7.  Ms. Almquist states that she succeeded to Mr. Corgill's tenancy of the tri-plex and paid the arrearages left by Mr. Corgill when he vacated. *Id.*

8.  Ms. Almquist claims that at all times relevant to this federal and the prior state court proceedings, she was current in the payment of her rent on the apartment. *Id.*

9.  Ms. Almquist further claims that there is no other housing available in the Dot Lake community and she will be forced to leave Dot Lake if the FED is granted. *Id.*

10. Ms. Almquist states that prior to building the housing unit occupied by Ms. Almquist, IRHA did not do a feasibility study but that in 2004, when IRHA conducted a

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

financial viability review, it concluded that it would be financially better to terminate IRHA's operation of the triplex. *Id.*

11.     Ms. Almquist states that IRHA attempted to transfer the facility to the tribe but was unsuccessful. *Id.*

12.     In her narrative summary of the state court FED proceedings, Ms. Almquist states that in March 2006 IRHA filed a forcible entry and detainer (FED) action against her. *Id*. at ¶I(c).

13.     Ms. Almquist then states that the state court FED action encompassed six hearings and five separate briefings. *Id.*

14.     Finally, during the course of the state FED proceedings, Ms. Almquist states that "the Tribe enacted a tribal land/lord tenant ordinance... that only applies to low-income housing provided by the Tribe's TDHE under the terms of NAHASDA. *Id.* Almquist's memorandum claims that the ordinance precludes IRHA from evicting a tenant for "just cause" other than bad conduct by the tenant … ." *Id.*

## II.     IRHA is entitled to a Rule 56(f) continuance.

The affidavit of Peter J. Aschenbrenner speaks to the facts that IRHA needs to discover before IRHA can file its opposition to Defendant Almquist' motion to dismiss. Aff. Aschenbrenner, ¶10 – 26. Rule 56(f) provides:

> *Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated* present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. (Emphasis added.)

The Ninth Circuit has ruled that "district courts have wide latitude in controlling

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

discovery and their rulings will not be overturned in the absence of a clear abuse of discretion... A district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. Thus, the [moving party] must show (1) that they have set forth in affidavit form the specific facts they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) *(internal citations omitted)*; see also *McCormick v. Fund American Cos., Inc.,* 26 F.3d 869, 885 (9th Cir. 1994). The affidavit of counsel more than satisfies this requirement by identifying what targeted and specific facts and documents would be necessary to defeat a motion for summary judgment on immunity grounds.

The options available to the trial bench have drawn the attention of the United States Supreme Court in *Crawford-El v. Britton*, 523 U.S. 574, 600 n.20 (1998) ["The judge does, however, have discretion to postpone ruling on a defendant's summary judgment motion if the plaintiff needs additional discovery to explore 'facts essential to justify the party's opposition.'"]

But more than general observations have been offered by the appellate courts. In cases in which qualified immunity is asserted as a defense (such as in civil rights cases), the courts have been most willing to shape discovery. For instance, the court may at first permit the plaintiff to take only a focused deposition of the defendant before allowing any additional discovery. *Id.* at 599. In civil rights cases, in large measure the immunity defense is what the case is all about, for official defendants, "The trial judge can therefore manage the discovery

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

process to facilitate prompt and efficient resolution of the lawsuit; as the evidence is gathered, the defendant-official may move for partial summary judgment on objective issues that are potentially dispositive and are more amenable to summary disposition than disputes about the official's intent, which frequently turn on credibility assessments. The judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible." *Id*. at 599-600.

In these cases the officials' right to exit the suit will be determined as a matter of law, and will turn on whether or not the state official was acting within the scope of his authority as the law of qualified immunity has fleshed out the precise issues. True, the defendant will be filing what in other litigation will be a premature motion for summary judgment; but in these civil rights cases, the court will know how to shape the depositions required so that the plaintiff can get the discovery he needs to make a decent leap at the hurdle he must overcome to keep his case alive.

This present case supplies virtually the same texture (as the civil rights cases) to this Rule 56(f) motion, with the obvious difference that state cops don't go into the streets without some conscious and very objective awareness as to whether their state employer has adopted a constitution in the first place. There is authority in this circuit to this effect in *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269 (9th Cir. 1991)[Plaintiff must dispute the authority of tribal leaders to take action to pass the test of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) and avoid having his case characterized as one against the

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 6

tribe]. As this authority notes, tribal leaders, like state officials, would be stripped of their immunity if they act in violation of state or federal law.

**III.     Plaintiff can satisfy the *Campbell* test.**

   *A.     IRHA can show specific facts it hopes to elicit from further discovery.*

The facts which IRHA hopes to explore in the discovery requested are:

   A.     That the Village of Dot Lake/ Dot Lake Tribal Village is not a duly organized and recognized tribal village *with* a fully executed and approved tribal constitution.

   B.     Any approved constitution does set out the lawmaking authority of tribal council and this does *not* include making tribal housing law as addressed in Ordinance No. 06-01-01. In addition, required ordinance adoption procedures were not met.

   C.     The authority granted to the tribal council with respect to regulation of NAHASDA tenancies does not include the power to adopt ordinances affecting tribal members residing in IRHA housing where the building is already completed and the residential tenancy already created.

   D.     The tribal council lacked the authority to adopt an ordinance prohibiting the IRHA from terminating the lease of and evicting a tribal member when the eviction action has already been commenced.

   *B.     IRHA can show that these facts exist; i.e., that there are ascertainable answers to these questions.*

The Affidavit of Peter Aschenbrenner details what the authority of Mr. William Miller and Mr. Charles Miller must be, (if they have any at all) by identifying specific facts which IRHA hopes to discover through the depositions requested. Aff. Aschenbrenner, ¶25.

