Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity, <br><br> Plaintiff, <br><br> vs. <br><br> BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities, <br><br> Defendants. | Case No. 4:06-CV-00018 RRB |

## AFFIDAVIT OF PETER J. ASCHENBRENNER

STATE OF ALASKA          )
                         )ss.
FOURTH JUDICIAL DISTRICT )

I, Peter J. Aschenbrenner, being first duly sworn this 21 day of July, 2006, upon oath, depose and state:

1. I am counsel for Plaintiff IRHA in the above matter, I am competent to testify in this matter and make this affidavit based on personal knowledge and would so testify.

2. This affidavit is made in support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss and Preliminary Opposition to Motion to Dismiss.

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 1

3.   On July 6, 2006 Defendant Almquist filed a pleading at Docket 14 entitled "Opposition to Motion for Temporary Restraining Order and in Support of Cross Motion for Dismissal."

4.   The history that brings us to the instant case is as follows: IRHA sued Defendant Almquist in state court and in that action, *IRHA v. Almquist*, Case No. 4FA-06-1421 CI, obtained a ruling that IRHA has good cause under NAHASDA to obtain an eviction order against Ms. Almquist.

However, District Court Judge Raymond Funk would not grant the FED because of a tribal ordinance submitted to the court that had been prepared solely for the purpose of terminating the eviction proceeding.

Thus, IRHA was deprived of its federal rights and filed the instant case under this court's jurisdiction pursuant to 28 USC Sec. 1331 and 28 USC Sec. 1367.

5.   Attached hereto as Exhibit A is an official transcript of the June 14, 2006 proceedings in which District Court Judge Raymond Funk would not grant IRHA's FED action.

6.   I have requested that counsel for Defendants stipulate that the aforementioned transcript be submitted to this court for its information; however, counsel has not yet responded to my request in any way.

7.   A copy of Ordinance No. 06-01-01 dated June 1, 2006, the document relied upon by District Court Judge Raymond Funk, has previously been submitted to this court as Doc. No. 1 to Plaintiff's Documents Attachment filed in Support of its Motions for Temporary Restraining Order and Preliminary Injunction as Docket No. 6.

**Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance**
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 2

JUL-21-2006 16:54                                                98%                                    P.02

8. The construction, execution and validity of Ordinance No. 06-01-01 are among the reasons why IRHA seeks a Rule 56(f) continuance to file its opposition to Ms. Almquist's Motion to Dismiss.

9. IRHA seeks leave to take the depositions of William J. Miller and Charles P. Miller, respectively the president and secretary of the Dot Lake Tribal Council, regarding Ordinance No. 06-01-01.

10. The Village of Dot Lake has not apparently adopted a federally recognized constitution; however, the BIA forwarded to Plaintiff's counsel copies of two draft constitutions prepared by the Village of Dot Lake, although it is not known whether either of these are in effect. These constitutions have been previously submitted to this court as Doc. Att. 3 and Doc. Att. 4 to Plaintiff's Documents Attachment filed in Support of its Motions for Temporary Restraining Order and Preliminary Injunction as Docket No. 6.

11. Both of these constitutions speak to the procedures under which the Village of Dot Lake may enact ordinances.

12. Doc. Att. 3 states in pertinent part as follows:

Article VI – Duties of Officers. <u>Section 1. The Chief/President</u>. The Chief/President of the Council shall preside over all Village council meetings, general Village meeting, and general membership meetings and shall execute on behalf of the Village all contract, leases and other documents approved by the Council.

\* \* \*

Article VI – Duties of Officers. <u>Section 3. The Secretary</u>. The Secretary of the Council shall conduct all correspondence and keep a complete and accurate record of all business transactions of the Village or the Council. He/she shall record all rules, regulations and ordinances in appropriate books or files for the information and guidance of the Village members. The Secretary shall act as a chair-person in the event the Chief/President and the Second Chief/Vice-President is absent from the Village.

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 3

JUL-21-2006 16:54    98%    P.03

\* \* \*

Article IX – Meetings. <u>Section 1. Village Council Meetings</u>.
(b)  All regular Council meetings shall be properly noticed by written notice to each member in addition to the posting of written notice within the Village area at least three (3) days prior to the meetings.
(d)  The Chief/President or the Second/Chief/Vice President may call special meetings as deemed necessary for the Council to function and shall call such meetings at the written request of three (3) members of the Council. A twenty-four (24) hour notice must be given to all Council members prior to any special meeting. The Council shall have the power to transact business as in regular meetings, <u>Provided</u>, That a quorum is present.

