

Dot Lake Village Council

Box 2279
Dot Lake, Alaska 99737

Phone: (907) 882-2695
Fax:(907) 882-5558

## Fax Transmittal Form

**To**

Name:
Organization Name/Dept:
CC:
Phone number:
Fax number:

Urgent
For Review
Please Comment
Please Reply

**From**  *Mike Walleri*

Ted Charles
Tribal Development Specialist

Phone: (907) 882-2695
Fax:(907) 882-5558

Date sent:
Time sent:
Number of pages including cover page: ④

The information contained in this Fax is confidential and/or privileged. This fax is intended to be reviewed by the individual named above. If the reader of this transmittal page is not the intended recipient or representative of the intended recipient, you are hereby notified that any review, dissemination, or copying of this fax or the information contained herein, is prohibited. If you received this fax in error, please immediately notify the sender by telephone and return this fax to the address above. Thank you.

**Exhibit B**
**Page 1 of 4**

## TRIBAL COUNCIL FOR
## NATIVE VILLAGE OF DOT LAKE
### ORDINANCE No. 06-_01-01_

**Whereas,**    the Tribal Council for Native Village of Dot Lake is the governing body of the Native Village of Dot Lake, a federally recognized tribal government;

**Whereas,**    The Native Village of Dot Lake has designated the Interior Regional Housing Authority as its Tribally Designated Housing Entity (TDHE) under the terms of the Native American Self Determination and Housing Assistance Act (NAHASDA);

**Whereas,**    IRHA, in its capacity as TDHE for the Native Village of Dot Lake, has constructed and operates certain multi-family dwelling units for qualified low income Native families in the Native Village of Dot Lake;

**Whereas,**    the availability of affordable housing in the Native Village of Dot Lake is extremely limited and the tribal multi-family dwelling units operated by IRHA is critical to the continued viability of the Native Village of Dot Lake;

**Whereas,**    when IRHA accepted Dot Lake NAHASDA funding, and undertook the development of affordable housing in Dot Lake, it committed to using such facilities as affordable housing for the useful life of such facilities, being twenty (20) years.

**NOW THEREFORE BE IT RESOLVED,** that the Native Village of Dot Lake hereby enacts the following tribal ordinance

**Sec. 1 NAME** The name of this ordinance shall be the Native Village of Dot Lake Housing Ordinance.

**Sec. 2 SCOPE AND APPLICABILITY.**

This ordinance shall apply to all tribal public housing. Tribal public housing shall mean any multi-family housing dwelling unit constructed using Dot Lake Tribal allocations under the Native American Self Determination and Housing Assistance Act (NAHASDA) and operated by a Tribally Designated Housing Entity designated by the Native Village of Dot Lake under the terms of NAHASDA. This ordinance shall not apply to single family dwellings or to

**Exhibit
Page 2 of 4**

06/01/2006 THU 13:16 FAX 19   825558   DLVC                                                   @003
06-01-'06 13:10 FROM-   .leri Law Office       907-452-4725           T-026 P003/004 F-047

multi-family dwellings owned an operated by a person or entity other than a Dot
Lake Tribally Designated Housing Entity (TDHE).

### Sec. 3  LEASE REQUIREMENTS.

The TDHE shall enter into a written lease with all tenants of tribal public
housing that shall comply 24 CFR Part 966. If the TDHE and tenant do not sign and
exchange a written lease, the payment of rent by the tenant and the acceptance of rent
without reservation by the TDHE shall constitute the formation of a lease whose terms
shall commence upon the date of tenant occupation, and having terms that comply with
24 CFR Part 966.

### Sec. 3 EVICTION.

A tenant in tribal public housing may be evicted for
a)  Non-payment of rent after ten (10) days following the payment date
    specified in the lease, or the first of the month, whichever is later;
b)  Serious and repeated violations of the terms of the lease by the tenant,
    other than the payment of rent;
c)  the tenant maintaining a nuisance on or near the leased premises,
    intentional destruction of any portion of the leased premises or
    common areas of the facility, negligent or intentional injury to the
    person of other tenants of the facility, or property belonging to other
    tenants of the facility.
d)  Conviction of the tenant of a crime occurring on the leased premises;
e)  Conviction of another occupant of the leased premises, whether listed
    on the lease agreement or not, of a crime occurring on the leased
    premises, with the acquiescence of the tenant;
f)  Other good cause.

The acceptance of a partial payment of rent by the TDHE shall constitute a
waiver of the timely payment of rent, unless the TDHE provides written notice to
the contrary to the tenant at the time of acceptance of such payment. The
acceptance of past due rent payments shall not constitute a waiver of timely
payment of current rent due, provided that the TDHE provides a written notice
to the tenant at the time of acceptance of such payment noting that such amounts
are only being credited to past due payments, and are not credited against
current rent due. For the purposes of this section and 25 USC 4137, the term
"good cause" shall mean the tenants act or failure to act causing harm to the
premises, personal property or rights of other tenants, tribal members or the
general public, including the quite enjoyment of real property by other tenants,
or adjacent land owners.

JUN-01-2006 16:28 P.13
06/01/2006 THU 13:17 FAX 1 825558 DLVC Ø004
06-01-'06 13:10 FROM .lleri Law Office 907-452-4725 T-026 P004/004 F-047

Case 4:06-cv-00018-RRB Document 25-3 Filed 07/21/2006 Page 4 of 4

Sec. 4. RELATION TO STATE AND FEDERAL LAW. The Alaska Landlord Tenant Act [A.S. 34.03] and the Native American Self Determination and Housing Assistance Act [25 USC 4101 et. seq.] shall be applicable to all tribal public housing leases. In the event of conflict between tribal, state and federal law, the following order of priority shall be applied: tribal law, federal law, state law.

Sec. 5 ENFORCEMENT; ATTORNEY FEES. The terms of this ordinance may be enforced in tribal, state or federal court. The tribe, TDHE and the tenant shall have a right to bring an action to enforce the terms of all applicable tribal, federal and state law. Attorney fees shall be allowed to the prevailing party in any proceeding arising out of this chapter, or a rental agreement.

Sec. 6. NON-WAIVER OF TRIBAL RIGHTS. Nothing in this ordinance or any permit or lease entered into under this ordinance shall constitute a waiver of any claim to immunity that the tribe might have by operation of state or federal law.

Sec. 7. EFFECTIVE DATE. This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance.

## Certification

We, the undersigned officers of the Native Village of Dot Lake hereby state and certify that on the _1st_ day of _June_, 2006, the Native Village of Dot Lake Tribal Council met with a duly constituted quorum, and approved, by majority vote, the above resolution.

_____
Chief PRESIDENT

_____
Secretary



**Exhibit**
**Page 4 of 4**