Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Interior Regional Housing Authority,

        Plaintiff,

Vs.

Barbara Almquist, et al.
_____/     Case No. 4:06-CV-00018 (RRB)

DOT LAKE OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO OPPOSE MOTION TO DISMISS

The control of discovery lies within the discretion of the trial court. *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.), *cert.den.*, 525 U.S. 822 (1998*)*. The Housing Authority has moved for an extension of time to oppose the motion to dismiss by defendant Barbara Almquist.  The best use of the District Court's discretion is to deny the Plaintiff's motion without prejudice to future discovery.  A continuance for depositions will add only expense and delay without adding anything to a resolution of the issues raised by defendant Almquist.

The main problem is that Plaintiff wants discovery to resolve issues that it raised in its own complaint, not to resolve issues that were raised in the Almquist motion to dismiss.

The Almquist Motion to Dismiss raised the question of federal abstention. Almquist Memorandum, July 6, 2006, at 6. The existence and content of the Alaska state court case is already known; all that remain are legal issues. Further discovery is unnecessary to resolve the abstention issue. Plaintiff should have to respond.

The second issue raised by defendant Almquist is that the Tribe is a necessary party and incapable of being joined. Almquist Mem., July 6, 2006, at 7. Discovery is unneeded to determine whether the Tribe is necessary to resolve the issues brought to the federal court and whether it has sovereign immunity. These are legal issues, and can be resolved by resort to federal statutes, regulations, and case law.

Defendant Almquist raises a third issue: whether the Tribal Ordinance is a power delegated to the Tribe by the Native American Housing and Self-Determination Act. Almquist Memorandum, July 6, 2006, at 9. The content of the tribal housing ordinance is known and the content of the federal statute is known. The two can be compared without deposing anyone.

Plaintiff Housing Authority raises four issues, two of which are solely issues of law. Their resolution can dispose of this case without further factual development. Plaintiff wants to challenge the substantive power of the Tribe to pass a housing

ordinance. The content of the Tribal Constitution is not needed to reach this issue. The issue can be resolved by comparing the content of the Ordinance (which is known) to the authority granted to tribes under federal housing law, 25 U.S.C. 4137(a), and by the general provisions of federal Indian law. If federal law does not grant Dot Lake the authority to pass its housing ordinance, that decision disposes of this case.

>The Plaintiff's two legal issues are:
>
>>C. The authority granted to the tribal council with respect to regulation of NAHASDA tenancies does not include the power to adopt ordinances affecting tribal members residing in IRHA housing where the building is already completed and residential tenancy already created.
>>
>>D. The tribal council lacked the authority to adopt an ordinance prohibiting the IRHA from terminating the lease of and evicting a tribal member when the eviction action has already been commenced.

Plaintiff's Memorandum, July 21, 2006, at 7; Affidavit of Aschenbrenner, July 21, 2006, at 7.

The question is whether Dot Lake, or any tribe within Interior Alaska, has certain powers in relation to the Interior Regional Housing Authority. The United States Code sets forth the powers of the Indian tribes in relation to housing uthorities under the Native American Housing and Self-Determination Act. 25 U.S.C. §4137(a). The Tribes have some degree of control in relation to the Housing

Authorities, and the question is whether the Dot Lake ordinance exceeds the powers granted by federal law.  A comparison of the federal statute to the content of the tribal ordinance is sufficient to resolve the Plaintiff's two legal questions.

The best use of the court's discretion is to deny the motion for a continuance without prejudice to a future request from Plaintiff for the same information.[1]

The Dot Lake defendants object to the Plaintiff's filing the Alaska District Court transcript as part of its motion for a continuance.  The Affidavit of Peter Aschenbrenner refers to the transcript.  Aff. Aschenbrenner, July 21, 2006, at 2.  However, the affidavit does not identify what issues are created by the content of the transcript.  The IRHA memorandum does not refer to the transcript at all.  The transcript is gratuitous and irrelevant.  The Dot Lake defendants object to any attempt by IRHA to refer to the content of the transcript for the first time on reply.

By this opposition, the Dot Lake defendants do not abandon any issues raised previously.  This case is a garden-variety eviction dispute under Alaska state law, and to the extent that federal law enters into its resolution, the courts of the State of Alaska are competent to address and resolve these issues.

The motion for a continuance should be denied.

---

[1] If this action survives current and future challenges, then the Dot Lake defendants will submit the Dot Lake Tribal Constitution as part of their Initial Disclosures.  F.R.Civ.P. 26(a)(1)(B)(documents that a party may use in support of its defenses).  So the deposition of the tribal officials is entirely unnecessary to produce a copy of the tribal constitution.

Mark Andrews                                   Dated: August 7, 2006.


Acting General Counsel
Tanana Chiefs Conference


Certificate of Service.  I certify that this 7th day of August, 2006, a copy of this Opposition was served by e-mail on Peter Aschenbrenner and Michael Walleri.
/s/ Mark Andrews