Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Defendant Almquist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>              Plaintiff,<br><br>v.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE, aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MIILER, CHARLES P. MILLER, AND JOHN DOES NO 1-3, all in their official capacities.<br><br>              Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT I**<br>**[(FRCP 12(b)(6)]**<br><br>Case No. 4:06-cv-0018-RRB |

Barbara Almquist seeks to dismiss Count I for failure to state a claim for which relief may be granted. FRCP 12(b) (6). IRHA has brought a claim agaist Ms. Almquist and the Village of Dot Lake. Count I of the complaint seeks

> declaratory relief declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that Plaintiff IRHA and all Defendants are bound by federal law, and that any tribal law which reduces, undercuts

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                                      Page 1 of 6
Memo: Motion to Dismiss Count I.

or negates the rights of Plaintiff IRHA cannot be applied in the state court case or is preempted by federal law

The complaint and argument of counsel to date, does not indicate with any degree of precision the exact nature of the injury claimed by IRHA. In particular, it is not clear what federal law the tribe and Ms. Almquist violated. However, opposing counsel's argument to date suggests that the adoption of a tribal ordinance somehow interfered with the contractual rights of IRHA.[1] Opposing counsel suggest that the tribe has interfered with some property rights, which are somehow protected by the Constitution. The claim is frivolous. Of equal importance, Count I necessarily calls upon this Court to interpret a tribal ordinance.

If IRHA has alleged anything, it has alleged impairment of contract by government action. *See General Motors Corp. v. Romein,* 503 U.S. 181 (1997) As a general matter, such claims arise out of Article I, § 10, of the Constitution, which provides: "No **State** shall . . . pass any . . . Law impairing the Obligation of Contracts."[2] (emphasis added) However, before reaching such a question, the Court

---

[1] The only contract that exists, is the lease between Dot Lake and IRHA. IRHA has not indicated claimed that Dot Lake or Ms. Almquist breached any contract or lease between the parties. Rather, IRHA claims that the adoption of the tribal ordinance interfered with unspecified contractual and or federal rights of IRHA.

[2] In considering such claims, the Courts first ask whether the change in law has "operated as a substantial impairment of a contractual relationship." *Allied Structural Steel Co.* v. *Spannaus,* 438 U.S.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

must inquire as to whether a federal cause of action is properly pled where the governmental action at issue involves an Indian tribe. The answer is clearly no, because U.S. constitutional provisions prohibiting states from passing laws impairing contracts do not apply with regard to actions by an Indian tribe.

Of course the first significant issue is that by its terms Art. I, §10 of the Constitution only applies to states. It does not mention Indian tribes. The Ninth Circuit in *R.J. Williams Co. v Ft. Belknap Housing Authority* 719 F2d 979 (9th Cir., 1983) *cert den (1985) 472 US 1016, 87 L Ed 2d 612, 105 S Ct* observed that

> no action … can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law. Indian tribes are separate and distinct sovereignties[3] and are not constrained by the provisions of the fourteenth amendment.[4] As the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the fourteenth amendment,[5] it follows that actions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act.[6]

---

234, 244, 57 L. Ed. 2d 727, 98 S. Ct. 2716 (1978); *Energy Reserves Group, Inc.* v. *Kansas Power & Light Co.*, 459 U.S. 400, 411, 74 L. Ed. 2d 569, 103 S. Ct. 697 (1983). This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial.

[3] Citing , *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56, 56 L. Ed. 2d 106, 98 S. Ct. 1670 (1978); *see United States v. Wheeler*, 435 U.S. 313, 331, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978),
[4] Citing *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir. 1967); *see Talton v. Mayes*, 163 U.S. 376, 41 L. Ed. 196, 16 S. Ct. 986 (1896); *Martinez v. Southern Ute Tribe*, 249 F.2d 915, 919 (10th Cir. 1957), *cert. denied*, 356 U.S. 960, 2 L. Ed. 2d 1067, 78 S. Ct. 998 (1958).
[5] Citing *Monroe v. Pape*, 365 U.S. 167, 171, 5 L. Ed. 2d 492, 81 S. Ct. 473 (1961); *Thompson v. New York*, 487 F. Supp. 212, 220 (N.D.N.Y. 1979),
[6] *719 F2d, at 982*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

It is possible IRHA may have a cause of action under the Indian Civil Rights Act, except that ICRA does not address the government impairment of contract, as provided by Art. K, §10 of the U.S. Constitution. See generally, 28 USC §1302.

Moreover, the Court of Appeals in *R.J. Williams Co* held that District Court the lacks jurisdiction over cases involving the construction of a tribal ordinance. Such actions must be left to tribal or state court for resolution. Id.  See also *Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe, 634 F.2d 474; (9th Cir., 1980)* (U.S. District Court lacked subject matter jurisdiction over an injunction issued by an Indian tribe because constitutional guarantees were not applicable to the exercise of governmental powers by that tribe.)

IRHA may argue that it has federal rights under NAHASDA.  However, in unrelated litigation, IRHA has successfully argued that NAHASDA does not give rise to a cognizable federal cause of action. [7] Therefore, IRHA may not bring an action to enforce rights under NAHASDA in federal court.

---

[7] *Solomon v. Interior Reg'l Hous. Auth., 313 F.3d 1194; (9th Cir., 2006)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

In the Alternative, if IRHA has the right to bring such an action, there is no provision of NAHASADA which prevents a tribe from enacting an ordinance that would regulate the activities of IRHA. Indeed, the opposite is true. NAHASDA specifically provides minimum standards for leases of premises constructed with NAHASDA funds "Except to the extent otherwise provided by or inconsistent with tribal law". 25 USC §4137  Clearly, if NAHASDA does anything in this area, it specifically allows tribes to regulate low income housing operated by a tribally designated housing authority. There is nothing under NAHASDA which states that a tribe may not interfere with the operations of a tribally designated housing authority.

These arguments differ from Almquist's first motion to dismiss, in that the Court may assume all the facts alleged by IRHA are correct. In making such assumption, however, the Court may only reach one conclusion: i.e. IRHA's complaints do not give rise to a cognizable federal cause of action. Rather, the tribe merely fulfilled its role in overseeing the activities of the tribally designated housing

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Memo: Motion to Dismiss Count I.

Page 5 of 6

authority, and taking corrective actions when the housing authority took inappropriate actions.[8]

For these many reasons, IRHA has failed to state a cause of action for which relief may be granted with regard to Count I, and the Court should dismiss the Count I.

DATED this 7th day of August, 2006, at Fairbanks, Alaska.

        MICHAEL J. WALLERI

        /s/ Michael J. Walleri
        Law Offices of Michael J Walleri
        330 Wendell St., Suite E
        Fairbanks, Alaska 99701
        (907) 452-4716
        (907) 452-4725
        walleri@gci.net
        AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on August 7th, 2006 via ECF to:

    Mr. Peter Aschenbrenner
    Aschenbrenner Law Office
    P.O. Box 92090
    Anchorage, AK 99509

/s/ Michael J. Walleri

---

[8] HUD regulations clearly provide that the tribe is to "carry out its oversight responsibilities under NAHASDA." 24 CFR § 1000.550. The regulations state that if the tribe identifies compliance concerns, "The Indian tribe shall have the responsibility to ensure that appropriate corrective action is taken." 24 CFR § 1000.510

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                                   Page 6 of 6
Memo: Motion to Dismiss Count I.