Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>    Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>    Defendants. | Case No. 4:06-CV-00018 RRB |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) CONTINUANCE TO OPPOSE MOTION TO DISMISS

Plaintiff Interior Regional Housing Authority, by and through its undersigned counsel, hereby files its Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss.

Defendant Almquist has filed her motion to dismiss on July 6, 2006. On July 21, 2006, IRHA filed its Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss and Preliminary Opposition to Motion to Dismiss. On August 7, 2006 Almquist filed her Partial

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

Opposition to Plaintiff's Motion for Continuance and Defendant Dot Lake filed its Opposition to Plaintiff's Motion for Continuance to Oppose Motion to Dismiss. Almquist has filed a second motion to dismiss Count I of IRHA's complaint on August 7th.

In its Opposition, Almquist opposes IRHA's Motion for Continuance on purely tactical grounds, arguing something along the following lines: IRHA can not ask for an injunction stressing public interest grounds and there are facts which would defeat IRHA's suit; however, on Almquist's motion to dismiss, no facts require discovery and adjudication and IRHA's suit should be dismissed without further inquiry.

IRHA is entitled to take the position that the court should grant its motion for preliminary injunction because, among other reasons, there are no facts, documents, or transactions put in dispute by either defendant which support the authority of the Miller Defendants to sign the faxed draft ordinance as they did. But IRHA is also entitled to defend itself by arguing that, as to any motion to dismiss, such a motion to dismiss can only be resolved as a summary judgment motion and IRHA is therefore entitled to take discovery under Rule 56(f).

To take only one example. IRHA contends that there is no public record of a signed and approved tribal constitution (Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief at ¶26b). Without authority to act under such constitution the Miller Defendants are volunteers, have no immunity, and there is no valid tribal order or ordinance which is an expression of tribal authority granted by Congress. It should be pretty obvious that Congress can authorize state, federal or tribal actors but there are still formal requirements which the actors must obey in exercising that authority.

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

It now appears that Dot Lake's counsel has information about a tribal constitution but will produce it only when disclosures are required. (Dot Lake Opposition to Plaintiff's Motion for Continuance to Oppose Motion to Dismiss at n.1). The Defendants can't have it both ways. Either the negative implication of the record at this stage stands – the Miller Defendants were signing a faxed tribal order, as they understood it, to help a tribal member – *or* there really was legally valid tribal lawmaking at work up to the afternoon of June 1, 2006.

Almquist has created the dilemma it faces, for it is not one of IRHA's making. Almquist has opposed IRHA's motion on purely legal grounds, but then submits unsworn facts outside the record which she vouches as necessary to resolve the motion to dismiss in her favor.

In its Opposition, Dot Lake opposes IRHA's Motion for Continuance on the premise that further discovery is unnecessary to resolve the issues raised in Almquist's Motion to Dismiss. Dot Lake's position is somewhat less confused than Almquist's. Dot Lake did not join in Almquist's motion and so was obliged to file its own which it has not.

Returning to the merits of the underlying action, in at least one perspective: why is it that Congress would confer on a tribal council the money, land and authority to participate in Indian housing developments – as it has done – and *also* confer on tribes the power to micromanage projects already funded, constructed, and managed as Indian housing rental units? And if the tribes have this power – even to the point of breaking commitments already made as ground lessors, for example, or as transferees of the triplex – then how can Congress confer on tribes the power to dictate a rule of decision to state courts in pending evictions, so that tribal will prevails over the rule of law, just because a tribal member is being evicted?

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

**III.    Conclusion**

This court should grant Plaintiff IRHA's motion for a continuance if it does not resolve the underlying merits of the dispute on the pending motion(s).

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

**III.    Conclusion**

This court should grant Plaintiff IRHA's motion for a continuance if it does not resolve the underlying merits of the dispute on the pending motion(s).

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

DATED this _____ day of August, 2006.

                ASCHENBRENNER LAW OFFICES, INC.
                Attorneys for Plaintiff IRHA


                By:   /s/ Peter J. Aschenbrenner
                      Peter J. Aschenbrenner
                      Bar No. 7210037


**Certificate of Service**

The undersigned hereby certifies that on the _____ day of August, 2006, the foregoing document was served via ECF/Mail on:

Michael J. Walleri, Esq.
Mark Andrews, Esq.

and served by first class mail on:

Charles Miller
c/o Dot Lake Tribal Council
P.O. Box 2279
Dot Lake, AK  99737


By:   /s/  Peter J. Aschenbrenner
       Peter J. Aschenbrenner

Reply in Support of Plaintiff's Motion for Rule 56(f) Continuance to Oppose Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

L:\LAW\I\IRHA\ALMQUIST\FEDERAL COURT PLEADINGS\56 F MOTION\REPLY VER 014.DOC

Memorandum in Support of Rule 56(f) Continuance / Preliminary Opposition to Motion to Dismiss
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1