IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>      Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, et al.,<br><br>      Defendants. | Case No. 4:06-cv-0018-RRB<br><br>**ORDER RE PENDING MOTIONS** |

      Inasmuch as the parties have been heard on the matter, the Court concludes the need for injunctive relief on an expedited basis has passed.[1]  Consequently, Plaintiff's Motion for Temporary Restraining Order at **Docket No. 3** is hereby **DENIED**.  And, because Plaintiff's request for an extension of time at Docket No. 23 suggests that Plaintiff "lacks sufficient means to make a showing

---

    [1] "A temporary restraining order typically is sought and issued on an ex parte basis and operates to prevent immediate irreparable injury until a hearing can be held to determine the need for a preliminary injunction."  11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2941 (2d ed. 1995).

of probable success on the merits sufficient to support the injunction it seeks . . . ,"[2] Plaintiff's Motion for Preliminary Injunction at **Docket No. 4** is also **DENIED**.[3]

ENTERED this 18th day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[2] Clerk's Docket No. 28 at 2. A preliminary injunction is appropriate when a plaintiff "establishes [either] (1) probable success on the merits and irreparable harm if relief is denied, or (2) that there are serious questions on the merits and the balance of hardship tips sharply in favor of plaintiff." Rowe v. Burton, 884 F. Supp. 1372, 1375 (D. Alaska 1994) (citing Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc., 944 F.2d 597, 602 (9th Cir. 1991)).

[3] In particular, Plaintiff asserts that it cannot provide the Court with evidence supporting accusations that: (1) Dot Lake is not a duly organized and recognized tribal village with a fully executed and approved tribal constitution; (2) Dot Lake Tribal Council lacks authority under tribal law to adopt Ordinance No. 06-01-01; (3) NAHASDA does not authorize a tribe to adopt ordinances for completed tribal housing projects; and (4) the tribal council lacked authority to adopt ordinances regulating evictions. Id. at 2-3 (citing Clerk's Docket No. 23 at 7).