Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address:  823 Third Avenue, Fairbanks, Alaska  99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska  99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>                    Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>                    Defendants. | Case No. 4:06-CV-00018 RRB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT ALMQUIST'S
MOTION TO DISMISS COUNT I**

Plaintiff Interior Regional Housing Authority ("IRHA"), by and through its undersigned counsel, opposes Defendant Almquist's Motion to Dismiss Count I.

**I.     POSTURE OF THE CASE**

Defendant Almquist filed a Motion to Dismiss Count I of IRHA's Complaint on August 7, 2006.  Almquist's motion, rather than being directed to facts outside the pleadings, concedes (as it must) all well-pleaded material facts and seeks dismissal as a matter of law on

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

the single ground that IRHA "has alleged impairment of contract by government action." (at p. 2) The United States Supreme Court has restated the well-pleaded allegations rule in *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807 (1994): "We review a decision of the Court of Appeals for the Seventh Circuit affirming the grant of a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and we must therefore accept the well-pleaded allegations of the complaint as true."

IRHA's Complaint, particularly at ¶15, alleges that NAHASDA (citation following) is "the governing law relating to this case." The Complaint quotes relevant provision of Sec. 207(a)(5), 25 USC 4137(a)(5), which section is titled "Lease requirements and tenant selection," and which reads in pertinent part as follows:

> (a) Leases. --- Except to the extent otherwise provided by or inconsistent with tribal law, in renting dwelling units in affordable housing assisted with grant amounts provided under this Act, the owner or manager of the housing shall utilize leases that ---
> (5) require that the owner or manager may not terminate the tenancy, during the term of the lease, except for serious or repeated violation of the terms or conditions of the lease, violation of applicable Federal, State, tribal, or local law, or for other good cause … .

IRHA alleges in its pleading that it has NAHASDA sufficient business and economic necessity to evict Almquist. Paragraph 16 of IRHA's Complaint alleges: "Plaintiff IRHA sued Defendant Almquist in state court and in that action obtained a ruling that IRHA has good cause under NAHASDA to obtain an eviction order." The Complaint goes on to explain how Almquist obtained an ordinance to stop the eviction; District Court Judge Raymond Funk stated from the bench on June 14th, 2006 (on the fourth non-consecutive day of hearings): "I won't grant the FED. There was an initial lease, then month to month tenancy, then they could for limitations of good cause grant it. The court finds good economic reasons for IRHA

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

to make the decision. Except the court finds the case is controlled by the tribal ordinance I would have granted an eviction a week from today… ." Complaint, ¶16. The question is one of federal law: Does NAHASDA supply federal rights for IRHA to sue on in state court?

Moreover, Alqmuist wholly fails to address the standard of review for this court's consideration of the motion. Almquist fails to point to a single allegation as not well-pled; she does not dispute that all the necessary facts are pleaded. Take *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). "Helfant's allegations that members of the New Jersey Supreme Court were involved in coercing his grand jury testimony must, for present purposes, be assumed to be true." (at 125) But this did not save this state defendant attempting to litigate his way past *Younger v. Harris* [401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669(1971)], restraints on abstention. He lost both the motion for preliminary injunction and the follow-on motion to dismiss because his pleadings were deficient. "However he may choose to describe it, the gravamen of Helfant's complaint is that members of the New Jersey judiciary have become so personally involved in his case that it is impossible for him to receive a fair hearing in the state-court system." (*Helfant* at 126 n.6). The missing link was this: "Helfant does not allege, and it certainly cannot be assumed, that no trial judge in New Jersey will be capable of impartially deciding his case simply because of the alleged previous involvement of members of the New Jersey Supreme Court." (*Id.* at 127).

Almquist provides no such analysis of IHRA's Complaint and its attached supporting documents. Almquist does not argue that IRHA is missing a link in its allegations or that IHRA (as plaintiffs do in ERISA cases) is twisting the facts to make its case a state law to avoid the preempting impact of ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

(2004)[removal of action turns on court's analysis of essential allegations well pleaded complaint for federal relief].

