Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


Interior Regional Housing Authority,

        Plaintiff,

Vs.

Barbara Almquist, et al.

        Defendants
_____/     Case No. 4:06-CV-00018 (RRB)


Memorandum In Support of Motion to Dismiss
by Native Village of Dot Lake, William J. Miller and Charles Miller

The Dot Lake defendants move to dismiss the Complaint of the Interior Regional Housing Authority.  Dot Lake offers this abstention argument a second time because the District Court's recent order did not need to reach the abstention question.  Order re Pending Motions; Dkt 32, Aug 18, 2006.

Summary

In order to find a federal issue, the Complaint depends entirely on a pending state court action and a state court order that IRHA disagrees with.

Plaintiff artfully arranges its allegations so that the federal court is never asked to directly interfere with the state court.  However, Plaintiff simply tries to do indirectly what it cannot do directly.  First Plaintiff asks for a substantive federal court ruling that is the opposite of the state court ruling.  Then Plaintiff wants an injunction that would prevent the Defendants from raising certain defenses in state court.  In this manner, Plaintiff will cause the federal court to supervise the activities of the state court—by having the federal court regulate the defenses that the Defendants can offer in state court.

This federal/state entanglement is precisely what the *Rooker-Feldman* doctrine is designed to prevent.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1. <u>The substance of the federal Complaint is already before the Alaska District Court.</u>

The IRHA sued Barbara Almquist in state court to evict her from her triplex in Dot Lake.  Complaint, ¶¶6, 16.  The state court activity is the focus of the Complaint.  Complaint, ¶¶11, 14-22.  The Complaint emphasizes that its grievance arises from the order of an Alaska District Court Judge.  The Alaska

District Court denied the IRHA the relief that the Housing Authority wanted. The Complaint quotes the state court ruling that IRHA objects to. Complaint, ¶16. The Complaint asks for a federal declaratory judgment that runs contrary to the state court order.

The Complaint remains silent on several critical issues. The Complaint does not allege that the state court action has proceeded even as far as a final order. The Complaint does not allege that the courts of the State of Alaska are not competent to hear the Plaintiff's issues. The Complaint does not explain why it cannot use its two remaining appeals as of right under state law. The Plaintiff simply has decided unilaterally to bypass its remaining state appeals.

Count II of the Complaint alleges that the federal District Court has supplemental jurisdiction over state law claims. Complaint ¶¶12, 24. This Count makes the situation worse: not only does IRHA want the federal court to conduct an interlocutory review of a state court proceeding, IRHA wants a *piecemeal* interlocutory review of a state court proceeding. Plaintiff's state law claims are set forth at Complaint ¶¶25-26. The asserted issues concern the power of Dot Lake to pass the ordinance challenged by IRHA.

None of the supposed state law claims involve the eviction itself. So the question of Dot Lake's substantive defenses would be heard in federal court, while the question of the eviction itself would remain pending in state court. In other

words, IRHA wants the federal district court to issue a declaratory judgment contrary to the ruling of the state court on certain selected legal issues, while the substantive eviction proceeding itself is still going forward in state court.

The Prayer for Relief shows the severity of the requested federal intrusion into state court activities. The Housing Authority asks for an injunction that would enjoin Barbara Almquist and Dot Lake from raising the Dot Lake ordinance as a defense in state court. Prayer for Relief, ¶4. IRHA wants an injunction "restraining all Defendants from asserting that [the ordinance] is a valid exercise of tribal lawmaking and from asserting that said ordinance is entitled to comity or recognition in state or federal court…" Prayer for Relief, ¶4; *see* Complaint ¶¶21, 22, 28 (same). In other words, IRHA wants the federal court to tell the Defendants what defenses they may lawfully raise in state court. In this manner, Plaintiff would have the federal court supervise the courts of the State of Alaska.

2. The United States District Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

*Rooker-Feldman* is the judicial doctrine which applies the Congressional prohibition against federal court involvement in state court proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. §2283.  As noted, Plaintiff Housing Authority has drafted its pleadings so as to avoid asking directly for federal review of the Alaska state court.  The injunction, if issued, would be against the parties.  However, as will be seen, this procedural dodge has been tried before, and has lost before.

The *Rooker-Feldman* doctrine is "an abstention doctrine, under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's clear that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

"At its core the *Rooker-Feldman* doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction.  Thus, it follows that federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000)(en banc)(cites and internal quotes omitted).  State-court determinations are subject to federal review, if at all, only in the United States Supreme Court. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970); *Gruntz*, 202 F.3d at 1078..

The *Rooker-Feldman* doctrine applies in the instant case. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). *Doe & Associates* is especially instructive; the challenged state court order was an interlocutory order, as in the instant case. 252 F.2d at 1030. In *Doe & Associates* the plaintiff argued specifically that the *Rooker-Feldman* doctrine did not apply because the challenged state order was interlocutory. The Ninth Circuit relied on precedent to hold that the doctrine does indeed apply. 252 F.3d at 1030.

