Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Defendant Almquist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>     Plaintiff,<br><br>v.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE, aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MIILER, CHARLES P. MILLER, AND JOHN DOES NO 1-3, all in their official capacities.<br><br>     Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT I [(FRCP 12(b)(6)]**<br><br><br>Case No. 4:06-cv-0018-RRB |

  Barbara Almquist seeks to dismiss Count I because IRHA has failed to state a cognizable cause of action. Count I alleges a violation of 25 USC 4137.[1] In it's seven (7) page opposition, IRHA fails to offer a single legal authority to suggest that IRHA has a cognizable cause of action against the tribe and Ms. Almquist under

---

[1] §207 of the Native American Housing Assistance and Self-Determination Act (NAHASDA)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Reply: Motion to Dismiss Count I.

Page 1 of 10

NAHASDA, or that § 4137 prevents a tribe from enacting a landlord/tenant ordinance applicable to NAHASDA low income projects.

## I. IRHA HAS ABANDONED ANY CLAIM FOR CONSTITUTIONAL RIGHTS VIOLATION.

Almquist assumed that IRHA's claim of tribal "interference" with contract rights was analogous to an allegation of government interference with the right of contract (i.e. deprivation of constitutional rights under color of tribal law). However, as noted in the opening memorandum, there is no federally cognizable claim for deprivation of constitutional rights under color of tribal law. *R.J. Williams Co. v Ft. Belknap Housing Authority 719 F2d 979 (9th Cir., 1983) cert den (1985) 472 US 1016, 87 L Ed 2d 612, 105 S Ct.* Indeed, no federal cause of action was found where a contractor bringing suit against a tribal housing authority alleged that a tribal action interfered so as to prevent the suit. *Shubert Constr. Co. v. Seminole Tribal Housing Authority, 490 F. Supp. 1008 (S.D. Fl., 1980).*

IRHA's opposition failed to present a contrary argument for this proposition, and IRHA should be deemed to abandon any claim for violation of interference with contractual rights protected by the Constitution or Indian Civil Rights Act. If IRHA

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Reply: Motion to Dismiss Count I.

Page 2 of 10

is actually making these claims, the Court should dismiss Count I because it simply fails to state a cognizable cause of action under federal law.

## II. IRHA DID NOT RESPOND TO THE PROPOSITION THAT NAHASDA DOES NOT PROVIDE A PRIVATE CAUSE OF ACTION.

The motion to dismiss also noted that Court's have found that no private cause of action exists to enforce the terms of NAHASDA. See Def. Memo, at 4, citing *Solomon v. Interior Reg'l Hous. Auth.,* 313 F.3d 1194; (9th Cir., 2006) IRHA's opposition did not address this issue with legal authority or analysis described in that case.[2] In essence, IRHA is conceding that there is no cognizable private cause of action to enforce the terms of NAHASDA. Indeed, the cited case was a case in which IRHA took the affirmative position that there was no private cause of action

---

[2] In *Solomon*, the court reviewed NAHASDA in light of the factors articulated in *Cort v. Ash,* 422 U.S. 66, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975), and found that Congress had not provided a private cause of action to enforce the terms of NAHASDA. Those factors included

> whether the statute was enacted for the benefit of a special class of which the plaintiff is a member." Second, we must ascertain whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one." This factor requires an examination of legislative history. Third, we consider whether implying a private remedy "would frustrate the underlying purpose of the legislative scheme. Finally, we analyze "whether implying a federal remedy is inappropriate because the subject matter involves an area basically of concern to the States." In a case involving an Indian tribe, we apply the final factor by determining whether "federal remedies would interfere with matters traditionally relegated to the control of semisovereign Indian tribes."

313 F.3d, at 1197 (citing *Cort v. Ash, supra,* and *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56 L. Ed. 2d 106, 98 S. Ct. 1670 (1978)).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Reply: Motion to Dismiss Count I.

Page 3 of 10

to enforce the terms of NAHASDA.    On that basis alone, the Court should dismiss Count I.

