Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address:  823 Third Avenue, Fairbanks, Alaska  99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska  99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>     Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>     Defendants. | Case No. 4:06-CV-00018 RRB |

**PLAINTIFF IRHA'S OPPOSITION TO
MOTION BY DEFENDANTS NATIVE VILLAGE OF DOT LAKE,
WILLIAM J. MILLER AND CHARLES MILLER TO DISMISS COMPLAINT**

  Plaintiff Interior Regional Housing Authority, by and through its undersigned counsel, Aschenbrenner Law Offices, Inc., hereby files its opposition to the Motion by Native Village of Dot Lake, William J. Miller and Charles Miller to Dismiss Complaint (dated August 23, 2006) pursuant to Fed.R.Civ.P. 12(b).  The Dot Lake Defendants argue (in their Memorandum in Support of Motion to Dismiss) that *Rooker Feldman* is "an

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

abstention doctrine, under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights," citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined. *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)"[1]

In a recent United States Supreme Court decision on the viability of *Rooker Feldman* abstention, *Exxon Mobil Corp. v. Saudi Basic Industries Corp,* 544 U.S. 280, 125 S.Ct. 1517 (2005), the court unanimously held that: "Where there is parallel state and federal litigation *Rooker-Feldman* is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that 'the pendency of an action in the state court is not a bar to proceedings concerning the same matter in the Federal court having jurisdiction.' *McClellan v. Carland,* 217 U.S. 268, 282 (1910)."

The Supreme Court then moved on to discuss the preclusion doctrine. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." (at 293). Defendants do not address preclusion because preclusion brings to the forefront the fact that IRHA and these Defendants were never involved in the same state court action and these Defendants could not even be parties to that action since IRHA filed it as an FED (eviction) action.

---

[1] Memorandum in Support of Motion to Dismiss by Native Village of Dot Lake, William J. Miller and Charles Miller, Docket No. 39, pp. 6.

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

What seems to irritate Defendants, on the merits, is that IRHA wants its federal day in court on issues that the Miller defendants made an inevitable bone of contention: Can those purporting to act for a tribal council issue suit-dispositive orders to a state court? In fact, the United States Supreme Court made quick work of any challenge to the propriety of a party seeking to obtain a federal court declaration of its federal rights. At footnote 9, Justice Ginsburg cited a litany of cases in which such "protective actions" were treated as rightful tactical prerogative, including *England v. Louisiana Bd. of Medical Examiners*, 275 U.S. 411, 421 (1964) which holding was blurbed as "permitting a party to reserve litigation of federal constitutional claims for federal court while a state court resolves questions of state law." *Id*.

Dot Lake, as an entity, did not take a position in state court, did not participate in the state court proceedings, did not file a lawsuit in state court, could not intervene in the state court eviction, and did not expose itself in any way to any adverse determination in state court. Had Judge Funk taken no notice of the ordinance or order in question, it would have no binding adverse precedent to wrestle with. If it wanted redress from Judge Funk's adverse decision, in this hypothetical, it would have to sue IRHA in federal court.

*Lance v. Dennis*, ___ U.S. ___, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006) is the very latest word word – "interring" – *Rooker Feldman*. Justice Stevens, dissenting (at 1203-1204), had the following observations. "Rooker and Feldman are strange bedfellows. Rooker, a unanimous, three-page opinion written by Justice Van Devanter in 1923, correctly applied the simple legal proposition that only this Court may exercise appellate jurisdiction over state-court judgments. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

416, 44 S.Ct. 149, 68 L.Ed. 362. *Feldman*, a nonunanimous, 25-page opinion written by Justice Brennan in 1983, was incorrectly decided and generated a plethora of confusion and debate among scholars and judges. ... Last Term, in Justice Ginsburg's lucid opinion in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Court finally interred the so-called "*Rooker- Feldman* doctrine." And today, the Court quite properly disapproves of the District Court's resuscitation of a doctrine that has produced nothing but mischief for 23 years." (internal citations omitted)

The *per curiam* opinion is just as dismissive of the viability of Rooker Feldman.

The *Rooker-Feldman* doctrine takes its name from the only two cases in which we have applied this rule to find that a federal district court lacked jurisdiction.
...
    Neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, and our cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule. See *Exxon Mobil*, 544 U.S., at 292, 125 S.Ct. 1517 (*Rooker-Feldman* does not apply to parallel state and federal litigation); *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644, n. 3, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (*Rooker-Feldman* "has no application to judicial review of executive action, including determinations made by a state administrative agency"); *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (*Rooker-Feldman* does not bar actions by a nonparty to the earlier state suit). Indeed, during that period, "this Court has never applied *Rooker-Feldman* to dismiss an action for want of jurisdiction." *Exxon Mobil, supra*, at 287, 125 S.Ct. 1517.
    In *Exxon Mobil*, decided last Term, we warned that the lower courts have at times extended *Rooker-Feldman* "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S., at 283, 125 S.Ct. 1517. *Rooker-Feldman*, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517." at 1201).

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

Now it is true that here IRHA was a plaintiff in state court and the Dot Lake defendants were non-parties; but that is even more reason for this court not to expand *Rooker Feldman*. A non-party, through the machinations of the lawyer for a party to a state court action, got a ruling that upheld tribal interference in an eviction proceeding. The tribe won something in state court without being a party.

It matters not whether the non-party to the state court proceedings was IRHA or the Dot Lake defendants. There has been no state court judgment in a suit in which both were joined as parties and which judgment would have preclusive effect on both parties. Thus there is no preclusionary effect to Judge Funk's ruling based on the preclusion grounds which are still viable after *Exxon Mobil v. Saudi Basic Industries* and *Lance v. Dennis* have trimmed back the overgrown *Rooker Feldman* doctrine. There is no way that this court is being asked by IRHA to redress a loss that the Dot Lake defendants inflicted on IRHA through the participation of these defendants in state court eviction proceedings.

The Motion to Dismiss filed by Defendants Native Village of Dot Lake, William J. Miller, Charles Miller should be denied.

DATED in Fairbanks, Alaska this  8th  day of September, 2006.

                ASCHENBRENNER LAW OFFICES, INC.
                Attorneys for Plaintiff IRHA


                By:   /s/ Peter J. Aschenbrenner
                      Peter J. Aschenbrenner
                      Bar No. 7210037

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

**Certificate of Service**

The undersigned hereby certifies that on the  8th  day of September, 2006, the foregoing document was served via ECF/Mail on:

Mark Andrews
Tanana Chiefs Conference
122 1st Avenue, Suite 600
Fairbanks, Alaska 99701

Michael J. Walleri, Esq.
Law Office of Michael J. Walleri
330 Wendell Street, Suite C
Fairbanks, Alaska 99701

By:     /s/  Peter J. Aschenbrenner

IRHA's Opposition to Motion by Defendants Native Village of Dot Lake, et al, to Dismiss Complaint
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 6