Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Interior Regional Housing Authority,

        Plaintiff,

Vs.

Barbara Almquist, et al.

        Defendants
_____/   Case No. 4:06-CV-00018 (RRB)

Reply In Support of Motion to Dismiss
by Native Village of Dot Lake, William J. Miller and Charles Miller

The words of Justice Ginsburg, writing for a unanimous court, reach the merits of the *Rooker-Feldman* issue and dispose of it:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon-Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005).

This ruling describes exactly the case before the District Court today. The Interior Regional Housing Authority comes to the federal court precisely because it is a "state-court loser". It has no other reason to be in federal court. Plaintiff lost a decision in an Alaska trial court. The Complaint quotes the state court ruling that IRHA objects to. Complaint ¶16. The IRHA "complains of injuries rendered by the state court judgment" and seeks relief.

The state court judgment "was rendered before district court proceedings commenced". The Alaska District Court issued its decision on June 14, 2006. Complaint ¶16. IRHA filed its federal Complaint about two weeks later.

The IRHA "invites district court review and rejection of" that judgment. IRHA asks that the federal court issue an opinion contrary to that of the state court regarding the tribal housing ordinance. Complaint ¶¶25, 26, 27, 28. The Dot Lake defendants are not parties to the state court proceedings. To close the loop and accomplish its goal, IRHA asks the federal District Court for an injunction against defendant Barbara Almquist, who is indeed a defendant in state court. The injunction would prevent Almquist from raising the tribal housing ordinance as a defense. Complaint ¶22, 28; Prayer for Relief ¶1,2,3,4. This set of injunctions, controlling the parties' conduct in state court, is a *de facto* appeal.

The Supreme Court reiterated the *Exxon-Mobil* test the next year. *Lance v. Dennis*, __ U.S. __, 126 S.Ct. 1198, 1199 (2006)(per curiam).

The *Rooker-Feldman* doctrine applies to federal review of decisions issued by the lower courts of the state. This issue arises because a Ninth Circuit decision after *Exxon-Mobil* appears to confine application of the doctrine to final judgments of the highest court in the state.

Before *Exxon-Mobil*, the Ninth Circuit applied *Rooker-Feldman* to interlocutory orders. *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). After *Exxon-Mobil*, the Ninth Circuit issued *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602 (9th Cir. 2005). Here is the court:

> In *Exxon Mobil*, the Supreme Court clarified that the *Rooker- Feldman* doctrine is only operative where a federal suit is initiated after state court proceedings have ended. 125 S.Ct. at 1526 ("In both [ *Rooker* and *Feldman*], the losing party in state court filed suit in federal court after the state proceedings ended ...."). Proceedings end for *Rooker- Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level.

*Mothershed*, 410 F.3d at 604, n. 1.

The *Mothershed* opinion did not overrule or distinguish *Doe & Associates*. *Mothershed* did not hold that *Exxon-Mobil* effectively negated *Doe & Associates*. Dot Lake submits that *Doe & Associates* remains good law because the policies

that disfavor review of the judgments of the highest court of the state also apply to judgments of the lower courts.

In *Exxon-Mobil* the Supreme Court did not hold that finality in the state court proceeding is part of the *Rooker-Feldman* test. The application of the doctrine requires only that (1) the federal plaintiff lost its case in state court and complains of injuries as a result; (2) the state court judgment was issued before the federal case was filed; and (3) the plaintiff invites federal review and reversal of the state court proceeding. 544 U.S. at 284; *Mothershed*, 410 F.3d at 606 (quoting *Exxon-Mobil*).

*Exxon-Mobil* made reference to the finality of the state court proceedings. E.g., 544 U.S. at 291, 293. However, *Exxon-Mobil* did not make finality a part of the new test. 544 U.S. at 284. Plaintiff Exxon-Mobil had filed its federal case well before any judgment at all in state court. The Supreme Court was considering the application of *Rooker-Feldman* to situations where there is no state judgment of any type. 544 U.S. at 289. That is not the case before this District Court, where the state court made a decision, and that decision forms the center of the federal complaint.

The new *Rooker-Feldman* doctrine is more focused, but it is focused directly on the facts now before this District Court.

The Dot Lake defendants wish to clarify a point from their opening memorandum.  The *Atlantic Coast Line* case, and the two cases on which it relies, are not cases which apply the *Rooker-Feldman* doctrine, as suggested by the memorandum.  *Atlantic Coast Line R.R. v. Brotherhood of Locomotive* Engineers, 398 U.S. 281 (1970); Document 38, Dot Lake Memorandum at 6.  Instead, these cases interpret 28 U.S.C. §2283.  That section reads:

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The case law remains relevant here.  First, the statute is another expression of federal policy discouraging entanglements between federal and state courts.  Second, *Atlantic Coast Line* disapproves of the attempt to avoid the statute by seeking to enjoin individual parties instead of the state court itself.  Finally, the prohibition of 28 U.S.C. §2283 is not confined to final orders.

By reason of all of the above, the Native Village of Dot Lake, William Miller and Charles Miller ask the District Court to dismiss the Complaint.

Mark Andrews                                                    Dated: September 15, 2006.

Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251

Certificate of Service.

I certify that this 15th day of September, 2006, a copy of this Reply was sent by e-mail to Peter Achenbrenner, Esq., and to Michael Walleri, Esq.

/s/ Mark Andrews