IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>    Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, et al.,<br><br>    Defendants. | Case No. 4:06-cv-0018-RRB<br><br>**ORDER DENYING MOTION<br>TO DISMISS COMPLAINT** |

      Before the Court are Defendants Native Village of Dot Lake, William J. Miller, and Charles Miller (hereinafter collectively referred to as "Defendants") with a Motion to Dismiss at Docket 37. Defendants argue, in light of the Rooker-Feldman doctrine, that the Court lacks the requisite subject matter jurisdiction necessary to hear this matter. Plaintiff Interior Regional Housing Authority ("Plaintiff") opposes at Docket 42.

      Because the Rooker-Feldman doctrine is:

> [C]onfined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

> before the district court proceedings
> commenced and inviting district court review
> and rejection of those judgments,[1]

the Court must decide whether Plaintiff's claims fall within the Rooker-Feldman doctrine's narrow scope. They do not.

> Under Rooker-Feldman, lower federal courts
> are without subject matter jurisdiction to
> review state court decisions, and state court
> litigants may therefore only obtain federal
> review by filing a petition for a writ of
> certiorari in the Supreme Court of the United
> States.[2]

In conjunction with this premise, Defendants argue Plaintiff is asking the Court to undo what the Alaska District Court has done, "which is another way of presenting a federal district court with a de facto appeal that bars subject-matter jurisdiction under the Rooker-Feldman doctrine."[3] The Court notes, however, that:

> The doctrine does _not_ . . . prohibit a
> plaintiff from presenting a generally
> applicable legal challenge to a [tribal
> ordinance and/or code] in federal court, even
> if that [tribal ordinance and/or code] has

---

[1] Mothershed v. Justices of Supreme Court, 410 F.3d 602, 606 (9th Cir. 2005)(quoting Exxon Mobil Corp. V. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); and citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983)).

[2] Id. (citation omitted).

[3] Doe v. Mann, 415 F.3d 1038, 1042 (9th Cir. 2005)(citing Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)("Stated plainly, Rooker-Feldman bars any suit that seeks to disrupt . . . or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [its] claims."))(citation omitted).

ORDER DENYING MOTION TO
   DISMISS COMPLAINT - 2
4:06-CV-0018-RRB

>   previously been applied against him in state
>   court litigation,[4]

as is the case here.  Consequently, Defendants' Motion to Dismiss at **Docket No. 37** is hereby **DENIED**.  The matter will proceed forward in due course.

ENTERED this 19th day of September, 2006.

>   s/RALPH R. BEISTLINE
>   UNITED STATES DISTRICT JUDGE

---

[4]   <u>Mothershed</u>, 410 F.3d at 606 (emphasis added).