Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 459-3953
e-mail: mark.andrews@tananachiefs.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


Interior Regional Housing Authority,

    Plaintiff,

Vs.

Barbara Almquist, et al.
_____/  Case No. 4:06-CV-00018 (RRB)


Answer
of Native Village of Dot Lake, William J. Miller and Charles Miller


  The Native Village of Dot Lake, William J. Miller, and Charles Miller ("Dot Lake") answer the paragraphs of the complaint as stated below.  Numerous paragraphs make mixed statements of fact and law; in such circumstances, Dot Lake's failure to admit or deny a statement does not admit the statement, but rather constitutes either a denial or denial for lack of knowledge.

Answer

1. Admit that Alaska Statutes 18.55.995- 18.55.998 permit the creation of housing authorities in Alaska.  Refer the court to the full text of the statute for its provisions.  Otherwise, this paragraph is denied.

2. Admit first sentence.  Admit that Alaska Statutes 18.55.996 permits Tanana Chiefs Conference to create a regional housing authority.  Refer the court to the full text of the statute.  Otherwise, this paragraph is denied.

3. First sentence: Admit that there exists a web page as described in the second sentence.  Dot Lake denies for lack of knowledge the factual and legal implications of an organization's name appearing on that web page.  The second sentence does not call for a response.  Otherwise, this paragraph is denied.

4- 5.  Admit paragraphs 4 and 5.

6. First sentence: denied for lack of knowledge.  Admit second and third sentences.

7. Admit first sentence; State further that the correct citation is *Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 67 Fed.Reg. 46328, 46322 (July 12, 2002).  On the day when this Answer was written, the internet page referenced in the second sentence was not working; thus this statement is denied for lack of knowledge.  Admit that the "Native Village of Dot Lake" is another name for the "Village of Dot Lake."

8. Admit first sentence. Admit that William Miller is the President of the Dot Lake village council. Otherwise, this paragraph is denied.

9. Admit first sentence. Admit that Charles Miller is the Secretary of Dot Lake village council. Otherwise, this paragraph is denied.

10. This paragraph identifies the John Doe defendants, and does not require a response.

11. This paragraph is a statement of law, to which no response is required.

12. Deny that the U.S. District Court has jurisdiction over any claims in this case.

13. Based on Dot Lake's denial that the District Court has jurisdiction, Dot Lake denies that venue is proper.

## Count I

14. This paragraph adopts earlier paragraphs. Dot Lake restates its answers here.

15. This paragraph is a statement of law, to which no response is required..

16. Deny, for lack of knowledge, the content of the pending proceedings in state court, to which the Dot Lake defendants have never been parties. The characterization of the rulings in state court is a statement of law, to which no response is required. Dot Lake denies, for lack of knowledge, the accuracy of these characterizations.

17. Admit that the Dot Lake housing ordinance contains the phrase quoted in the first sentence; Dot Lake refers the Court to the complete ordinance for its content. The second sentence is a statement of law, to which no answer is required.

18. This paragraph alleges how a different party, Barbara Almquist, used the Dot Lake housing ordinance to support her arguments in state court. Dot Lake, which has never been a party in the state court action, denies these statements for lack of knowledge. To the extent that this paragraph contains statements of law, no answer is required.

19- 20. These paragraphs are statements of law, to which no response is required.

21- 22. Paragraphs 21 and 22 are denied.

## Count II

23. This paragraph adopts earlier paragraphs. Dot Lake restates its answers here.

24. Dot Lake denies that there exists federal jurisdiction over these claims, and thus denies that supplemental jurisdiction is proper under 28 U.S.C. §1367.

25. Deny that "all Defendants" have made the assertions stated in this paragraph, because the Dot Lake defendants have never been parties to the

Plaintiff's state court action.  Otherwise deny for lack of knowledge what this paragraph might be referring to.  To the extent that this paragraph makes statements of law, no response is required.

26.  This extended paragraph is a statement of, and explanation for, the relief that Plaintiff is seeking.  To the extent that this paragraph consists of statements of law, no response is required.  To the extent that this paragraph quotes the Dot Lake housing ordinance (¶25.d), Dot Lake admits that the quote appears in the ordinance, but refers the Court to the full text of the ordinance.  To the extent that other documents outside the Complaint are quoted, these statements are denied for lack of knowledge.  The Dot Lake defendants deny that Plaintiff is entitled to any relief.  Accordingly, the statement of a claim is denied.

