Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Interior Regional Housing Authority,

        Plaintiff,

Vs.

Barbara Almquist, et al.

        Defendants

_____/    Case No. 4:06-CV-00018 (RRB)


### Memorandum In Support of Motion to Dismiss
### by Native Village of Dot Lake, William J. Miller and Charles Miller


The Dot Lake defendants move to dismiss the Complaint of the Interior

Regional Housing Authority.  The remedy requested in the Complaint violates 28

U.S.C. §2283, and the pending state action calls for abstention under *Younger v.*

*Harris*, 401 U.S. 37 (1971).  Section 2283 and the *Younger* doctrine are "separate

and independent" barriers to federal court jurisdiction.  Chemerinsky, Federal

Jurisdiction 3d (Aspen, Gaithersburg, Md) §11.2 at 694.

1.  28 U.S.C. §2283  ("Section 2283")

Title 28, United States Code, Section 2283, reads

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Court decisions have enforced the plain meaning of the statute.  "After some uncertainty, it is now settled that 28 U.S.C.A. §2283 is 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions.'"  Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4222, at 501, *quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970).

The statute applies here.  Section 2283 provides that (1) a court of the United States, (2) may not grant an injunction (3) to stay proceedings (4) in a state court.  Wright, Miller, & Cooper, *supra*, at 502.  First, there is no question that IRHA is requesting relief in a court of the United States.

Second, the focus of the Complaint is solely upon the actions of a state court.  Complaint, ¶¶11, 14-22.  Without the decisions in Alaska district court, there would be no Complaint.  The IRHA sued Barbara Almquist in state court to evict her from her triplex in Dot Lake.  Complaint, ¶¶6, 16.  The Complaint

emphasizes that its grievance arises from the order of an Alaska District Court judge.  The Alaska District Court denied the IRHA the relief that the Housing Authority wanted.  The Complaint quotes the state court ruling.  Complaint, ¶16.

Third, the Complaint asks for a federal declaratory judgment that runs contrary to the state court order.  Complaint, Prayer for Relief, ¶1.  "[M]ost lower federal court have held that federal courts may not issue declaratory judgments that would have essentially the same effect as an injunction."  Chemerinsky, Federal Jurisdiction 3d (Aspen, Gaithersburg, Md) §11.2 at 693.

The Housing Authority asks for an injunction that would enjoin Barbara Almquist and Dot Lake from raising the Dot Lake housing ordinance as a defense in state court.  Prayer for Relief, ¶4.  IRHA wants an injunction "restraining all Defendants from asserting that [the ordinance] is a valid exercise of tribal lawmaking and from asserting that said ordinance is entitled to comity or recognition in state or federal court…"  Prayer for Relief, ¶4; *see* Complaint ¶¶21, 22, 28 (same).[1]

Fourth, the injunction would stay proceedings in a state court.  It is true that the desired injunction would not directly order the state court to stop its activity.  The injunction is directed at the parties.  The central question is the effect of the

---

[1] As noted in earlier pleadings, the Dot Lake defendants are not parties in state court.  But the Complaint asks for prospective relief, apparently in a strategy to control Dot Lake's issues in state court if the Tribe or its officers seek to intervene.

injunction: it would prevent the parties from raising certain defenses in state court.

If the injunction were to issue, then some portion of the state court proceedings

would stop; Almquist would be required to withdraw her defenses, based on the

federal injunction.

The fact that the injunction would issue not directly against a state court,

but rather against the parties, does not remove this action from the prohibitions of

28 U.S.C. §2283.  This roundabout procedural device has lost three times in the

United States Supreme Court.  "It is settled that the prohibition of [28 U.S.C.]

section 2283 cannot be evaded by addressing the order to the parties or prohibiting

utilization of the results of a completed state proceeding."  *Atlantic Coast Line*,

389 U.S. at 287.  *Atlantic Coast Line* relied upon two earlier Supreme Court

decisions.  *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co*., 309 U.S. 4, 9

(1940); *Hill v. Martin*, 296 U.S. 393, 403 (1935).  The Ninth Circuit follows the

same rule.  Artful pleading, by requesting relief only against individual parties,

does not avoid the prohibitions of Section 2283.  *Alton Box Board Co. v. Esprit de

Corps.*, 682 F.2d 1267 (9th Cir. 1982).

Section 2283 contains three exceptions.  These are strictly construed.  *Alton

Box, supra,* 682 F.2d at 1271.  Doubts are resolved against issuing injunctions.  *Id.*

None of the statutory exceptions apply.  No act of Congress permits a federal injunction to issue against the state court.  IRHA brings this case under the Native American Housing Assistance and Self-Determination Act.  Complaint ¶¶15, 21; Request for Relief ¶1.  Nothing in NAHASDA authorizes federal injunctions which would stop, regulate, or otherwise supervise landlord-tenant cases in state court.

A federal injunction is not necessary to aid the jurisdiction of the District Court, nor to protect or effectuate its judgments.  There is no federal proceeding or judgment that is threatened by the pending state court proceeding.

There is one exception to the prohibitions of Section 2283, known as the "stranger exception," which has been created more by federal court decision than by the statute itself.  *County of Imperial v. Munoz*, 449 U.S. 54, 59 (1980); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879 (9th Cir. 2000).  This exception provides as follows: if the plaintiff was not a party or a privy in the state court proceeding, then the plaintiff remains free to prosecute its federal claims.

The "stranger exception" is not applicable here.  The exception protects federal plaintiffs who were not a party in state court, and would not be bound by the outcome of the state proceeding.  Such plaintiffs are true strangers to the state

case.  IRHA is not a stranger to the pending Alaska state case.  IRHA is the state court plaintiff.

