IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>        Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, et al.,<br><br>        Defendants. | Case No. 4:06-cv-0018-RRB<br><br>**ORDER GRANTING ALMQUIST'S MOTION TO DISMISS COUNT I** |

**I.   INTRODUCTION**

Before the Court is Defendant Barbara Almquist ("Almquist") with a Motion to Dismiss Count I at Docket 29. Almquist contends the arguments and/or claims raised by Plaintiff Interior Regional Housing Authority ("IRHA"), in Count I of IRHA's Complaint for Permanent Injunctive Relief, "do not give rise to a cognizable federal cause of action."[1]  IRHA opposes at Docket 33 and argues that the Court should not dismiss Count I, but should instead:

---

[1]   Docket 30 at 5.

> [C]onstrue [the Native American Housing Assistance and Self-Determination Act ("NAHASDA")] and [the Department of Housing and Urban Development ("HUD")] regulations, and order Almquist to stop deploying tribal lawmakers to interfere with [IRHA's] NAHASDA rights.[2]

Notwithstanding, inasmuch as the Court concludes it lacks the requisite authority and/or jurisdiction to do the same,[3] Almquist's Motion to Dismiss Count I at **Docket 29** is hereby **GRANTED**.

## II. FACTS

In the State forcible entry and detainer ("FED") case that gives rise to the current dispute, i.e., IRHA v. Almquist, 4FA-06-1421 CI, IRHA, landlord, was obliged under its own lease to prove "good cause" for termination of a tenant, which it did and which the state judge so found.[4]

> However, . . . the Village of Dot Lake, . . . adopt[ed] a tribal ordinance on June 1, 2006, after three days of hearings, that commands that no business and economic cause . . . is good enough cause to evict Almquist despite what the lease says on its face. This

---

[2] Docket 33 at 7.

[3] Count I of IRHA's Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief (Docket 1) alleges a violation of 25 U.S.C. § 4137, i.e., § 207 of NAHASDA. The Court notes, however, that § 4137 does not "prevent[] a tribe from enacting a landlord/tenant ordinance applicable to NAHASHA low income projects," Docket 40 at 2, the very thing which IRHA now claims Almquist, et al., lacked the authority to do.

[4] Docket 19 at 8. The "Court recognizes that, under [Sumner v. Mata, 449 U.S. 539, 547 (1981)], and principles of comity, it is bound [to give deference to] factual findings of the state courts." McKinney v. Rees, 993 F.2d 1378, 1383, n.4 (9th Cir. 1993).

>  ordinance was adopted in the midst of the FED action: after the ground lease and tenancy had been entered into, in 1999 and 2003 respectively, and after the hearing of the FED began. [Moreover,] the ordinance . . . expressly provides that it applies to any tenancy in which a judgment of possession has not yet been entered, even though an action for possession may be underway.[5]

As a result, IRHA seeks permanent injunctive relief,

>  [D]eclaring the rights and liabilities of the parties under NAHASDA and specifically declaring that . . . IRHA and all Defendants are bound by federal law; i.e., NAHASDA Sec. 207 and [25 U.S.C. § 4137], and that any tribal law which reduces, undercuts or negates the rights of . . . IRHA cannot be applied in the state court case or is preempted by federal law.[6]

**III. STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

---

[5] Id. at 8-9. Plaintiff was an employee of the Native Village of Dot Lake Tribal Council when the Ordinance was adopted.

[6] Docket 1 at 6. Inasmuch as the remainder of the facts are well known to the parties, and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

[7] Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

theory."[8]  In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9]  The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[10]

**IV. DISCUSSION**

"Having abandoned any claim to government interference with the right of contract and conceding no private cause of action to enforce the terms of NAHASDA . . . ,"[11]

> The principal claim brought by IRHA is that the Village of Dot Lake <u>cannot</u> adopt a tribal ordinance which deletes one of the landlord's "tools" or claims on which the landlord can seek to recover possession of a unit built with NAHASDA funds.[12]

"Thus framed, IRHA rests its claims solely upon whether NAHASDA <u>prohibits</u> a tribe from enacting landlord tenant ordinances

---

[8] <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990)).

[9] <u>Vignolo</u>, 120 F.3d at 1077.

[10] <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting <u>Brian Clewer, Inc. v. Pan American World Airways, Inc.</u>, 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[11] Docket 40 at 4.

[12] Docket 33 at 5 (<u>quoting</u> Docket 6 at 4)(emphasis added).

applicable to the tribe's tribally designated housing entity[.]"[13] It does not.

In <u>Marceau v. Blackfeet Housing Authority</u>, 455 F.3d 974, 979 (9th Cir. 2006), the Ninth Circuit held that the rights and liabilities of a tribal housing authority <u>are strictly governed by the authorizing tribe's ordinances</u>. Moreover, applicable HUD regulations expressly provide that an Indian tribe, as a grant beneficiary, "has oversight authority over its tribally designated housing authority."[14] And, 25 U.S.C. § 4137 makes clear that a landlord may terminate a tenancy "'for other good cause,' '<u>[e]xcept to the extent otherwise provided by or inconsistent with tribal law</u> . . . .'"[15]

## V.   CONCLUSION

Because IRHA concedes it has no private cause of action to enforce the terms of NAHASDA,[16] and because "there is no provision [in] NAHASDA which prevents a tribe from enacting an

---

[13]   Docket 40 at 5 (footnote omitted)(emphasis added).

[14]   <u>Id.</u> at 8 (citations omitted).  <u>See also</u> 24 C.F.R. §§ 1000.506, 1000.510 & 1000.550 (2006).

[15]   <u>Id.</u> at 6 (<u>quoting</u> 25 U.S.C. § 4137)(emphasis added).

[16]   Nothing in IRHA's Opposition to Defendant Almquist's Motion to Dismiss Count I (Docket 33) changes this fact. <u>See also</u> <u>Solomon v. Interior Regional Housing Authority</u>, 313 F.3d 1194 (9th Cir. 2002)("Nothing in the legislative history of 25 U.S.C. § 450e addresses explicitly whether Congress intended to create a private right of action against a recipient of grant funds subject to that provision.").

ordinance that would regulate the activities of IRHA,"[17] the Court concludes "IRHA's complaints do <u>not</u> give rise to a cognizable federal cause of action."[18]  Consequently, Almquist's Motion to Dismiss Count I at **Docket 29** is hereby **GRANTED**, given the Court's lack of jurisdiction and/or authority, and Plaintiff's supplemental state law claims are dismissed without prejudice.[19]  Any and/or all remaining motions are **DENIED** as moot, and this matter is now closed.

        ENTERED this 2nd day of November, 2006.

                      s/RALPH R. BEISTLINE
                      UNITED STATES DISTRICT JUDGE

---

[17]    Docket 30 at 5.

[18]    <u>Id.</u>  (emphasis added).

[19]    Despite the ruling contained herein, the Court is troubled with the fact that the current state of affairs allows for the creation of tribal ordinances – ex post facto – that strip parties of contractual rights under NAHASDA.  While jurists would typically look to the law(s) in effect at the time of contract creation, NAHASDA allows Indian tribes to reduce, undercut, or negate the federal rights granted to Tribally Designated Housing Authorities – ex post facto.  This is not what contracting parties would normally expect.  Notwithstanding, the Court believes District Court Judge Raymond Funk properly concluded, "Except the court finds the case is controlled by the tribal ordinance I would have granted an eviction a week from today . . . ."  Docket 33 at 3 (citation omitted).