Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>Defendants. | Case No. 4:06-CV-00018 RRB |

**AFFIDAVIT OF PETER J. ASCHENBRENNER**

STATE OF ALAKSA          )
                                                )ss.
FOURTH JUDICIAL DISTRICT  )

I, Peter J. Aschenbrenner, being first duly sworn this 6th day of November, 2006, upon oath, depose and state:

1.  I am counsel for Plaintiff IRHA in the above matter, I am competent to testify in this matter and make this affidavit based on personal knowledge and would so testify.

Affidavit of Peter J. Aschenbrenner
*IRHA v. Almquist, et. al.*
4:06-CV-00018 RRB
Page 1

2.  This affidavit is made in support of Plaintiff's Motion for Expedited Consideration of Plaintiff IRHA's Motion for Rule 60(b) Relief and in support of Plaintiff IRHA's Motion for Rule 60(b) Relief.

3.  The time constraints that necessitate expedited consideration are as follows: IRHA has only 30 days from November 2, 2006 to file an appeal to the 9th Circuit Court of Appeals. If this Court does not grant IRHA's Motion for Rule 60(b) Relief on an expedited basis, IRHA's time to prepare its appeal to the 9th Circuit Court of Appeals is greatly diminished.

4.  However, there is a much more important issue at stake. As detailed in the annexed motion for Rule 60(b) relief (filed herewith), this court did *not* explicitly change any of the deadlines for IRHA's opposition to Defendant Almquist's Cross-Motion to Dismiss (only specifically addressing Almquist's Motion to Dismiss Count I in this court's order of November 2, 2006) and more importantly did not vacate its own order granting Rule 56(f) relief to IRHA.

5.  On August 28, 2006 this court granted IRHA's Rule 56(f) Motion, giving IRHA permission to take the depositions of William J. Miller and Charles P. Miller, and granting a continuance for IRHA to file its Opposition to Almquist's Cross-Motion to Dismiss within 60 days of taking those depositions at Docket No. 41. In essence, by granting this request, the court agreed with IRHA that disposition of Defendant Almquist's motion as a summary judgment motion under Rule 56 was appropriate, that a record should be developed, and that IRHA's claim for relief could be tested, as IRHA's counsel requested at the preliminary injunction hearing, on IRHA's own motion for summary judgment against all Defendants.

6. IRHA has been working diligently since this court's order of August 28, 2006 to make a record on its case-in-chief, which record obviously demonstrates what facts IRHA can marshal if there is any deficiency in any pleading against any party; the pleadings due November 6, 2006 are in fact filed with this motion as Exhibit A (Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss, Plaintiff's Motion for Summary Judgment, and Plaintiff's Opposition to Defendants Dot Lake, William J. Miller and Charles P. Millers' Motions to Dismiss) and Exhibit B (Documents Attachment in Support of Plaintiff's Opposition to Defendant Almquist's Motion to Dismiss, Plaintiff's Motion for Summary Judgment, and Plaintiff's Opposition to Defendants Dot Lake, William J. Miller and Charles P. Millers' Motions to Dismiss) hereto.

7. IRHA should be able to have ruling on the merits of its Rule 60(b) Motion by December 4 – technically the appeal deadline, but obviously too late in real time – which ruling, even if adverse, will then put in the trial record the briefing and record which this court ordered the parties to make on August 28, 2006.

8. Attached to this Motion for Expedited Consideration as Exhibit C (Deposition Excerpts of William J. Miller) and Exhibit D (Deposition Excerpts of Charles P. Miller) are the deposition excerpts *to support this motion* which demonstrate or allude (as to the deposition exhibits) the facts that IRHA can rely on to amend its pleading as to any defendant if, on proper notice, IRHA is required to remedy or redress some deficiency in its case, given a thoughtful view of the relevant Supreme Court and Circuit authorities.

9. Thus, even if Rule 60(b) relief is denied and the Ninth Circuit wants to know, *what facts can be alleged to make a cognizable federal case?* IRHA can point to – not

10. Thus, IRHA respectfully requests expedited consideration of its Motion for Rule 60(b) Relief.

DATED at Fairbanks, Alaska this 6th day of November, 2006.

*[signature]*
Peter J. Aschenbrenner

SUBSCRIBED AND SWORN before me this 6th of November, 2006.

*[signature]*
Notary Public in and for the State of Alaska
My Commission Expires: 6/1/2010

