# DOCUMENTS ATTACHMENT NO. 22

Case 4:06-cv-00018-RRB   Document 57-14   Filed 11/07/2006   Page 1 of 6

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

INTERIOR REGIONAL HOUSING  )
AUTHORITY                  )
   Plaintiff,       )
                           )
vs.                        )
                           )
BARBARA ALMQUIST,          )
   Defendant.       )
_____)

Case No. 4FA-06-1421 CI

## DEFENDANT'S BENCH MEMORANDUM

This is a FED action by Interior Regional Housing Authority against Barbara Almquist, respecting a low income housing unit located in Dot Lake, Alaska. The Court should deny the FED because the outser violates the lease rights of Ms. Almquist created by federal law, which give her lease rights until August 31, 2006.

### Summary of Facts.

Interior Regional Housing Authority (IRHA) is a regional Native housing authority organized under the laws of the State of Alaska. See AS 18.55.955 et. seq. Ms. Almquist is a low income tenant of an apartment in a

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 1 of 13

triplex operated by IRHA under the Native American Housing and Self-Determination Act (NAHSDA) [ 25 USC 4101 et. seq.][1]

On August 22, 2003, IRHA entered into a lease with Jason Corgill and Barbara Almquist.[2] Mr. Corgill was Ms. Almquist boyfriend. Ms. Almquist was listed as a member of the household. The lease lists Mr. Coghill as the Tenant. The lease, by its terms, is for an "initial term", but does not define the length of the initial term; it only indicates that the initial term begins on the first of September, 2003.[3] After this initial term, the lease provides that it is a month to month lease, terminable on 30 days prior notice of either party.[4] However, the body of the lease provides limited and specific conditions for the termination of the lease by IRHA.[5] In this case, IRHA seeks to terminate the lease under Part B, §7(d)(3)(b) which purports to allow IRHA to terminate the lease after the first month of rental for good cause, including

---

[1] See Def. Ex. A
[2] See Def. Ex. B
[3] Id, at Part A §7
[4] Id, at Part A §7
[5] Id., at Part B §7

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 2 of 13

"A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the IRHA's desire to rent the unit for a higher rent."[6]

Near the end of 2003, Ms. Almquist and Mr. Corgill terminated their relationship, and Mr. Almquist moved out. In January 04, 2004, IRHA began transferring the apartment into Ms. Almquist's name. The utility company transferred the electric account into Ms. Almquist's name in January 2004.[7] As indicated in the accompanying IRHA memo, Ms. Almquist remained in the apartment, and Mr. Coghill left the premises. As indicated in the attached payment history IRHA transferred all accounts into the name of Ms. Almquist from June, 2004 to the present.[8] Ms. Almquist had difficulty making the rent payment without Mr. Corgill, and in December 2004, IRHA sent Ms. Almquist a "friendly reminder" that she was delinquent in her rent, and advised her of delinquency policies. In March, 2005, Mr. Steve Ginnis, Director of IRHA indicated that Ms. Almquist would have to bring her account current, and to have her "re-certify" her income.[9] The letter included "re-exam" instructions and a form letter in which Ms. Almquist was required to sign agreeing to

---

[6] Id., at Part B, §7(3)(b); See Ex. 1
[7] Def.. Ex. H
[8] Def.. Ex. G.
[9] Def.. Ex. E

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 3 of 13

bring the account current and to promise to pay current rent as it became due.[10] Ms. Almquist completed and submitted the "re-exam" application about this same time.[11] On April 15, 2005, Ms. Almquist delivered her written agreement to make payments due under the lease.[12] Ms. Robin Johnson countersigned the agreement on behalf of IRHA.[13]

At the beginning of this year, IRHA began actions to terminate Ms. Almquists tenancy for the stated reasons that it was transferring the property to the Native Village of Dot Lake.[14] This FED action followed.

I. THE OUSTER VIOLATES LEASE REQUIREMENTS OF FEDERAL LAW

IRHA argues that there is no written lease: this is wrong. There are two signed writings which document that IRHA intended to create a lease agreement between itself and Almquist. Those include 1) the original lease agreement which names Corgill as the Tenant, and Ms. Almquist as a

---

[10] Id.
[11] Def.. Ex. I
[12] Def.. Ex. F
[13] Id.
[14] Plt. Ex. A.

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 4 of 13

household member, [15] and 2) the written assumption of the lease drafted and presented by IRHA to Ms. Almquist, signed by her, and countersigned by IRHA on April 15, 2005.[16]

Additonally, the course of conduct between the parties clearly established that at some point – most likely around June, 2004, Ms. Almquist assumed the principal tenant status under the lease, and Mr. Corgill was removed from the lease. In particular, there is no question that while Mr. Corgill was the principal tenant, the rent was delinquent, and that when Ms. Almquist assumed responsibility for the lease, she brought it current in compliance with written agreement between her and IRHA. Equally, as noted above, IRHA uses a standard rental agreement, and it appears that in this case, IRHA merely failed to obtain a signed agreement from Ms. Almquist. State law governs such circumstances, and where a landlord fails to sign and deliver a written rental agreement to the tenant, accepts rent without reservations, the agreement has the same effect as if it were signed

---

[15] Def. Ex. B
[16] Def.. Ex. F Clearly, these documents satisfy the Statute of Frauds tests. See

Michael J. Walleri
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 5 of 13