and delivered.  AS 34.03.030  Hence, there was clearly an agreement.  The more important question is what were the terms of the lease.

As indicated in the notice to terminate, IRHA is a public housing authority (PHA) and the apartment in question is a low income public housing project operated by IRHA.[17]  Unfortunately, IRHA has wholly ignored the governing federal regulations that require written leases between tenants and PHA's.  The fact that IRHA's standard lease documents violates applicable federal regulations, should gives IRHA no greater powers than an public housing authority that  actually complies with federal regulations.  Indeed, the terms of federal regulations are implied as a matter of law into all public housing authority leases. *Watertown Hous. Auth. v. Kirkland,  2 Misc. 3d 280; 766 N.Y.S.2d 790 (2004)*  As the Court in *Vinson v. Greenburgh Housing Authority, 29 A.D.2d 338 (NY App. 1968)* stated, "What may be complete freedom of action under private contractual arrangements falls to restricted

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[17] NAHASDA is a special set aside program for tribal public housing authorities.

action under public housing leases."[18]

Federal regulations require such leases to have terms of one year.[19] The lease automatically renews except under certain specified terms and conditions.[20]  Hence, federal law requires that the current term of the lease would expire on the September 1, 2006 anniversary of the original lease.

More importantly, the lease may only be terminated for specific reasons,[21] which do not include the business opportunity provision contained

---

[18] Citing \ *Housing Auth. of City of Los Angeles* v. *Cordova*, 130 Cal. App. 2d 883, cert. den. 350 U.S. 969; *Kutcher* v. *Housing Auth. of City of Newark*, 20 N. J. 181; *Chicago Housing Auth.* v. *Blackman*, 4 Ill. 2d 319; *Lawson* v. *Housing Auth. of City of Milwaukee*, 270 Wis. 269; *Edwards* v. *Habib*, 227 A. 2d 388[D. C., Ct. of App.]).  The Court went on to note
> Several considerations combine to justify the difference in treatment between governmental agencies and private individuals. Realistically, it must be acknowledged that the housing authority prescribes the terms of the lease and that the tenant does not negotiate with the authority in the usual sense (see Reich, The New Property, 73 Yale L. J. 733, 749-752; Friedman, Public Housing and the Poor: An overview, 54 Cal. L. Rev. 642, 660; note, Government Housing Assistance to the Poor, 76 Yale L. J. 508, 512). In this condition of affairs, to impose a requirement of good faith and reasonableness on the party in the stronger bargaining position when he exerts a contractual option is but a reflection of simple justice (cf. *New York Cent. Iron Works Co.* v. *United States Radiator Co.*, 174 N. Y. 331; *Wood* v. *Duff-Gordon*, 222 N. Y. 88).

[19] 24 CFR Part 966.4(a)(2), which states
> Lease term and renewal. (i) The lease shall have a twelve month term. Except as provided in paragraph (a)(2)(ii) of this section, the lease term must be automatically renewed for the same period.

[20] Id.

[21] Id. , which also provides,
> (iii) At any time, the PHA may terminate the tenancy in accordance with Sec. 966.4(l).

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 7 of 13

in IRHA's standard lease provisions. [22]  Simply stated, the terms of Ms.

Almquist's lease – reformed to comply with federal regulations --- prohibits

the termination of her lease for the reasons stated until September 1, 2006, the

anniversary date of the lease.

    In its notices, IRHA points to other HUD regulations that would allow

the termination of a lease for business opportunity.[23]  However, the

regulations cited in the notice are inapplicable, because they refer to Section 8

housing projects – i.e. public housing projects operated by private companies;

not a public housing authority such as IRHA.

---

[22] 24 CFR Part 966.4(l)  provides

    Termination of tenancy and eviction.--(1) Procedures. The lease shall state the procedures to be followed by the PHA and by the tenant to terminate the tenancy.

    (2) Grounds for termination of tenancy. The PHA may terminate the tenancy only for:

    (i) Serious or repeated violation of material terms of the lease, such as the following:

    (A) Failure to make payments due under the lease;

    (B) Failure to fulfill household obligations, as described in paragraph (f) of this section;

    (ii) Being over the income limit for the program, as provided in 24 CFR 960.261.

    (iii) Other good cause. Other good cause includes, but is not limited to, the following:

    (A) Criminal activity or alcohol abuse as provided in paragraph (1)(5) of this section;

    (B) Discovery after admission of facts that made the tenant ineligible;

    (C) Discovery of material false statements or fraud by the tenant in connection with an application for assistance or with reexamination of income;

    (D) Failure of a family member to comply with service requirement provisions of part 960, subpart F, of this chapter--as grounds only for non-renewal of the lease and termination of tenancy at the end of the twelve-month lease term; and

    (E) Failure to accept the PHA's offer of a lease revision to an existing lease: that is on a form adopted by the PHA in accordance with Sec. 966.3; with written notice of the offer of the revision at least 60 calendar days before the lease revision is scheduled to take effect; and with the offer specifying a reasonable time limit within that period for acceptance by the family.

