# DOCUMENTS ATTACHMENT NO. 25

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

INTERIOR REGIONAL HOUSING )
AUTHORITY )
        Plaintiff, )
         )
vs. )
         )
BARBARA ALMQUIST, )
        Defendant. )
_____ )

Case No. 4FA-06-1421 CI

### DEFENDANT'S FIFTH (5TH) BENCH MEMORANDUM

The Court has invited a final round of briefing on this FED. The Court has expressed concern that the Defendant has raised a number of complex legal issues in this case. The purpose of this memorandum is to provide a road map through the various issues raised by this unusual FED.

**1) IS FED AVAILABLE.**

The first issue the court must consider is whether an FED action is appropriate. As previously discussed,[1] the tribe has an equitable interest in the premises by virtue of its ownership of the underlying fee interest and that

---

[1] Def. 4th Memo, at p. 7-8

Michael J. Walleri
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-1724

the tribe is the "statutory beneficiary" of the federal funds used to build the facility. As such it retains an equitable interest in the premises. Kopanuk v. AVCP Regional Hous. Auth., 902 P.2d 813 (Alaska 1995) [Denial of motion for relief from judgment was improper where trial court lacked jurisdiction over forcible entry and detainer action because hybrid contract created equitable interests in real property that could not be heard by the trial court.]

Secondly, it must be noted that FED proceedings are summary in nature, and the plaintiff has a strong burden of proof. The substantial questions of mixed law and fact raised by this litigation are better addressed through normal litigation, and Plaintiff IRHA has not met its heavily burden of proof required under FED that 1) Almquist retained the premises by "force", 2) such retention was unlawful, and 3) Plaintiff is entitled to possession.[2]

If the Court finds that the tribe has an equitable interest in the premises, or that IRHA has not carried its heavily burden of proof on the mixed issues

---

[2] *Steil v Dessmore, 3 Alaska 392 (1907)*

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 2 of 8

of fact and law, the Court should deny the FED petition and set the matter for trial.

### 2) IRHA MUST COMPLY WITH TRIBAL LAW.

If FED relief is available, the Court must next consider whether IRHA must comply with tribal law, which clearly would prevent eviction. As previously noted, IRHA has consistently maintained that NAHASDA governs these premises. Moreover, NAHASDA clearly requires that a TDHE must comply with tribal law in the eviction actions.[3] If the Court finds that NAHASDA requires that evictions must comply with tribal law, the Court should deny the FED petition.

---

[3] 25 USCA 4137(a)(5). IRHA has not challenged the *in judico* enactment of the tribal ordinance. Rather IRHA argues that tribal law is not applicable. Nonetheless, it should be noted that the *in judico* enactment of the tribal ordinance is clearly consistent with the tribe's oversight functions mandated under NAHASDA regulations. 24 CFR Part 1000.510

Michael J. Walleri
Attorney at Law
130 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-1723

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 3 of 8

### 3) IRHA IS A PHA?

If the Court finds that tribal law does not apply, the Court must consider whether IRHA is a public housing authority (PHA) to which 24 CFR 966.4 applies.[4] As noted previously, Part 966.4 requires year to year leases and defines good cause to terminate a tenancy to require wrongful conduct by the tenant; i.e. economic business reason is insufficient.[5] As previously noted, Part 966 applies to a entity "authorized to engaged or assist in the development of housing under the 1937 (U.S. Housing) Act.[6] The Alaska Supreme Court has specifically held that IRHA is "authorized to engage or assist" in such housing.[7] Clearly, IRHA is a PHA subject to 24 CFR 966.4, and that IRHA may not terminate the tenancy as proposed. The Court should deny the FED petition.

---

[4] The Tribal ordinance clarifies that it does, however, in the absence of the tribal ordinance, the Court must consider the issue as a matter of federal law.
[5] See Def. First Memo, at 6-7
[6] 24 CFR Part 966.2 & 24 CFR Part 100.5
[7] *Interior Regional Hous. Auth. v. James*, 989 P.2d 145, 148 n 4 (Alaska 1999).

