# DOCUMENTS ATTACHMENT NO. 26

FILED in the Trial Courts
State of Alaska, Fourth District
AUG 25 2006
By_____ Clerk

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br>    Plaintiff,<br>v.<br>BARBARA ALMQUIST,<br>    Defendants. | OPPOSITION TO MOTION FOR RECONSIDERATION<br><br>Case No. 4FA-06-1421 CI |

Interior Regional Housing Authority (IRHA) has moved for reconsideration of the Court's denial of its petition for forcible entry and detainer. This court held that IRHA's eviction did not comply with the housing tribal ordinance of the Native Village of Dot Lake, and was therefore improper. In seeking reconsideration, IRHA argues that the Court 1) misconstrued applicable federal law, and 2) improperly took judicial notice of the tribal ordinance. The first argument is not new, while the second is without merit.

This Court delayed briefing on this motion due to a pending application by IRHA in the federal court for an injunction against Ms. Almquist prohibiting her from asserting tribal law defenses. The Federal

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-7716
FACSIMILE
(907) 452-4725

Op: Plt. Mot. For Reconsideration.
IRHA v. Almquist/4FA-06-1421 CI
Page 1 of 8

AUG-28-2006 11:58                                99%                    P.02

Court recently denied IRHA's request for an injunction because IRHA was not able to make a showing of probable success on the merits as to its legal claims. (see attached) Hence, Ms. Almquist is fully free to assert tribal law defenses that may be available to her.

## I. THE COURT DID NOT MISCONSTRUE APPLICABLE FEDERAL LAW.

IRHA's primary argument is that this court misconstrued Sec. 207(a) of NAHASDA [25 USC 4137(a)]: i.e. that the statute allows tribes to "*add* to possible violations ... which can result tin eviction," but that NAHASDA does not allow a tribal ordinance to "reduce, narrow, or negate grounds for lease termination." IRHA made this argument previously, and the Court properly rejected the argument because it is contrary to the plain meaning of the statutory language. IRHA has offered no legal authority to suggest that the court erred in its original holding. Hence, the Court should not reconsider its prior holding.

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-1216
FACSIMILE
(907) 452-1725

Op: Plt. Mot. For Reconsidertaiton.
IRHA v. Almquist/4FA-06-1421 CI
Page 2 of 8

AUG-28-2006 11:58

Specifically, Sec. 207(a) of NAHASDA[1] provides for minimum lease standards for low income tenant leases. In doing so, Congress provided that a landlord may terminate a tenancy "for other good cause," "<u>Except to the extent otherwise provided by or inconsistent with tribal law.</u>"[2] The section creates a general rule and an exception. The general rule is that a landlord may terminate a tenancy "for other good cause." However, statute makes a clear and unambiguous exception: i.e. "Except to the extent otherwise provided by or inconsistent with tribal law."

IRHA suggests that the first clause of the statute modifies the general rule, and is not an exception to the general rule. The notion might have some facial validity, but for the fact that the clause in question begins with the word "Except". That fact renders the first clause of §207(a) an exception to the general rule; not a modifier of the general rule.

An unambiguous statute should be enforced as it reads without judicial modification or construction. *Application of Babcock*, 387 P.2d 694, 696 n.6

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, AK 99701
(907) 452-4716
FACSIMILE
(907) 452-4726

---

[1] 25 USC 4137(a)
[2] Id.

Op: Plt. Mot. For Reconsideration.
IRHA v. Almquist/4FA-06-1421 CI
Page 3 of 8

AUG-28-2006 11:59

(Alaska 1963); *Alaska Mines & Minerals, Inc. v. Alaska Industrial Board*, 354 P.2d 376, 379 (Alaska 1960) "If the meaning of a statute is plain it should be enforced as it reads without judicial modification or construction." *Horowitz v. The Alaska Bar Association*, 609 P.2d 39, 41 (1980); See 2A C. Sands, Sutherland Statutes and Statutory Construction, § 45.02 at 4-5 (4th ed. 1974).

In essence, IRHA has unsuccessfully attempted to sell its interpretation of §207(a) to the Federal court. There is no reason to suspect that this court should be any less persuaded that §207(a) authorizes tribes to establish their own landlord tenant ordinances. In the absence of tribal ordinances, §207(a) provides for the substantive requirements governing tribal landlord tenant leases in NAHASDA housing. However, where a tribe has enacted a tribal ordinance, §207(a) of NAHASDA requires that the tribal ordinance be followed.

Michael J. Walleri
Attorney at Law
230 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-2716
FACSIMILE
(907) 452-2715

Op: Ptr. Mot. For Reconsideraiton.
IRHA v Almquist/4FA-06-1421 CI
Page 4 of 8

## II. THE TRIAL COURT PROPERLY EXTENDED JUDICIAL NOTICE OF THE TRIBAL ORDINANCE.

IRHA's second argument is that the Court took judicial notice of the tribal ordinance improperly. The argument should be rejected.

