```
 1                    C E R T I F I C A T E
 2   UNITED STATES OF AMERICA  )
                               ) ss.
 3   STATE OF ALASKA           )
 4         I, Marci Lynch, Notary Public in and for the State of
     Alaska, residing at Fairbanks, Alaska, do hereby certify:
 5
           That the annexed and foregoing Videotaped Deposition of
 6   William J. Miller was taken before me on the 6th day of
     September, 2006 beginning at the hour of 1:14 o'clock p.m., at
 7   the offices of Liz D'Amour & Associates, 330 Wendell Street,
     Suite A, Fairbanks, Alaska, pursuant to Notice to take the
 8   deposition of said witness on behalf of plaintiffs;
 9         That the above-named witness, before examination, was
     duly sworn to testify to the truth, the whole truth, and
10   nothing but the truth;
11         That this videotaped deposition, as heretofore annexed,
     is a true and correct transcription of the testimony of said
12   witness, taken by me and thereafter transcribed by me;
13         That the original of this videotaped deposition has
     been lodged in a sealed envelope with the attorney requesting
14   transcription of same, as required by Civil Rule 30(f)(1)
     amended, that being Mr. Peter Aschenbrenner, P.O. Box 73998,
15   Fairbanks, Alaska 99707;
16         I am not a relative or employee or attorney or counsel
     of any of the parties, nor am I financially interested in this
17   action.
18         IN WITNESS WHEREOF, I have hereunto set my hand and
     affixed my seal this 26th day of September 2006.
19
20
                                       _____
21                                     Marci Lynch
                                       Notary Public in and for Alaska
22                                     My Commission Expires: 11/11/07
23   S E A L
24
25
```



LIZ D'AMOUR & ASSOCIATES, INC.
*330 Wendell Street, Suite A*
*Fairbanks, Alaska 99701*
*(907) 452-3678*

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

INTERIOR REGIONAL HOUSING AUTHORITY

V.

BARBARA ALMQUIST, VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:06-CV-00018 RRB

TO: WILLIAM J. MILLER
c/o Mark Andrews, Esq.
122 1st Avenue, Suite 600
Fairbanks, AK 99701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Liz D'Amour & Associates Court Reporters<br>330 Wendell Street, Fairbanks, AK 99701 | 9/6/2006 1:00 pm |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached list

| PLACE | DATE AND TIME |
| --- | --- |
| Liz D'Amour & Associates Court Reporters<br>330 Wendell Street, Fairbanks, AK 99701 | 9/6/2006 1:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signatures]* | 8/31/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter J. Aschenbrenner, Counsel for Plaintiff (907) 456-3910
Aschenbrenner Law Offices, Inc., 823 Third Avenue, Fairbanks, AK 99701

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Date: 9-6-06  Exhibit: 1
Witness: Miller, W.
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/31/2006 | Tanana Chiefs Conference<br>122 1st Avenue, Suite 600, Fairbanks, AK 99701 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mark Andrews, Esq. (counsel for William J. Miller) | Hand-delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Morgan Rozell | Legal Assistant, Aschenbrenner Law Offices, Inc. |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8/31/2006
                DATE

SIGNATURE OF SERVER

823 Third Avenue
ADDRESS OF SERVER

Fairbanks, AK  99701

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

Date: 9-6-06  Exhibit: 2
Witness: Miller, W.
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

DOT LAKE VILLAGE COUNCIL
BOX 2275
DOT LAKE, AK. 99737

22 JULY 1994

REPLY TO
ATTN OF: DOT LAKE VILLAGE COUNCIL

SUBJECT: COUNCIL COMPOSITION AND EFFECTIVENESS

TO: ALL ADULT TRIBAL MEMBERS

Dear Tribal Member:

The Village Council has become aware that some of you seem to be very concerned with the composition and/or actions of the present Dot Lake Village Council. The particular concern, seems to be the fact that William (Bill) Miller is not only on, but also President of the council. There may be other concerns also, therefore this letter is being sent to all Adult Tribal Members, with the hope that you will return it and make your opinion known.