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 7

As to A, above, for example, the official constitution (of whatever dignity) should be in the possession of or easily accessible to the President of Dot Lake. Article XI of the unsigned constitution provides in Article XI, Section 3 that "All ordinances and resolutions shall be dated and numbered and shall include a certificate showing the presence of a quorum, the number of members voting for and against the proposed enactment and the constitutional authority for such action." Doc. Att. 3. The only way that a president would know, for example, whether the tribal council could take such action would be to refer to the constitution itself.

As to B, above, constitutions typically set forth the subject matter areas of lawmaking reserved to the council. That is the purpose of having a constitution in the first place.

As to C, above, assuming constitutional authority exists, it should be a matter of reading the constitution to see if there are constraints on *ex post facto* legislation or other similar limitations that would impact the council's power to enact tribal laws that violate leasing and other commitments already entered into. Here the president and secretary should both be able to supply important information. In the unsigned constitution, Article VI, Section 1, provides: "The Chief/President of the Council shall preside over all Village council meetings, general Village meeting, and general membership meetings and shall execute on behalf of the Village all contract, leases and other documents approved by the Council." Doc. Att. 3. So the President should know if previous contractual commitments have been made that would impact the council's room for action in enact tribal housing ordinances. As for Article VI, Section 3, of that same constitution, "The Secretary of the Council shall conduct all correspondence and keep a complete and accurate record of all business transactions of the

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 8

Village or the Council. He/she shall record all rules, regulations and ordinances in appropriate books or files for the information and guidance of the Village members." Doc. Att. 3. So the Secretary would also be able to testify as to the facts surrounding the adoption of the ordinance – the existence of quorum, vacancies on the council that would impact law-making action, etc. and what steps were taken to insure that the tribal council was acting within its constitutional duties and within the scope of its constitutional power.

All of this information should come from the Miller Defendants. If there was a meeting on June 1st – as Ordinance No. 06-01-01 says there was – then they will know all the facts that relate to governance and lawmaking issues identified herein. Indeed Mr. Walleri should know these facts as well, as it would probably be better if he came forward sooner rather than later and made a clear statement as to what actually happened on June 1st. If the Millers signed a document that he prepared because Mr. Walleri told them this would stop the eviction – if that's the sum and substance of the matter – then the ordinance is void as a matter of law and tribal sovereignty is not implicated in this case. Other consequences will certainly follow if state court evidence or official documentation was created in such a manner.

The Millers can provide a copy of the notice that should have been given to the council members noticing the meeting. They will also be able to speak to whether or not there was any study of the pros and cons of directing a favorable outcome in an eviction action. In short, the Millers and (leaving Mr. Walleri's role to one side) only the Millers can testify as to whether they were acting on behalf of the tribe in signing the ordinance faxed to them by Mr. Walleri.

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 9

### C. IRHA can show that the sought-after facts are essential to oppose Almquist's "summary judgment motion."

"When [tribal] officials act beyond their authority, they lose their entitlement to the immunity of the sovereign. On the other hand, when tribal officials act in their official capacity and within the scope of their authority, they are immune." *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991).

In this case, the complaint and documents attached allege that William J. Miller and Charles P. Miller were purporting to act for the tribal council which did not have a constitution, and certainly did not have one that had been approved by the Bureau of Indian Affairs. IRHA also alleges that the unsigned constitutions filed by Dot Lake with the BIA did not confer lawmaking power, that any lawmaking power that may have been conferred did not include the power to make rules for existing IRHA residential buildings in Dot Lake, that the Tribal Council did not have the power to create a rule of decision and to dictate to the state court in the pending eviction action the singular result that the Millers sought and demanded from the state court.

As an interesting and somewhat compelling footnote, in *C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 423 (2001), the following situation is footnoted (at n. 6): "The Tribe alternatively urges ... that the members of the Tribe who executed the contract lacked the authority to do so on the Tribe's behalf. These issues were not aired in the Oklahoma courts and are not within the scope of the questions on which we granted review." If the tribe can use lack of authority to bolster tribal sovereign immunity, there is no reason why a party with a federal cause of action can't challenge tribal actors on the grounds that they have lost their – and with it, the tribe's – sovereign immunity when they act

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 10

outside the scope of their authority.  It's worth pointing out that this lack of authority posture – presented by a tribe – only makes sense if the tribe is defending itself from such garden variety suits as commercial collection actions.  But whether or not germane to this action for declaratory and injunctive relief, the point is that *Ex Parte Young* and the civil rights cases on qualified immunity point the way for an early deposition of the Millers.

**IV.     Conclusion.**

By offering facts outside of the pleadings, Defendant Almquist has asked the court – not to resolve the case on the pleadings as a matter of legal insufficiency – but to resolve the issues as if a motion for summary judgment were on file, which said Defendant hasn't filed.  In order to make such a motion, this (or any) Defendant will have to make some showing as the authority of the Miller Defendants to sign what Mr. Walleri faxed to them.  If they have no such authority as a matter of tribal and/or federal law, then now is the time to find out.

For the aforementioned reasons, IRHA respectfully requests that its Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss and be granted.

DATED this 21st day of July, 2006.

                                            ASCHENBRENNER LAW OFFICES, INC.
                                            Attorneys for Plaintiff IRHA


                                            By:    /s/ Peter J. Aschenbrenner
                                                   Peter J. Aschenbrenner
                                                   Bar No. 7210037

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 11

**Certificate of Service**

The undersigned hereby certifies that on the 21st day of July, 2006, the foregoing document was served via ECF/Mail on:

Michael J. Walleri, Esq.
Mark Andrews, Esq.

By:   /s/  Peter J. Aschenbrenner
          Peter J. Aschenbrenner

Memorandum in Support of Motion for Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 12