\* \* \*

Article XI – Ordinances and Resolutions. <u>Section 3. Form</u>. All ordinances and resolutions shall be dated and numbered and shall include a certificate showing the presence of a quorum, the number of members voting for and against the proposed enactment and the constitutional authority for such action.

13.    Doc. Att. 4 states in pertinent part as follows:

Article V – Duties of Officers. <u>Section 1. The Chief/President</u>. The Chief/President of the Council shall preside over all Council meetings, general village meetings, and general membership meetings, and shall execute on behalf of the Tribe all contracts, leases and other documents approved by the Council. The Chief/President may vote in any meeting only in case of a tie. The Chief/President shall have general supervision of all other officers, employees and committees of the Tribe and see that their duties are properly performed. When the Council is not in session, he shall be the official representative of the Tribe. The Chief/President shall also sit on any Tribal Court established within the Native Village of Dot Lake.

\* \* \*

Article V – Duties of Officers. <u>Section 3. The Secretary</u>. The Secretary of the Council shall conduct all correspondence and keep a complete and accurate record of all business transactions of the Tribe or the Council. He/she shall record all rules, regulations and ordinances in appropriate books or files for the information and guidance of the tribal members. The Secretary shall act as a chairperson in the event the Chief/President and the Second Chief/Vice-President is absent from the village.

\* \* \*

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 4

JUL-21-2006  16:54                    98%                    P.04

> Article IX – Meetings. <u>Section 1. Village Council Meetings</u>.
> (b) All regular Council meetings shall be properly noticed by written or oral notice to each council member in addition to the posting of written notices within the village area at least three (3) days prior to the meetings.
> (d) The Chief/President or the Second/Chief/Vice President may call a special meeting as deemed necessary for the Council to function and shall call such meeting at the written request of three (3) members of the Council. A twenty-four (24) hour notice must be given to all Council members prior to any special meeting. The Council shall have the power to transact business as in regular meetings, <u>Provided</u>, That a quorum is present.

14. The two unexecuted constitutions establish the Dot Lake Village Council as the governing body of the Native Village of Dot Lake.

> Article IV – The Village Council. <u>Section 1. Establishment</u>. The governing body of the Native Village of Dot Lake shall be the Dot Lake Village Council, hereinafter referred to as the Council. The Council shall represent the Village in all its undertakings and shall exercise the powers enumerated in this Constitution. Doc. Att. 3.

> Article IV – The Council. <u>Section 1. Establishment</u>. The governing body of the Native Village of Dot Lake shall be the Dot Lake Village Council, hereinafter referred to as the Council. The Council shall represent the Tribe in all of its undertakings and shall exercise the powers enumerated in this Constitution. Doc. Att. 4.

15. In both Doc. Att. 3 at Article V – Powers of the Village Council, and in Doc. Att. 4 in Article VI – Powers of the Council, a listing is made of the powers and responsibilities given to the Village Council. None of the items listed gives the Village Council a grant of power in the area of tribal housing, other than to join and/or charter housing authorities.

16. It is not known whether there is another constitution that IRHA and its counsel have not seen that *does* give a grant of power in the area of housing authority.

17. It is also not known whether the Dot Lake Village Council prepared Ordinance No. 06-01-01 pursuant to the terms provides in either of the above-referenced draft constitutions,

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-0018 RRB
Page 5

JUL-21-2006 16:55                                98%                                P.05

or whether it was prepared under another constitution that IRHA and its counsel have not been provided.

18.    For the court's ease of reference, attached hereto as Exhibit B is a copy of the fax cover sheet and Ordinance No. 06-01-01 that was submitted by Defendant Almquist's counsel, Michael Walleri, to the state court.

19.    The fax banner on the Ordinance shows that it was faxed out "From Walleri Law Office" at 13:10 p.m. on June 1st. The ordinance shows that it was adopted on June 1st, so it could not have been adopted before it was faxed, unless other documents come to light.

20.    Also of note is the cover sheet for the reply fax (outgoing from the Dot Lake Village Council) on 13:16 p.m., also on June 1st.