Almquist cites to no surplusage or deficiency. The Almquist urges is that a civil rights action would not lie against an Indian tribe; but if a tribal court had issued an injunction to protect Almquist this court would still have jurisdiction. *Burrell v. Armijo*, 2006 WL 2045821 (10th Cir. 2006):

> The Supreme Court, citing the promotion of tribal self-government and principles of comity (as opposed to a jurisdictional prerequisite), has required litigants to exhaust their tribal court remedies before a district court may evaluate the existence of a tribal court's jurisdiction. *Iowa Mut.,* 480 U.S. at 15-16, 107 S.Ct. 971; *see Texaco, Inc. v. Zah,* 5 F.3d 1374, 1378 (10th Cir.1993) (noting that "[w]hen the activity at issue arises on the reservation, [exhaustion] policies almost always dictate that the parties exhaust their tribal remedies before resorting to a federal forum"); *Smith v. Moffett,* 947 F.2d 442, 444 (10th Cir.1991) (stating that application of the exhaustion requirement does not depend on the existence of a pending action in a tribal court). This exhaustion policy provides a tribal court the first opportunity to examine its own jurisdiction, but is subject to the following exceptions: (1) "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' " *Nat'l Farmers,* 471 U.S. at 857 n. 21, 105 S.Ct. 2447 (internal citation omitted); (2) "where the [tribal court] action is patently violative of express jurisdictional prohibitions," *id.;* (3) "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction," *id.;* (4) "[w]hen ⋯ it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by [the main rule established in *Montana v. United States*]," *Strate v. A-1 Contrs.,* 520 U.S. 438, 459 n. 14, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997); or (5) it is otherwise clear that the tribal court lacks jurisdiction so that the exhaustion requirement " 'would serve no purpose other than delay,' " *Nevada v. Hicks,* 533 U.S. 353, 369, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001) (internal citation omitted). Allegations of local bias and tribal court incompetence, however, are not exceptions to the exhaustion requirement. *Iowa Mut.,* 480 U.S. at 19, 107 S.Ct. 971.
>
> After exhaustion is completed, litigants may seek federal court review of a tribal court's ruling that it had jurisdiction. *Iowa Mut.,* 480 U.S. at 19, 107 S.Ct. 971; *Nat'l Farmers,* 471 U.S. at 853, 105 S.Ct. 2447. But "[u]nless the district court finds the tribal court lacked jurisdiction or withholds comity for some other valid reason, it must enforce the tribal court judgment without reconsidering issues decided by the tribal court." *AT & T Corp. v. Coeur*

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

> *D'Alene Tribe,* 295 F.3d 899, 905 (9th Cir.2002) (citing *Iowa Mut.,* 480 U.S. at 19, 107 S.Ct. 971).  (slip opinion at 7-8)

Here Almquist's counsel's own maneuvering comes back to haunt. There is no tribal court which IRHA assails in federal litigation.   There was no forum created for tribal housing disputes. What happened is that two tribal leaders signed a document that Almquist's counsel faxed to them, and that "ordinance" is attacked, not any action by a tribal court. As summarized in IRHA's Memorandum in Support of Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order filed June 29, 2006:

> The principal claim brought by IRHA is that the Village of Dot Lake cannot adopt a tribal ordinance which deletes one of the landlord's "tools" or claims on which the landlord can seek to recover possession of a unit built with NAHASDA funds.  Here Dot Lake deleted "good cause" – meaning economic or business reasons of the landlord – to support an eviction. There is no question that IRHA would have been awarded FED relief because the state court found good cause, but found that the good cause was restricted or, in essence, abrogated by the tribal ordinance.  At 4.

> IRHA's Complaint makes clear that it has a statutory right to assert business and economic reasons to evict tenants from NAHASDA housing: "Plaintiff IRHA is entitled to evict Defendant Almquist for good cause under NAHASDA Sec. 207(a)(5), 25 USC Sec. 4137(a)(5)."  Complaint at ¶11.