The roundabout procedural device that the Plaintiff attempts in this federal action has been tried before, and it has lost three times in the United States Supreme Court. "It is settled that the prohibition of [28 U.S.C.] section 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line R.R.*, 389 U.S. at 287. *Atlantic Coast Line* relied upon two earlier Supreme Court decisions. *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9 (1940); *Hill v. Martin*, 296 U.S. 393, 403 (1935). IRHA does not have a procedural path around the ordinary application of the *Rooker-Feldman* doctrine, and the Complaint must be dismissed.

Plaintiff brings its claim to federal court because it lost a hearing in state court. Complaint ¶16. The Plaintiff's remedy is to appeal to the next higher state court. IRHA came to federal court with two levels of state court appeals left before it. This case was heard in Alaska District Court, before The Honorable Ray Funk. Complaint ¶16. Forcible entry and detainer cases (FED's) are referred to the Alaska District Court when the dollar amount at issue is within in the court's jurisdictional limit. Alaska Civil Rule 85(b). For FED actions, that limit is $100,000.00. Alaska Statutes 22.15.030(a)(6)(civil jurisdiction of district court). A case that exceeds that limit does not go to federal court; it goes to Alaska Superior Court.

A judgment of the Alaska District Court is appealable to the Alaska Superior Court. Alaska Statutes 22.15.240(a). An appeal to the Superior Court is a matter of right. Alaska Statutes 22.10.020(e). The Alaska Rules of Court provide for the Alaska Superior Court to be a court of appeal. Alaska Rules of Appellate Procedure, Part 600. Appeals are due in Alaska Superior Court within thirty days of distribution of judgment. Alaska Rule of Appellate Procedure 602(a).

In order to find in favor of Plaintiff IRHA, the United States District Court must find that the Alaska District Court was wrong. IRHA wants a decision contrary to that of the state court so that it can use that decision to support an

injunction against Dot Lake and Almquist. The injunction would enjoin the Defendants against using defenses that the state court had previously accepted.[1] In substance, IRHA asks the federal District Court to conduct an appellate review of a state court proceeding. The claims brought to the federal trial court are inextricably intertwined with those litigated in the state trial court. *Rooker-Feldman* applies. *Doe & Associates*, 252 F.3d at 1030.

In response to a judgment from the lowest Alaska state court, Plaintiff took its case to the United States District Court. Rather than repeat this point endlessly, Dot Lake will state it only once more: the Complaint makes no offering, literally not a word, to explain why it could not follow the ordinary avenues that Alaska state law offers to an aggrieved litigant.

Relief is available in state court. IRHA wants declaratory judgments and injunctions. Complaint, ¶21, 22, 27, 28; Prayer for Relief ¶¶1, 2, 3, 4. The Alaska state courts have the power to issue declaratory judgments and injunctions. Alaska Statutes 22.10.020(g)(declaratory judgments); 22.10.020(c)(injunctions and all writs); 22.10.050 (all necessary power and authority). The Alaska rules of court provide for declaratory judgments and injunctions. Alaska Civil Rules 57(a)(declaratory judgments); 65 (injunctions).

---

[1] Dot Lake is not a defendant in state court, but would be covered by the injunction as requested by IRHA. Complaint ¶¶21, 22, 27, 28; Prayer for Relief ¶¶1, 2, 3, 4.

The Alaska District Court still has jurisdiction over the state case. From the time of service of process, "the court acquires jurisdiction and has control over all subsequent proceedings." Alaska Statutes 09.05.010.

Federal jurisdiction is not preserved by the addition of new defendants not present in state court. IRHA claims that the tribal ordinance is unenforceable. The courts of the State of Alaska are competent to hear such defenses. *Native Village of Stevens v. Alaska Management & Planning*, 757 P.2d 32 (Alaska 1988) (availability of defenses under a federally-funded contract); *Native Village of Eyak v. GC Contractors*, 658 P.2d 756 (Alaska 1983)(applicability of federal contract statute). IRHA argues that the tribal ordinance is not entitled to comity. Complaint ¶27; Prayer for Relief ¶4. The courts of the State of Alaska are competent to consider and resolve the federal/state comity issue. *John v. Baker*, 982 P.2d 738, 762-64 (Alaska 1999) (criteria for granting comity to tribal court decisions). The Complaint asks for a declaratory judgment. Complaint, Prayer for Relief, at 8, ¶1. The Alaska Superior Court has the power to issue a declaratory judgment. Alaska Statutes 22.10.020(g).

Dot Lake is a tribal government that has passed an ordinance. Plaintiff is free to argue in State court that the ordinance is unenforceable, and its argument is unaffected by the presence or absence of Dot Lake as a party. In *John v. Baker* the

tribe was not a party, and yet the Alaska Supreme Court had no difficulty reaching the question of state recognition of a tribal custody order.

The Alaska state courts are competent to interpret and resolve questions arising from a federal law, the Native American Housing Assistance and Self-Determination Act.  The presence of this law, in and of itself, does not create a federal question.

The United States District Court lacks subject matter jurisdiction over the Plaintiff's claims.  By statute and judicial doctrine, the courts of the United States can neither regulate the defenses available to a litigant in a pending state court proceeding, nor regulate the claims that the plaintiff may assert in that same proceeding.  By reason of all of the above, the Native Village of Dot Lake, William Miller and Charles Miller ask the United States District Court to dismiss this action.

Mark Andrews                                                       Dated: August 23, 2006.

/s/ Mark Andrews

Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251