### III. MS. ALMQUIST AND THE TRIBE HAVE NOT VIOLATED NAHASDA.

Having abandoned any claim to government interference with the right of contract and conceding no private cause of action to enforce the terms of NAHASDA, IRHA argues in its opposition, that

> The principal claim brought by IRHA is that the Village of Dot Lake cannot adopt a tribal ordinance which deletes one of the landloard's tool or claims on which the landloard can seek to recover possession of a unit built with NAHASDA funds. [3]

IRHA provides further clarification of its position by stating that IRHA is not seeking vindication of it's state law contractual rights, but rather, IRHA is asking this Court to

> construe NAHASDA and HUD regulations, and order Almquist to stop deploying tribal lawmakers to interfere with its NAHASDA rights.[4]

---

[3] IRHA's. Op., at p. 5, citing IRHA's Motion for Preliminary Injunction. Count I of the complaint seeks declaratory relief
> declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that Plaintiff IRHA and all Defendants are bound by federal law, and that any tribal law which reduces, undercuts or negates the rights of Plaintiff IRHA cannot be applied in the state court case or is preempted by federal law

[4] Id., at 7

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Finally, IRHA clearly abandons any argument that it's seeks vindication of any contractual rights, when it argues that it "does not seek any relief from this court upholding any such contract rights."[5]

Thus framed, IRHA rests its claims solely upon whether NAHASDA prohibits a tribe from enacting landlord tenant ordinances applicable to the tribe's tribally designated housing entity?[6] The answer is clear: NAHASDA expressly authorizes a tribe to regulate the activities of its tribally designated housing entities through the adoption of a tribal landlord tenant ordinance.

---

[5] Id. at 6 IRHA somewhat confuses its argument by suggesting that its rights "were embodied in the rental agreement", Id, at 5 as opposed to its rights as contained in NAHASDA.  Such an argument might suggest that IRHA was asserting state law claims.  If that were the case, it is clear that the federal courts would not have jurisdiction. *Weeks Constr., Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668 (8th Cir. 1986) citing *Martinez v. Southern Ute Tribe*, 249 F.2d 915, 917 (10th Cir. 1957), *cert. denied*, 356 U.S. 960, 78 S. Ct. 998, 2 L. Ed. 2d 1067 (1958) for the principal that federal question jurisdiction does not exist merely because an Indian is a party or because the suit involves Indian property or contracts. *See also Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315, (9th Cir. 1982); *Schantz v. White Lightning*, 502 F.2d 67, 69 (8th Cir. 1974); *Superior Oil Co. v. Merritt*, 619 F. Supp. 526, 529 (D. Utah 1985).  However, IRHA's other disclaimers clarify that it is asserting that Ms. Almquist and the tribe are violating the terms of NAHASDA.   The principal reason that IRHA cannot assert contract claims against Ms. Almquist is that there is not contract between IRHA and Ms. Almquist. However, even if IRHA is asserting contractual rights, there is no landlord/tenant contract between Almquist and IRHA.  The only landlord/tenant contracts in the record are between Jason Corgill and IRHA, and IRHA and Dot Lake. IRHA does not claim that NAHASDA governs the IRHA/Dot Lake lease. Moreover,  IRHA has failed to identify any provision of either contract which is violated by the tribal ordinance.  Finally, Corgill is not a party to this suit.  If IRHA'S rights are embedded in NAHASDA governed  rental agreement governed by NAHASDA, those rights are vis-à-vis Mr. Corgill; not Ms. Almquist or the tribe.

[6] Of course, IRHA incorrectly assume that it has a private cause of action to enforce the terms of NAHASDA See Sec. II above

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA offers no legal authority to support its contention that 25 USC 4137 prohibits a tribe from enacting a tribal landlord/tenant ordinance. Rather, IRHA's argument rests upon the plain language of the statue. However, the plain reading of the statute confirms that the tribe has the authority to regulate landlord tenant relations with respect to NAHASDSA projects.

25 USC 3147 provides for minimum lease standards for low income tenant leases. In doing so, Congress provided that a landlord may terminate a tenancy "for other good cause," "<u>Except to the extent otherwise provided by or inconsistent with tribal law.</u>"[7] (emphasis added)  The section creates a general rule and an exception. The general rule is that a landlord may terminate a tenancy "for other good cause." However, statute also makes a clear and unambiguous exception: i.e. "Except to the extent otherwise provided by or inconsistent with tribal law." The gravaman of IRHA's claim is that the general rule embodied in § 4137 creates enforceable rights that a tribe may not limit. However, such construction clearly ignores the exception that is unequivocally expressed in the statute: i.e. <u>Except to the extent otherwise provided by or inconsistent with tribal law.</u>"[8] In other words, IRHA would like this court to apply the general rule without regard to the exception created in the statute

---

[7] Id.
[8] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

(i.e. when a tribe provides otherwise). Clearly, such a construction subverts the plain meaning of the statutory language.