Dot Lake admits the statements ¶ 25(e), to the effect that the housing ordinance was not adopted by a party to the Plaintiff's forcible entry and detainer action in state court; accordingly, the Dot Lake defendants acknowledge that they made no request for "comity or recognition" of the ordinance, because the Dot Lake defendants have never been parties in the state court proceedings.  To the extent that there are other factual statements in this paragraph, these are denied, or denied for lack of knowledge.  To the extent that there are statements of law, no response is required.

*IRHA v Almquist*
*Dot Lake Answer*
- 5 -

Plaintiff's state court action.  Otherwise deny for lack of knowledge what this paragraph might be referring to.  To the extent that this paragraph makes statements of law, no response is required.

26.  This extended paragraph is a statement of, and explanation for, the relief that Plaintiff is seeking.  To the extent that this paragraph consists of statements of law, no response is required.  To the extent that this paragraph quotes the Dot Lake housing ordinance (¶25.d), Dot Lake admits that the quote appears in the ordinance, but refers the Court to the full text of the ordinance.  To the extent that other documents outside the Complaint are quoted, these statements are denied for lack of knowledge.  The Dot Lake defendants deny that Plaintiff is entitled to any relief.  Accordingly, the statement of a claim is denied.

Dot Lake admits the statements ¶ 25(e), to the effect that the housing ordinance was not adopted by a party to the Plaintiff's forcible entry and detainer action in state court; accordingly, the Dot Lake defendants acknowledge that they made no request for "comity or recognition" of the ordinance, because the Dot Lake defendants have never been parties in the state court proceedings.  To the extent that there are other factual statements in this paragraph, these are denied, or denied for lack of knowledge.  To the extent that there are statements of law, no response is required.

*IRHA v Almquist*
*Dot Lake Answer*
- 5 -

Plaintiff's state court action.  Otherwise deny for lack of knowledge what this paragraph might be referring to.  To the extent that this paragraph makes statements of law, no response is required.

26.  This extended paragraph is a statement of, and explanation for, the relief that Plaintiff is seeking.  To the extent that this paragraph consists of statements of law, no response is required.  To the extent that this paragraph quotes the Dot Lake housing ordinance (¶25.d), Dot Lake admits that the quote appears in the ordinance, but refers the Court to the full text of the ordinance.  To the extent that other documents outside the Complaint are quoted, these statements are denied for lack of knowledge.  The Dot Lake defendants deny that Plaintiff is entitled to any relief.  Accordingly, the statement of a claim is denied.

Dot Lake admits the statements ¶ 25(e), to the effect that the housing ordinance was not adopted by a party to the Plaintiff's forcible entry and detainer action in state court; accordingly, the Dot Lake defendants acknowledge that they made no request for "comity or recognition" of the ordinance, because the Dot Lake defendants have never been parties in the state court proceedings.  To the extent that there are other factual statements in this paragraph, these are denied, or denied for lack of knowledge.  To the extent that there are statements of law, no response is required.

Any statements not admitted are denied. By reason of all of the above, the Native Village of Dot Lake, William Miller, and Charles Miller ask that Plaintiff take nothing by its complaint.

### Affirmative Defenses

1. The U.S. District Court lacks subject matter jurisdiction over this complaint because of the sovereign immunity of the Native Village of Dot Lake.

2. The U.S. District Court lacks subject matter jurisdiction over this complaint because of the tribal sovereign immunity which extends to tribal officials.

3. The complaint does not state a federal question because the federal statute upon which it relies, 25 U.S.C. §4137, grants no access to the courts of the United States.

4. The U.S. District Court lacks subject matter jurisdiction over this complaint because of the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37 (1971). The complaint asks for a stay of proceedings in state court, and such relief is prohibited. 28 U.S.C. §2283.

5. The U.S. District Court lacks subject matter jurisdiction over this complaint because of the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280 (2005).

6. If the U.S. District Court accepts jurisdiction over the federal claims, the Court should decline jurisdiction over the state claims. 28 U.S.C. §1367(c) (supplemental jurisdiction, discretion to decline state claims).

7. The complaint fails to state claim upon which relief can be granted.

8. The complaint is barred by the doctrines of res judicata, claim preclusion, and collateral estoppel.

9. The Plaintiff is barred from asserting claims based on estoppel.


Mark Andrews                                        Dated:  September 23, 2006.


Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251


Certificate of Service.  I certify that this 23rd day of September, 2006, a copy of this Answer was served by e-mail on Peter Aschenbrenner and Michael Walleri.
          /s/ Mark Andrews