The Ninth Circuit has applied Section 2283 in landlord-tenant cases.  *Landi v. Phelps*, 740 F.2d 710 (9th Circ. 1984).  In *Landi* the case began in state court. Landi, the tenant, claimed ownership of the leased property, and began recording documents intended to establish that.  In a second state case, the landowners sought to invalidate the recorded documents which disturbed their title, and obtained an injunction against further recordings.  Landi brought suit in federal district court.  740 F.2d at 711-712.

The Ninth Circuit ruled that tenant Landi was required to litigate her issues in state court.  The court first ruled that the federal district court had applied the correct standard when denying Landi an injunction.  Turning to the question of federal jurisdiction, the court held

> The Supreme Court… has clearly rejected the idea that federal courts "have inherent power… to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear."

*Landi*, 740 F.2d at 713, *quoting Atlantic Coast Line*, 398 U.S. at 294.  The Ninth Circuit also cited its own precedent.  *Alton Box, supra,* 682 F.2d at 1273.  *Landi*

does not mention Section 2283.  However, the decisions in *Atlantic Coast Line* and *Alton Box* are both based on Section 2283.

The *Landi* decision also noted the local nature of the legal issues.  The fact that she held some interest in a federal land patent was insufficient for purposes of federal court jurisdiction.  "Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts…" 740 F.2d at 713.  So it is here.  Plaintiff Housing Authority operates a federal program, but in relation to defendant Almquist it is only the landlord in a landlord-tenant relationship.  As shown below, this relationship is governed almost entirely by state law.

This action is barred by the prohibitions of 28 U.S.C. §2283.


2.  *Younger v. Harris.*

There are "three requirements for the proper invocation of *Younger:* (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions."  *Goldie's Bookstore, Inc. v. Superior Court of the State of California*, 739 F.2d 466, 469 (9th Cir. 1984).

In this case, the proceedings in Alaska District Court were in progress when IRHA brought its claim to federal court.  As noted below and in earlier pleadings,

the landlord-tenant relationship is historically an area of state law.  Alaska has a

comprehensive set of statutes governing this relationship.  Finally, Plaintiff IRHA

had the opportunity to litigate its federal issues in state court.  The Housing

Authority's disagreement with the state court result is the basis for its federal suit.

In general, *Younger* requires abstention from a proceeding brought to

federal court when the injunction against the state court proceeding would offend a

proper respect for federal-state relations.  The basis for the decision is comity,

> a proper respect for state functions, a recognition that the fact that the entire
> country is made up of a Union of separate state governments, and a
> continuance of our belief that the National Government will fare best if the
> States and their institutions are left free to perform their separate functions
> in separate ways.

*Younger*, *supra,* 401 U.S. at 44.

*Younger* requires that the State have a legitimate, substantial interest in its

pending proceedings.  *New Orleans Public Service, Inc. v. Council of the City of*

*New Orleans*, 491 U.S. 350, 364 (1989), citing *Middlesex County Ethics Comm. V.*

*Garden State Bar Assn.,* 457 U.S. 423, 432 (1982).  The focus is not the outcome

of the particular case before the court, but rather "the importance of the generic

proceedings to the State."  *New Orleans Public Service, Inc.*, 457 U.S. at 365.

Here, substantially all of the law which governs this landlord-tenant

relationship is a creation of the State of Alaska.  The state-law analysis begins

with the Plaintiff.  The Housing Authority itself is a creature of state law.
Complaint ¶¶1, 2; AS 18.55.995, 18.55.996; 25 U.S.C. §4103(21)(B).

In 1974 the State of Alaska enacted the Uniform Residential Landlord and
Tenant Act ("URLTA").  AS 34.03.010 – 34.03.380.  The URLTA is a
comprehensive statute governing all aspects of the residential landlord-tenant
relationship.  Alaska also has a set of laws governing forcible entry and detainer
("FED") actions, which grants landlords a method for recovering residential
property.  AS 09.45.060- 09.45.160.

The statutes do not prevent IRHA from raising federal issues in state court.
Among the exceptions of URLTA, there is none for a regional housing authority.
AS 34.03.330(b).  "This chapter [URLTA] applies to and determines rights,
obligations, and remedies under a rental agreement, wherever made, for a dwelling
unit in this state."  AS 34.03.300(a).  The regional housing authority statute had
been in force for three years when the URLTA was enacted.  *Compare* Chapter 10,
SLA 1974 (URLTA) *with* Chapter 123, SLA 1971 (regional housing authorities).
The Alaska State Legislature created the modern landlord-tenant relationship
without seeing the need for an exception for the housing authorities that were
already authorized.  The State of Alaska has shown its interest in having its
landlord-tenant law extend to this type of subsidized housing.

The Alaska Supreme Court interprets URLTA with the purpose of harmonizing its provisions with the Alaska forcible entry and detainer laws. *McCall v. Fickes*, 556 P.2d 535(Alaska 1976).  This harmonization is important because plaintiff Housing Authority first brought this case in Alaska state court, and began litigating the same issues it now brings to federal court.  Complaint ¶¶16, 18, *passim*.  Alaska recognizes the importance of promoting consistency and certainty in the administration of its Statutes relating to landlords and tenants.

Finally, Plaintiff had the opportunity to raise its federal issues.  The Alaska state courts are competent to hear them.  The Alaska state courts have applied the federal housing laws in favor of plaintiff IRHA.  *Interior Regional Housing Authority v. James*, 989 P.2d 145, 147-50 (Alaska 1999).

Federal court abstention is appropriate under *Younger v. Harris.*

By reason of all of the above, the Native Village of Dot Lake, William Miller and Charles Miller ask the U.S. District Court to dismiss this action.

Mark Andrews                                         Dated: October 18, 2006.

/s/ Mark Andrews
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251