[23] See Def. Exhibit A

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-1725

Moreover, IRHA points to the fact that the Alaska Office of Native American Programs (AONAP) found no violation of § 207 of NAHASDA in IRHA's actions. Ms. Almquist complained to AONAP, however, the AONAP review did not address her issues – i.e. whether IRHA's leasing provisions violate the general regulations applicable to public housing authorities. The AONAP review was severly limited to whether IRHA violated §207 of NAHASDA. Since AONAP did not consider the claim actually made by Ms. Almquist, the Court cannot give any deference to its decision.

In short, IRHA is a public housing authority subject to leasing requirements established in federal regulations. IRHA's actual practices clearly violate those regulations in a gross and glaring manner. The leasing provisions required by federal regulations are implied into the lease by operation of law, and would prohibit the ouster of Ms. Almquist for the reasons stated.

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 9 of 13

## II.    THERE IS NO LEGITIMATE BUSINESS REASON

Assuming for the sake of argument that the regulations governing

public housing authorities do not apply to IRHA for some unknown reason,

and that the lease terms are legitimate, the stated reason for the termination of

the lease is not legitimate for two reasons: 1) the proposed transfer by IRHA is

*ultra vires* as a matter of state law, and 2) there is no evidence that the ouster

of Ms. Almquist is a necessary condition of such transfer if it were not *ulta*

*vires.*

a)    The Proposed Transfer By IRHA Is *Ultra Vires* As A Matter Of

State Law.  The stated "business reasons" giving rise to Ms. Almquist's ouster

is that IRHA proposes to transfer the triplex to the Native Village of Dot Lake

without costs in order to reduce IRHA's operating losses.[24]  As previously

noted, IRHA is a regional Native housing authority organized under the AS

18.55.996.  As such, it only has the "powers rights and functions now or

subsequently specified under AS 18.55.100-18.55.290" See AS 18.55.996(b)

However, a review of AS 18.55.255 clarifies that IRHA lacks the authority to

transfer the property for less than appraised value to Dot Lake  as a matter of

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[24] See Plt. Ex. 6

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 10 of 13

state law.   A regional Native housing authority is limited in its power to

dispose of surplus property.   Specifically, it must be sold at public auction at

an appraised price, with the appraisal not being less than 180 days old.  AS

18.55.255(a)   IRHA's transfer to the tribe is not being conducted in a manner

consistent with the state law governing disposal of surplus property, and

hence is *ultra vires.*  There are exceptions to the statute.   Disposals for less than

appraised value may be made to a "state or federal agency or political

subdivision".   AS 18.55.255(b)   The Native Village of Dot Lake is not "state or

federal agency or political subdivision".   Hence a disposal without going

through proper disposal procedures established by state law would be an

*ultra vires* act.


b)   <u>There Is No Evidence That The Ouster Of Ms. Almquist Is A

Necessary Condition Of Such Transfer.</u>  Of particular concern is that if IRHA

has the power to dispose of the property in question without going through

the requirements of AS 18.55.255, the documentation provided by IRHA

indicates that the transfer is being made without condition as to lease status.

In other words, the documents provided by IRHA documenting this transfer

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

indicate that the transfer is without condition. Specifically, the terms of transfer do not require the ouster of Ms. Almquist or any other tenant. Moreover, the terms of the transfer do not require that the premises must be "renovated".

IRHA's lease provides that there must be "good cause" to terminate the lease. Good cause includes "a business reason for termination'. IRHA argues that it must terminate Ms. Almquist because of a *possibility* that it might renovate the premises prior to transfer, although the IRHA Board of Commissioners has approved the transfer and Dot Lake has accepted the transfer without condition that Ms. Almquist be ousted, nor any condition that the property might be renovated prior to transfer. Hence, the mere fact that the property is to be transferred to Dot Lake, does not amount to a "business reason" to oust Ms. Almquist. As noted above, IRHA is a public housing authority. It is not free to act with the arbitrary caprice of a private individual. If the terms of transfer do not require ousting Ms. Almquist, IRHA does not have a legitimate reason to terminate her tenancy.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Dated this 10th  day of May,  2006.

Michael J. Walleri
AK Bar #7906060

Certificate of Service
I certify that a true and correct copy of the foregoing
was served on the 10th  day of May , 2006 via in person  and mail to:

Mr. Peter Aschenbrenner
Aschenbrenner P.O. Box 92090
Anchorage, AK 99509

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Entry of Appearance
IRHA v. Almquist/4FA-06-1421 CI
Page 13 of 13