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 4 of 8

### 4) OUSTER VIOLATES THE LEASE TERMS.

If IRHA is not a PHA, the issue primarily rests upon whether the termination of the tenancy is consistent with the IRHA lease. IRHA has consistently argued that its lease was entered into with Mr. Corgill and that no lease exists in Ms. Alquist's name. Alternatively, Ms. Almquist has argued that she succeeded to either the lease or the tenancy upon the terms of the lease. Alternatively, IRHA argues that if that is the case, it has business or economic reasons to terminate the tenancy. These issues raise several questions.

**a) Mr. Corgill has not received proper notice of these proceedings.** As Ms. Almquist testified today, Mr. Corgill has reestablished residence in the triplex.[8] If the Court accepts all of IRHA'S initial arguments, Mr. Corgill is the lawful tenant and Ms. Almquist, and her children, are the guests/invitees of Mr. Corgill. Mr. Corgill has not received proper notice of these proceedings, and these proceedings are fundamentally defective and violative of due process. In other words, if IRHA is correct that Ms. Almquist is not the

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[8] Frankly, this was news to the undersigned counsel, who was surprised of this development.

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 5 of 8

tenant, Mr. Corgill is clearly a necessary party, and IRHA has sued the wrong person. The FED petition should be denied.

**b) There Is No Legitimate Business Or Economic Reason To Terminate The Tenancy.** If Ms. Almquist has succeeded to the lease, and IRHA is not a PHA, IRHA argues that it is termination is proper because it is terminating for "business or economic reasons" pursuant to the terms of the lease. However, IRHA has failed to prove that it has legitimate business or economic reasons to terminate; rather, as Mr. Ginnis testified, IRHA simply failed to undertake a feasibility study on the facility and now wants relief from the mismanagement of its prior administrators.[9] The evidence demonstrates that the facility was constructed with NAHASDA funds, and that NAHASDA requires that the facility be placed in service as affordable housing for its useful life, which is twenty years.[10] Additionally, NAHASDA allows IRHA to demolish or dispose; not mothball.[11] State law would prohibit disposal. Hence IRHA's plan to simply mothball the facility is not a

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[9] Mr. Ginnis testified that he was not the Executive Director at the time of facility was constructed.
[10] 25 USC §4135(a)(2). See Def. 3rd Memo, at 3-4
[11] 24 CFR 1000.134 See Def. 3rd Memo, at 3-4

legitimate business reason because it would violate the terms of NAHASA and state law.

Alternatively, Mr. Miller and Ms. Almquist testified, without objection, that there are a number of prospective tenants that IRHA could rent to in Dot Lake, and that IRHA has been refusing to accept tenancy applications for the facility. If all the tenants paid the minimum, like Ms. Almquist, the rents would generate over $9,000 a year.[12] Additionally, Mr. Ginnis testified that IRHA received over $25,000 a year in Dot Lake Tribal NAHASDA tribal allocations which could be applied to subsidize the operation of the tri-plex. Neither Ms. Johnson nor Mr. Ginnis were able to testify as to the total costs to operate the facility. All the testimony and evidence did not establish that IRHA's operational costs of the facility exceeded $34,000 a year. Rather, the testimony merely indicates that IRHA wanted Dot Lake Tribe to assume operation of the facility, and that Dot Lake was unable to afford to do so. There is no evidence that IRHA was unable to do so. Rather the evidence is that when Dot Lake did not do what IRHA wanted it to do, IRHA made the

---

[12] Mr. Almqusit pays a little over $250 a month. There are three units. This would amount to over $9,000 a year in rents.

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 7 of 8

political decision to close the facility. Thus, there is no evidence that IRHA has a legitimate "business or economic" reason to close the facility.

CONCLUSION

The Court should deny the FED petition, and allow the controversy to be decided in the normal manner.

Dated this 10th day of May, 2006.

Michael J. Walleri
AK Bar #7906060

Certificate of Service
I certify that a true and correct copy of the foregoing was served on the 14th day of June, 2006 via ~~in person~~ fax and mail to:

Mr. Peter Aschenbrenner
Aschenbrenner P.O. Box 92090
Anchorage, AK 99509

Christin L Woodward

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite B
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Def. Memo (5th)
IRHA v. Almquist/4FA-06-1421 CI
Page 8 of 8