First, it must be understood that the Court heard from the Tribal Council President, Mr. Bill Miller, who confirmed that the tribal council adopted the ordinance and explained why the tribe adopted the ordinance. Specifically, Mr. Miller testified that the tribe didn't think eviction was appropriate as an expediency for the housing authority's business reasons. Not coincidently, that is the same rule that applies to non-tribal public housing authorities. It is entirely reasonable that a tribe may believe that low income Indian families should have the same public housing rights as low income non-Indian families. That is all the tribal ordinance does.

More importantly, IRHA never objected to the entry of the ordinance into evidence. The failure of a party to object to admission of evidence waives the party's right to object to the evidence. *Fyffe v. Wright*, 93 P.3d 444, 451-452

Michael J. Walleri
Attorney at Law
[address illegible]
Fairbanks, Alaska 99701
(907) 452-0716
FACSIMILE
(907) 452-2738

Op: Plt. Mot. For Reconsidercaiton.
IRHA v. Almquist/4PA-06-1421 CI
Page 5 of 8

AUG-28-2006  11:59

(Alaska, 2004) IRHA had an opportunity to object to the admission of the evidence, did not do so, and is now foreclosed from doing so.

Finally, IRHA argues that the tribal ordinance is defective because the tribe does not have a tribal constitution under the Indian Reorganization Act.[3] While it is true that Dot Lake is not an IRA tribe, it is also irrelevant. There is no requirement that an Indian tribe needs to be organized under the Indian Reorganization Act. Indeed, an IRA-tribe and an IRA tribe have the same status for most purposes. *Noatak v. Hoffman*, 896 F.2d 1157 (9th Cir. Alaska 1990) rev'd on other grounds, 501 U.S. 775, [ Circle, a non-IRA tribe, is a federally recognized tribe][4] Equally, there is no requirement that a tribe have a constitution in order to engage in law making authority. *Kerr-McGee Corp. v. Navajo Tribe of Indians*, 471 U.S. 195 (1985) [While § 16 of the Indian Reorganization Act of 1934 requires a tribal constitution written under the Act to be approved by the Secretary, the Act does not require the constitution to

---

Michael J. Walleri
*Attorney at Law*
330 Wendell St, Suite 6
Fairbanks, Alaska 99701
(907) 451-4716
FACSIMILE
(907) 451-7715

[3] The Indian Reorganization Act (25 USC 476, any recognized Indian tribe may organize under the terms of the statute, if it wishes to do so. The procedures for such reorganization are set out at 25 CFR Part 81
[4] It is not clear, what implications IRHA wishes to infer. It can only be assumed that IRHA intends to assert those implications on reply, rather than presenting them in the initial motion. If that occurs, it would be hoped that the Court will allow response from Ms. Almquist.

Op: Plt. Mot. For Reconsideraiton.
IRHA v. Almquist/4FA-06-1421 CI
Page 6 of 8

condition the power to tax on the Secretary's approval].[5] The fact that Dot Lake is not an IRA tribe is largely irrelevant in light of NAHASDA because § 207 of NAHASDA makes no IRA/non-IRA distinction.

## CONCLUSION

The Court should deny the motion for reconsideration because IRHA has failed to present any argument to the court that was not previously argued or is without legal basis. §207 of NAHASDA clearly allows the tribe to enact landlord tenant ordinances, with which the tribally designated housing authority must abide. The fact that the tribe is not an IRA tribe is without legal merit given that §207 does not make any distinction between IRA and non-IRA tribes, and that reorganization under the IRA is not a precondition to the exercise of tribal law making authority. The Court should deny the motion for reconsideration.

---

[5] IRHA argues that a 1994 letter in the BIA file suggests that there are problems identified in completing a tribal constitution". The relevance of this observation is dubious to say the least. First, the letter discusses a 1992 proposed constitution; i.e. events which happened over 14 years ago. There is no evidence before the Court that suggests that there are current problems with the tribe. More importantly, the letter addresses a "proposed" constitution. According to the letter, the tribe was seeking to reorganize under the terms of the Indian Reorganization Act. The letter offers various technical issues related to whether the draft constitution is sufficient under the IRA. There is no evidence before the court to suggest that the constitution was ever acted upon by the tribe or the BIA after its letter. More importantly, there is nothing in the letter which suggests any problems with the tribe at the current time.

Michael J. Walleri
Attorney at Law

310 Wendell St. Suite 6
Fairbanks, Alaska 99701
(907) 452-4714
FACSIMILE
(907) 452-4725

Op: Plt. Mot. For Reconsideration.
IRHA v. Almquist/4FA-06-1421 CI
Page 7 of 8

Dated this 25th day of August, 2006.

*Michael J. Walleri*
Michael J. Walleri
AK Bar #7906060

Attorney for Defendant

Certificate of Service
I certify that a true and correct copy of the foregoing was served on the August 25, 2006 via mail to:
Mr. Peter Aschenbrenner
Aschenbrenner P.O. Box 92090
Anchorage, AK 99509

*Chris Woodward*

Michael J. Walleri
Attorney at Law
310 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Op: Plt. Mot. For Reconsideration.
IRHA v. Almquist/4FA-06-1421 CI
Page 8 of 8

AUG-28-2006  11:59

99%