I have been involved with and/or served on the Village Council for approximately fourteen years now. During that time, the following have been accomplished and/or initiated by the Village Council:

1. The Native Village of Dot Lake has received approximately $1,000,000.00 in Capital Improvement Funds from the State of Alaska, approximately $228,000.00 in State Revenue Sharing Funds, approximately $200,000.00 in IHS Funds, and approximately $10,000.00 in State Village Safe Water Funds.

2. The following projects have been completed with the above funds, excluding State Revenue Sharing Funds:

    a. The new addition to our community hall.
    (cost approximately $100,000.00)

    b. The new village road, asphalt area.
    (cost approximately $200,000.00)

    c. The Senior/youth Transportation Program.
    (cost approximately $40,000.00 to purchase
    van and operate the program)

    d. Purchase, move and repair the Voc/Ed building.
    (cost approximately $40,000.00)
    Equip a complete woodworking shop within the
    Voc/Ed Building.
    (cost approximately $15,000.00)

We have come a long way in the last fourteen years. The Village Council has worked hard to serve the Tribal Members of Dot Lake. No Council Member receives or has received wages for their work on the Council. Some of the members have been employed on some of the projects and did receive wages for that work, on an equal basis with other employees. I would like to commend all those that have served on the council during this time.

------------------------------------------------------------
DETACH HERE AND RETURN

AT THIS TIME, THE VILLAGE COUNCIL WOULD LIKE TO ASK THE FOLLOWING QUESTIONS:

1. ARE YOU SATISFIED WITH THE WORK BEING DONE BY YOUR VILLAGE COUNCIL?    _____ YES    _____ NO

2. DO YOU FEEL THAT ANY OF THE VILLAGE COUNCIL MEMBERS SHOULD BE REMOVED AND/OR REPLACED?    _____ YES    _____ NO

IF YOU ANSWERED YES, WHICH ONES?

    WILLIAM MILLER, PRESIDENT        _____ REMOVE    _____ REPLACE
    WAYNE ISAAC, VICE PRESIDENT      _____ REMOVE    _____ REPLACE
    CHARLES MILLER, SECRETARY        _____ REMOVE    _____ REPLACE
    JACOB LUKE, MEMBER               _____ REMOVE    _____ REPLACE
    DORIS CHARLES, MEMBER            _____ REMOVE    _____ REPLACE

DO YOU HAVE ANY RECOMMENDATIONS ON WHO SHOULD REPLACE THE INDIVIDUALS YOU RECOMMENDED FOR REMOVAL? (Any remaining members of the council will name replacements, until an election can be scheduled. Requirements for council members are that they be Tribal Members, at least 18 years of age, and reside within the village)

3. DO YOU HAVE ANY RECOMMENDATIONS ON HOW THE VILLAGE COUNCIL CAN BETTER SERVE THE NEEDS OF TRIBAL MEMBERS?

_I DO NOT KNOW ENOUGH ABOUT_
_THE ABOVE PEOPLE'S WORK TO VOICE AN OPINION_
continue on back _AT THIS TIME_

NAME: _MARY WILLEY_                    DATE: _8/12/94_

SIGNATURE: _Mary F Willey_

THANK YOU FOR YOUR TIME:

WILLIAM (BILL) MILLER: _[signature]_

CHARLES MILLER: _[signature]_

WAYNE ISAAC: _[signature]_

JACOB LUKE: _Jacob Luke_

DORIS CHARLES:    (not available for signature)

CONSTITUTION
of the
NATIVE VILLAGE
of
DOT LAKE

## PREAMBLE

We, the Tribal members of the Native Village of Dot Lake, Alaska, having a traditional common bond, in order to promote our welfare through the development of governmental and economic enterprises, do establish this constitution.

## ARTICLE I - NAME

The name of this organization shall be The Dot Lake Village Council.