21.    Another two pages which readily disclose the six or seven minutes of lawmaking devoted to the adoption of this ordinance appear in the pages of Ordinance 06-01-01, offered to state court on June 14th, preceded by the fax cover sheet from the Dot Lake Village Council for the return fax. Pages 3 and 4 (the last two pages of the Ordinance) show the fax banners clearly and indeed there is a six minute interval for tribal lawmaking on page 3 with a seven minute interval on page 4.[1]

22.    Although matters are often not what they appear (at first glance), it does seem that Mr. Walleri arranged for the Miller Defendants to be standing by, so that when his "Ordinance"

---

[1] Other inconsistencies are also of interest. Mr. Walleri's brief of June 1, 2006 titled "Second Supplemental Bench Memorandum" (filed in the state court action) refers to the ordinance "passed" by the Dot Lake Tribal Council as the "Native Village of Dot Lake Housing Ordinance." While misnomer is no big deal, it would appear that Mr. Walleri wrote the brief describing the ordinance and wrote the ordinance at the same time, perhaps even on the day the brief was due, as it is not uncommon for lawyers to finalize briefs on the due date; in which case, he might innocently have confused the title of the ordinance he was drafting for signature by the Miller Defendants with the reference to be made to the ordinance "passed" – of course that would have to be before 13:17 p.m. on June 1st – in the brief. Mr. Walleri's bustling about in the course of finalizing his brief is not the issue; the problem is that this tends to show that, as much he was the scrivener of the tribal law (which he admitted in state court), the Miller Defendants deployed nothing more official than the office fax machine for their effort.

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 6

arrived by fax, they would be in the office and ready to sign and fax the "Ordinance" back to him and that was the extent of their involvement with the so-called "Ordinance."

23. Of course, there may be many explanations as to how this all came about. It may be the case that the Ordinance was never the official act of the tribal council by any stretch of the imagination. On the other hand, perhaps it is a completely legal act from every perspective.

24. But the point is that, *on this record and at this time*, the District Court should be suspicious of lawmaking that takes only six or seven minutes to accomplish, especially given the length of the ordinance and the many legal issues which the Ordinance raises and for which prudent lawmakers will seek their own legal advice and counsel.

25. The facts which IRHA hopes to explore in the discovery requested are:

A. That the Village of Dot Lake/ Dot Lake Tribal Village not a duly organized and recognized tribal village *with* a fully executed and approved a tribal constitution.

B. Any approved constitution does set out the lawmaking authority of tribal council and this does *not* include making tribal housing law as addressed in the Ordinance. In addition, required ordinance adoption procedures were not met.

C. The authority granted to the tribal council with respect to regulation of NAHASDA tenancies does not include the power to adopt ordinances affecting tribal members residing in IRHA housing where the building is already completed and the residential tenancy already created.

D. The tribal council lacked the authority to adopt an ordinance prohibiting the IRHA from terminating the lease of and evicting a tribal member when the eviction action has already been commenced.

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 7

JUL-21-2006  16:55                                           98%                    P.07

26. To get to the bottom of this situation, it is necessary for IRHA to take the depositions of Defendant William J. Miller, President of the Dot Lake Village Council, and Charles P. Miller, Secretary of the Dot Lake Village Council, and to question those officers as to the circumstances surrounding the facts set forth specifically in ¶19 above and generally throughout this affidavit and the memorandum filed herewith.

27. IRHA respectfully requests that the court allow the taking of these depositions.

28. If Defendants William J. Miller and Charles P. Miller do not have the information regarding Ordinance No. 06-01-01 that IRHA seeks, IRHA would then seek to take the deposition of attorney Michael Walleri, counsel for Defendant Almquist, as it was Mr. Walleri who produced the ordinance in the state court action and, presumably, has information regarding the drafting of same.

DATED at Fairbanks, Alaska this 21 day of July, 2006.

_____
Peter J. Aschenbrenner

SUBSCRIBED AND SWORN before me this 21 day of July, 2006.



_____
Notary Public in and for the State of Alaska
My Commission Expires: 3-16-09

Affidavit of Peter J. Aschenbrenner in Support of Plaintiff's Motion for Rule 56(f) Continuance
*IRHA v. Almquist, et al.*
4:06-CV-00018 RRB
Page 8