In addition, 24 CFR Sec.1000.134 governs circumstances in which a "recipient (or entity funded by a recipient) demolish or dispose of current assisted stock."

> (a) A recipient (or entity funded by a recipient) may undertake a planned demolition or disposal of current assisted stock owned by the recipient or an entity funded by the recipient when:
> (1) A financial analysis demonstrates that it is more cost-effective or housing program-effective for the recipient to demolish or dispose of the unit than to continue to operate or own it; or

It is also clear that these landlord rights were embodied in the rental agreement.  The IRHA Landlord-Tenant Rental Contract under which Almquist claims to be bound, provides in Part B-7-d (3) that "After the first month of rental contract, such good cause includes ... (b) A

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the IRHA's desire to rent the unit for a higher rent)." Doc. Att. 8.[1]

It is worthwhile to tease out the back and forth of the state court proceedings: IRHA sued for eviction relief under Alaska federal law. Along the way, Almquist challenged IRHA's right to evict for business and economic reasons, citing NAHASDA. IRHA then riposted that NAHASDA supported its position and cited the state District Court to the statute and regulations on point.

At the time that IRHA lost the eviction it also proved up its lease to the state District Court's satisfaction, pointed out that the grounds for eviction under that lease lined up with NAHASDA and NAHASDA regulations, and was also able to show that it had satisfied state and federal grounds for eviction; only the tribal "ordinance" which Almquist's counsel created stood in the way of Almquist's eviction.

IRHA has not sued Alqmuist in federal court and does not seek any relief from this court upholding any such contract rights, apart from its position that it has rights under NAHASDA to enter into the housing arrangements it had with Dot Lake triplex tenants without fear of tribal members obtaining "ordinances" to bar their eviction. It obtained all the vindication and relief it sought or could seek from the state court in an FED proceeding. Absent the "faxed down, faxed back" ordinance and six to seven minutes of the Miller Defendants' time and trouble, IRHA would have won the eviction.

Under Federal Rule of Evidence 201, "Judicial Notice of Adjudicated Facts," "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

---

[1] The documents cited in IRHA's Complaint were filed with the court in a separate pleading entitled Plaintiff's Documents Attachment Filed in Support of its Motions for Temporary Restraining Order and Preliminary Injunction at Docket No. 5.

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 6

generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b). Under Rule 201(d), "A court shall take judicial notice if requested by a party and supplied with the necessary information." IRHA has provided the "Transcript of Proceedings" in the FED proceeding for Case Number 4FA-06-4121 CI as Exhibit A to its Motion for Rule 56(f) Continuance/Preliminary Opposition to Motion to Dismiss. IRHA respectfully requests this court take judicial notice of the findings by the Hon. Judge Funk in these proceedings.

### III.   CONCLUSION

The assertion that IRHA is suing on its contact rights and seeking vindication in federal court for contract benefits against Almquist is particularly obtuse. IRHA won in state court on both state ground and federal grounds: the state grounds it raised as a matter of FED law (under AS 9.45 and AS 34.03), and through its responses (under federal law) to the questions Almquist raised in the four days of proceedings. IRHA does not need this court to tell the state court or the tribe that IRHA has contract rights that must be respected. IRHA won that battle.

What IRHA needs is for this court to construe NAHASDA and HUD regulations, and order Almquist to stop deploying tribal lawmakers to interfere with its NAHASDA rights.

DATED this 22nd day of August, 2006.

                                 ASCHENBRENNER LAW OFFICES, INC.
                                 Attorneys for Plaintiff IRHA


                                 By:   /s/ Peter J. Aschenbrenner
                                      Peter J. Aschenbrenner
                                      Bar No. 7210037

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 7

**Certificate of Service**

The undersigned hereby certifies that on
the 22nd day of August, 2006, the foregoing
document was served via ECF on:

Michael J. Walleri, Esq.
Mark Andrews, Esq.

By:   /s/  Peter J. Aschenbrenner
        Peter J. Aschenbrenner

Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss Count I
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 8