IRHA's opposition failed to point to any provision of NAHASDA which prohibits a tribe from enacting a landlord/tenant ordinance, or restricting the application of such ordinances to tribally designated housing entities or programs funded under NAHASDA. The reason is obvious: there is no such provision.

More to the point, the Ninth Circuit has recently agreed with other Circuits holding that the rights and liabilities of a tribal housing authority are governed by the authorizing tribe's ordinances. *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974 *(9th Cir. 2006)* [holding: Tribally designated housing authority subject to tribal ordinance waiving immunity from suit] citing *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 30 (1st Cir. 2000); *Namekagon Development Co. v. Bois Forte Reservation Housing Authority, 395 F. Supp. 23 (D. Minn. 1974), aff'd, 517 F.2d 508 (8th Cir. 1975); Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 671 (8th Cir. 1986); Whitebird v. Kickapoo Hous. Auth., 751 F. Supp. 928, 929-30 (D. Kan. 1990); Snowbird Constr.Co. v. United States, 666 F. Supp. 1437, 1441 (D. Idaho 1987); Duluth Lumber & Plywood Co. v. Delta Dev., Inc., 281 N.W.2d 377, 383-84 (Minn. 1979)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA has offered no legal authority for the proposition that a tribally designated housing authority is not subject to tribal ordinances. While the weight of authority, including in this Circuit, denies IRHA position, it must be noted that IRHA's position is fundamentally counter-intuitive and contrary to the fundamental policies of NAHASDA.   IRHA's position is counter-intuitive because it is axiomatic that if a tribe has sufficient authority to empower an entity to serve as the tribal housing authority, it necessarily follows that the tribe has the lesser power to regulate the activities of its designated housing entity. HUD regulations expressly provide that a tribe has oversight authority over its tribally designated housing authority.[9]  Moreover, IRHA's position is contrary to the policies of NAHASDA because the statute expresses a policy that provides that

> Federal assistance to meet these responsibilities should be provided in a manner that recognizes the right of Indian self-determination and tribal self-governance by making such assistance available directly to the Indian tribes or tribally designated entities under authorities similar to those accorded Indian tribes in Public Law 93–638 (25 U.S.C. 450et seq.).

25 USC 4101 (7).  Tribal self-determination clearly means that tribal affairs should be regulated by tribal governments, unless Congress has specifically limited tribal powers. *Cheyenne River Sioux Tribe v. Andrus, 566 F.2d 1085  (8th Cir. S.D. 1977)*  As a

---

[9] 24 CFR § 1000.550.  See also. 24 CFR § 1000.510

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Reply:  Motion to Dismiss Count I.

Page 8 of 10

general matter, internal tribal disputes are not subject to federal court judicial review. *Fondahn v. Native Village of Tyonek, 450 F.2d 520 (9th Cir. 1971)* The current dispute between a tribe and its tribally designated housing authority is clearly an internal tribal dispute, to which the federal courts should not interfere without express statutory authority. Therefore, in addition to the fact there is not legal basis for IRHA's claims, the housing authorities claims are fundamentally counter-intuitive and contrary to the fundamental policies of NAHASDA.

**CONCLUSION.**

For these many reasons, IRHA has failed to state a cause of action for which relief may be granted with regard to Count I, and the Court should dismiss the Count I.

DATED this 28TH  day of August , 2006, at Fairbanks, Alaska.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J Walleri
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (fax)
walleri@gci.net
AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                                          Page 9 of 10
Reply: Motion to Dismiss Count I.

Certificate of Service

I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on August 28TH, 2006 via ECF to:

> Mr. Peter Aschenbrenner
> Aschenbrenner Law Office
> P.O. Box 92090
> Anchorage, AK 99509

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Reply: Motion to Dismiss Count I.