## ARTICLE II - DEFINITION OF TERRITORY

The area to be served and the jurisdiction of this council shall be in and around the Native Village of Dot Lake. This area will include, but not be limited to: USS 3217, USS 3123, USS 4285 in addition to lands transfered to the State of Alaska in trust under Section 14 (c)(3) of ANCSA, any lands transfered to the Village Council under Section 14 (c)(2) of ANCSA or aquired by the Village Council through other means, and the lands included within the Dot Lake Native Corporation Shareholder's Subdivision.

## ARTICLE III - MEMBERSHIP

SECTION I:   TRIBAL MEMBERS

a. All persons whose names shall appear on the Tribal Membership Roll as being members of the village shall be members of the village.

b. The Tribal Membership Roll shall contain the names of all surviving individuals that were listed as members of the Village under The Alaska Native Claims Settlement Act (ANCSA), to include their spouses and direct descendants.

SECTION II:   NEW TRIBAL MEMBERS

a. The direct descendants of any Tribal Member shall be included on the Tribal Membership Rolls.

b. Tribal Membership Rolls shall be updated and certified at least once a year at the Village Annual meeting to be conducted during the second quater of each calender year. Individuals will be responsible for notifing the Village Council of any change in family status which would effect the Tribal Membership Roll.

Date: 9-6-06  Exhibit: 3
Witness: MILLER, W
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

c. Any person, who becomes a resident of Dot Lake Native Village, may be adopted by the Council by a majority vote of the Tribal Members present at a regulary called meeting of the Village Council, if the individual request membership.

## ARTICLE IV - THE COUNCIL

SECTION I: The Council shall be composed of a Chief/President, Second Chief/Vice President, Secretary and two members elected by the adult Tribal Members of the Village. Elections will be conducted at the Annual Village Meeting as required to fill vacancies on the Council. Any Tribal Member that has reached his/her eighteenth birthday shall be considered as an adult Tribal Member.

SECTION II: The term of office for a council member shall be three years from the date elected (to the closest annual meeting).

SECTION III: The Village Council shall represent the Village in all its' undertakings and shall exercise the powers as enumerated in this Constitution.

## ARTICLE V - POWERS OF THE VILLAGE COUNCIL

SECTION I: To do all things for the common good of the Village and/or the Tribal Members, which it has done or has had the right to do in the past and which is not against Federal or State Laws as they may apply.

SECTION II: To negotiate and/or contract with Federal and/or State Governments and their agencies on behalf of the Village and/or the Tribal Members. To negotiate, contract, and/or deal with agencies, persons, firms, corporations, and/or municipalities on behalf of the Village and/or Tribal Members.

SECTION III: To provide for the filling of vacancies on the Village Council, consistent with this Constitution.

SECTION IV: To have authority over and control of Village owned and operated equipment, buildings, systems, land and/or services, and to insure that they are utilized for the good of the Village and its' residents.

SECTION V: To control and administer funds received from any equipment, buildings, systems, land and/or services, and to insure that they are utilized for the good of the Village and its' residents.

SECTION VI: The Council may exercise such other powers, not denied by Federal law.

## ARTICLE VI - CHANGE OF OFFICERS/MEMBERS OF THE COUNCIL

SECTION I: Any Officer or Member of the Council or other Official of the Village who is convicted of a felony or other offense involving dishonesty or moral turpitude shall be required to forfit their office.

SECTION II: Any Officer or Member of the Council, having missed two (2) unexcused absences from a properly noticed Council Meeting may be replaced by a majority vote of the other members of the Council.

SECTION III: If a position on the Council becomes vacant for any reason, the remaining members of the Council may appoint a successor to serve in that position until the next election.

### ARTICLE VII - AMENDMENTS

Amendments to this Constitution may be proposed by a resolution of the Council or by a Tribal Member. Amendments shall be effective when passed by the Village Council and shall remain in effect until the next Village Annual Meeting, at which time they must be ratified by the majority of the adult Tribal Members present prior to becoming a part of this Constitution.

### ARTICLE VIII - DISSOLUTION

This Constitution shall continue in existence and remain in effect until dissolved by a majority vote of the adult Tribal Members of this Village, provided that at least fifty (51) percent of those entitled to vote shall be present and vote.

### ARTICLE IX - ADOPTION

This Constitution shall be in effect upon agreement of the majority vote of the adult Tribal Members, voting in an election called for this purpose, provided that at least thirty (30) percent of the voting members are present and vote.

### CERTIFICATION OF ADOPTION

We, the undersigned Tribal Members of the Native Village of Dot Lake, having been chosen to be election judges by the majority of the Tribal Members present, certify that we were present at a meeting called for the purpose of adopting this Constitution on  3-JAN  1986, that the foregoing was duly adopted at this meeting by a vote of  16  for and  0  against, and that at least thirty (30) percent of the adult Tribal Members were present and cast their ballots.

_____  
Chairperson, Election Board

_____  
Member, Election Board

_____  
President, Dot Lake Village Council

10/04/2004 MON 11:42 FAX 19078825555   DLVC   @002

## DOT LAKE TRIBAL COUNCIL
### RESOLUTION 2004-10-04-04
### RESOLUTION ACCEPTING THE OWNERSHIP OF THE "DOT LAKE TRIPLEX" AND ONE UNIT IN DOT LAKE

WHEREAS: The Dot Lake Tribal Council is the governing body for the village of Dot Lake and;

WHEREAS: The Tribe has currently and in the past chosen to designate the Interior Regional Housing Authority (IRHA) as the Tribes Tribally Designated Housing Entity (TDHE) to manage the Tribes Indian Housing Block Grants, and;

WHEREAS: With a pooling of the sub-region's NAHASDA funds in 2000, Dot Lake was able to build a low-rent triplex available for their village; and

WHEREAS: IRHA is wishing and the Dot Lake Tribal Council is wanting to take ownership and managment over of the Dot Lake Triplex; and

WHEREAS: the Dot lake Tribal Council is requesting the purchase of one unit for $19,500.00.

NOW THEREFORE BE IT RESOLVED: The Dot Lake Tribal Council is authorizing the Interior Regional Housing Authority to convey to the Dot Lake Tribal Council the Dot Lake Triplex. and

Be it further resolved that IRHA sells one House to Dot lake tribal Council. and

Be it further resolved that the Foundations of the 6 units be replaced prior to the conveyance. And

Be it further resolved that the units and triplex be insurable with AMRIND.

PASSED ON THIS 4th DAY OF October, 2004.

William F. Miller, President

Charles P. Miller, Sr., Secretary

DOCUMENTS ATTACHMENT 9
PAGE 1 OF 5

Date: 9-6-06   Exhibit: 4
Witness: miller, W
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.

PLAINTIFF
EXHIBIT NO 6
ADMITTED

98%

# INTERIOR REGIONAL HOUSING AUTHORITY

## RESOLUTION 04-27

## RESOLUTION TO CONVEY DOT LAKE TRIPLEX

**WHEREAS:** The Interior Regional Housing Authority is designated as the Village of Dot Lake's Tribally Designated Housing Entity (TDHE) to manage the Tribes Indian Housing Block Grants, and;

**WHEREAS:** With pooling of the sub-regions NAHASDA funds in 2000, Dot Lake was able to build a low-rent triplex available for the village; and

**WHEREAS:** IRHA is wishing and the Dot Lake Tribal Council is wanting to take ownership and management over of the Dot Lake Triplex; and

**WHEREAS:** IRHA has done a cost benefit analysis where it is more economical to convey the Dot Lake Triplex; and

**NOW THEREFORE BE IT RESOLVED:** The Interior Regional Housing Authority Board of Commissioners is authorizing the Executive Director to convey to the Dot Lake Tribal Council the Dot Lake Triplex.

PASSED ON THIS 27th DAY OF OCTOBER, 2004.

SEAL

_____
CHAIRMAN

_____
SECRETARY/TREASURER