# INTERIOR REGIONAL HOUSING AUTHORITY

**Date:** October 4, 2004

**To:** Steve Ginnis
Executive Director

**From:** Charlisa Attla
Planning Director

**Subject:** Department Report

## Land Acquisition

The Environmental Review for Tribulation Trail (35 Acres) has been completed and submitted to HUD. We are scheduled to close on this property November 2, 2004. The preliminary plans for this property is to subdivide it into 12 lots and develop single family homes during 2005.

## Indian Housing Plan

The following amendments to the 2004 Indian Housing Plan have been approved by the Alaska ONAP:

Huslia Title IV Project
Disposition of one unit in Tanana
Disposition of one unit in Minto

The 2005 Indian Housing Plan will be submitted to Tribes for a two week comment period beginning October 13, 2004. The attached spreadsheet outlines the 2005 Indian Housing Block Grant estimates for Tribes in Interior Alaska. These estimates are based on a 611 million dollar appropriation. Final allocations will be published once Congress approves the 2005 HUD budget.

# INTERIOR REGIONAL HOUSING AUTHORITY

## 2005 Preliminary Construction Schedule

- Allakaket – 4 new homes, 3 home rehabs
- Beaver – 6 home rehabs for water sewer upgrade
- Evansville – Relocate 1 Trailer
- Fairbanks – 14 new homes, 15 home rehabs
- Grayling – 5 home rehabs
- Holy Cross – 1 new home
- Huslia – 6 new homes Title VI Program, 1 Self Help
- Kaltag – 1 new home, plan for multiple new construction in 2006
- Koyukuk – 3 home rehabs
- Minto – 1 new unit
- Nikolai – 5 home rehabs
- Northway – plan for multiple new construction in 2006
- Shageluk – 2 home rehabs
- Tetlin – 10 home rehabs
- Tok – 1 new home

## Tribal Partner Activity

(Allakaket) On August 4, 2004 myself and Wilmur Beetus met with the Allakaket Traditional Council to discuss future housing plans and the Title VI Program. The Allakaket Traditional Council has decided to continue with their previous new construction project started in 2001 of four new homes. If additional funding is needed Allakaket has agreed to use the Title VI Loan Guarantee Program.

(Dot Lake) Steve and Pete met with the Dot Lake Council September 23, 2004 to discuss turning the Dot Lake Triplex over to the Dot Lake Council. Currently under IRHA management the Triplex does not produce enough revenue to maintain itself. Spending NAHASDA funds to maintain a NAHASDA unit is not an eligible activity. The Dot Lake Council has agreed to take over this unit and maintain it at a local level. Approval from the IRHA Board of Commissioners will need to be obtained before any further steps to put the unit into disposition are taken.

Discussion also took place about disposing of another unit in Dot Lake. This is a single family home and IRHA will need BOC approval before any further steps are taken.

(Grayling) 5 Rehabs and 1 Self Help project are currently underway in Grayling.

(Holy Cross) 1 new construction project is currently underway in Holy Cross.

(Huslia) The Huslia new construction Title VI project has been approved by HUD. The next step is to receive a Preliminary Letter of Acceptance (PLA) from the HUD Office of Loan Guarantee. The PLA is the OLG's concurrence to proceed with the proposed Title VI

## INTERIOR REGIONAL HOUSING AUTHORITY

application. With the PLA, the OLG will issue a Title VI case number and reserve the requested guarantee authority (funds). Everything still looks good to start this project in 2005.

In November 2004 IRHA will meet with the Huslia Traditional Council to review the floor plans for the new construction projects and take community comments.

(Kaltag) This years projects in Kaltag consisted of 2 Self Help projects. During 2005 IRHA will continue to plan for Kaltag's Title VI new construction projects. The Kaltag Council has agreed to use their funding to pursue a Title VI loan.

(Koyukuk) This years projects in Koyukuk consisted of 2 rehab's. IRHA will continue with Koyukuk's 5 year plan of home rehabilitation in 2005.

(Manley) The new construction project in Manley is well underway and is expected to be complete by the middle of October.

(Minto) The new construction of one new home in Minto is almost complete. Minto's 5 year plan consist of new housing. IRHA will continue to plan for these projects in 2005.

(Nenana) IRHA has successfully entered into a contract with the Nenana Native Council to build 2 out of the 3 homes in Nenana. All homes are currently underway and IRHA is still pursuing the last contract.

(Nikolai) In August Steve and Pete met with the Edzeno Native Village Council to discuss future housing projects in Nikolai. The Council has identified home rehabilitation as the housing need in the community. IRHA will continue to plan for these projects in 2005.

(Northway) A meeting was scheduled in Northway for September 24, 2004 but was canceled. As soon as another meeting can be scheduled we'll meet with the Council to discuss housing projects and the possibility of using the Title VI program in Northway.

(Shageluk) This year's projects in Shageluk consisted of two rehabs. IRHA will continue with Shageluk's 5 year plan of home rehabilitation in 2005.

(Takotna) 1 new home has been completed in Takotna and the new homeowner has been moved in.

(Tetlin) We had one rehab project in Tetlin this year. Tetlin has agreed to use the rest of their funding to rehab homes in Tetlin that are in need of foundation repairs.



# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Washington, D.C. 20240



IN REPLY REFER TO:
Tribal Government Services - TR
MS 2611 MIB

AUG 0 8 1995

Honorable William Miller
President, Native Village of Dot Lake
P.O. Box 2272
Dot Lake, Alaska 99737

Dear President Miller:

We have received the results of the election held on June 3, 1995, by the qualified voters of the Native Village of Dot Lake (Village). The election was called in accordance with an order issued on January 24, 1995, by the Acting Deputy Commissioner of Indian Affairs, which permitted the qualified voters of the Village to vote on the adoption or rejection of the proposed Constitution of the Native Village of Dot Lake Alaska (Constitution).

As evidenced by the completed Certificate of Results of Election, the proposed Constitution was duly rejected by a vote of 6 for and 17 against in an election in which seventy-seven percent of the 30 members registered and entitled to vote cast their ballots.

We commend the Village for its high degree of voter interest and participation. However, we regret the document failed when the Village has worked so long and hard on the proposed Constitution. Please be assured that we stand ready to assist the Village in its future efforts to adopt its governing document.

Sincerely,

Hilda A. Manuel

Deputy Commissioner of Indian Affairs

cc: Ms. Shirley L. Lee, Tanana Chief's Conference, Inc.
Area Director, Juneau
Superintendent, Fairbanks Agency
Assistant Solicitor, Tribal Government & Alaska



**UNITED STATES**
**DEPARTMENT OF THE INTERIOR**
BUREAU OF INDIAN AFFAIRS
101 12TH AVENUE,   BOX 16
FAIRBANKS, ALASKA 99701

IN REPLY REFER TO:
Tribal Operations

June 9, 1995

William Miller, President
P.O. Box 2275
Dot Lake, Alaska 99737

Dear Mr. Miller:

The Secretarial Election was conducted June 3, 1995 and the results were the Constitution for Native Village of Dot Lake was duly rejected by a vote of 6 for and 17 against. Pursuant to 25 CFR Part 81 Section 81.23 the Native Village of Dot Lake Secretarial Election Results were posted at the Bureau of Indian Affairs, Fairbanks Agency, Tanana Chiefs Conference, Inc, and at the Native Village of Dot Lake's Tribal Office. Pursuant to Section 81.22 the Secretarial Election Results were posted for three (3) days. There were no challenges to the election results during this three (3) day period. This letter is being written pursuant to Section 81.24 (2) which requires written notification to Native Village of Dot Lake from Samuel S. Demientieff the Superintendent of the Fairbanks Agency of his awareness of the election results. Pursuant to Section 81.24 (2) a copy of this letter is being forwarded to the Commissioner of Indian Affairs in Washington, D. C. along with the Certificate of Results of Election and a copy of Native Village of Dot Lake's Constitution.

If you have any questions please feel free to call Ernest Young at (907) 456-0226 or toll-free at 1-800-822-3596 extension 22.

Sincerely,

Samuel S. Demientieff
Superintendent

SSD:ey

cc:  1 BIA, Washington D.C.
     2 TCC, VGS, Attn: Colleen Smagge

Date: 9-6-06   Exhibit: 5
Witness: Miller, W
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

# TRIBAL COUNCIL FOR
# NATIVE VILLAGE OF DOT LAKE
# ORDINANCE No. 06-01-01

**Whereas,** the Tribal Council for Native Village of Dot Lake is the governing body of the Native Village of Dot Lake, a federally recognized tribal government;

**Whereas,** The Native Village of Dot Lake has designated the Interior Regional Housing Authority as its Tribally Designated Housing Entity (TDHE) under the terms of the Native American Self Determination and Housing Assistance Act (NAHASDA);

**Whereas,** IRHA, in its capacity as TDHE for the Native Village of Dot Lake, has constructed and operates certain multi-family dwelling units for qualified low income Native families in the Native Village of Dot Lake;

**Whereas,** the availability of affordable housing in the Native Village of Dot Lake is extremely limited and the tribal multi-family dwelling units operated by IRHA is critical to the continued viability of the Native Village of Dot Lake;

**Whereas,** when IRHA accepted Dot Lake NAHASDA funding, and undertook the development of affordable housing in Dot Lake, it committed to using such facilities as affordable housing for the useful life of such facilities, being twenty (20) years.

**NOW THEREFORE BE IT RESOLVED,** that the Native Village of Dot Lake hereby enacts the following tribal ordinance

<u>Sec. 1 NAME</u> The name of this ordinance shall be the Native Village of Dot Lake Housing Ordinance.

<u>Sec. 2 SCOPE AND APPLICABILITY.</u>

This ordinance shall apply to all tribal public housing. Tribal public housing shall mean any multi-family housing dwelling unit constructed using Dot Lake Tribal allocations under the Native American Self Determination and Housing Assistance Act (NAHASDA) and operated by a Tribally Designated Housing Entity designated by the Native Village of Dot Lake under the terms of NAHASDA. This ordinance shall not apply to single family dwellings or to



Sec. 4. RELATION TO STATE AND FEDERAL LAW. The Alaska Landlord Tenant Act [A.S. 34.03] and the Native American Self Determination and Housing Assistance Act [25 USC 4101 et. seq.] shall be applicable to all tribal public housing leases. In the event of conflict between tribal, state and federal law, the following order of priority shall be applied: tribal law, federal law, state law.

Sec. 5 ENFORCEMENT; ATTORNEY FEES. The terms of this ordinance may be enforced in tribal, state or federal court. The tribe, TDHE and the tenant shall have a right to bring an action to enforce the terms of all applicable tribal, federal and state law. Attorney fees shall be allowed to the prevailing party in any proceeding arising out of this chapter, or a rental agreement.

Sec. 6. NON-WAIVER OF TRIBAL RIGHTS. Nothing in this ordinance or any permit or lease entered into under this ordinance shall constitute a waiver of any claim to immunity that the tribe might have by operation of state or federal law.

Sec. 7. EFFECTIVE DATE. This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance.

Certification

We, the undersigned officers of the Native Village of Dot Lake hereby state and certify that on the ___1st___ day of ___June___, 2006, the Native Village of Dot Lake Tribal Council met with a duly constituted quorum, and approved, by majority vote, the above resolution.

_____
~~Chief~~ President

_____
Secretary



DOCUMENTS ATTACHMENT /
PAGE 3 OF 3



# Dot Lake Village Council

Box 2279
Dot Lake, Alaska 99737

Phone: (907) 882-2695
Fax: (907) 882-5558

## Fax Transmittal Form

**To**

Name:
Organization Name/Dept:
CC:
Phone number:
Fax number:

Urgent
For Review
Please Comment
Please Reply

**From** Mike Walleri

Ted Charles
Tribal Development Specialist

Phone: (907) 882-2695
Fax: (907) 882-5558

Date sent:
Time sent:
Number of pages including cover page: ④

The information contained in this Fax is confidential and/or privileged. This fax is intended to be reviewed by the individual named above. If the reader of this transmittal page is not the intended recipient or representative of the intended recipient, you are hereby notified that any review, dissemination, or copying of this fax or the information contained herein, is prohibited. If you received this fax in error, please immediately notify the sender by telephone and return this fax to the address above. Thank you.

Date: 9-6-06  Exhibit: 6
Witness: Miller, W.
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

Exhibit B
Page 1 of 4

# TRIBAL COUNCIL FOR
# NATIVE VILLAGE OF DOT LAKE
# ORDINANCE No. 06-01-01

**Whereas,** the Tribal Council for Native Village of Dot Lake is the governing body of the Native Village of Dot Lake, a federally recognized tribal government;

**Whereas,** The Native Village of Dot Lake has designated the Interior Regional Housing Authority as its Tribally Designated Housing Entity (TDHE) under the terms of the Native American Self Determination and Housing Assistance Act (NAHASDA);

**Whereas,** IRHA, in its capacity as TDHE for the Native Village of Dot Lake, has constructed and operates certain multi-family dwelling units for qualified low income Native families in the Native Village of Dot Lake;

**Whereas,** the availability of affordable housing in the Native Village of Dot Lake is extremely limited and the tribal multi-family dwelling units operated by IRHA is critical to the continued viability of the Native Village of Dot Lake;

**Whereas,** when IRHA accepted Dot Lake NAHASDA funding, and undertook the development of affordable housing in Dot Lake, it committed to using such facilities as affordable housing for the useful life of such facilities, being twenty (20) years.

**NOW THEREFORE BE IT RESOLVED,** that the Native Village of Dot Lake hereby enacts the following tribal ordinance

<u>Sec. 1 NAME</u> The name of this ordinance shall be the Native Village of Dot Lake Housing Ordinance.

<u>Sec. 2 SCOPE AND APPLICABILITY.</u>

This ordinance shall apply to all tribal public housing. Tribal public housing shall mean any multi-family housing dwelling unit constructed using Dot Lake Tribal allocations under the Native American Self Determination and Housing Assistance Act (NAHASDA) and operated by a Tribally Designated Housing Entity designated by the Native Village of Dot Lake under the terms of NAHASDA. This ordinance shall not apply to single family dwellings or to

SEP-29-2006 10:21 Case 4:06-cv-00018-RRB   Document 57-27   Filed 11/07/2006   Page 10 of 11   P.17

06/01/2006 THU 13:16 FAX 19 023558 DLVC Case 4:06-cv-00018-RRB   Document 25-3   Filed 07/21/2006   Page 3 of 4   @003
06-01-'06 13:10 FROM- ...leri Law Office 907-452-4725   T-026 P003/004 F-047

multi-family dwellings owned an operated by a person or entity other than a Dot Lake Tribally Designated Housing Entity (TDHE).

### Sec. 3  LEASE REQUIREMENTS.

The TDHE shall enter into a written lease with all tenants of tribal public housing that shall comply 24 CFR Part 966. If the TDHE and tenant do not sign and exchange a written lease, the payment of rent by the tenant and the acceptance of rent without reservation by the TDHE shall constitute the formation of a lease whose terms shall commence upon the date of tenant occupation, and having terms that comply with 24 CFR Part 966.

### Sec. 3 EVICTION.

A tenant in tribal public housing may be evicted for
a) Non-payment of rent after ten (10) days following the payment date specified in the lease, or the first of the month, whichever is later;
b) Serious and repeated violations of the terms of the lease by the tenant, other than the payment of rent;
c) the tenant maintaining a nuisance on or near the leased premises, intentional destruction of any portion of the leased premises or common areas of the facility, negligent or intentional injury to the person of other tenants of the facility, or property belonging to other tenants of the facility.
d) Conviction of the tenant of a crime occurring on the leased premises;
e) Conviction of another occupant of the leased premises, whether listed on the lease agreement or not, of a crime occurring on the leased premises, with the acquiescence of the tenant;
f) Other good cause.

The acceptance of a partial payment of rent by the TDHE shall constitute a waiver of the timely payment of rent, unless the TDHE provides written notice to the contrary to the tenant at the time of acceptance of such payment. The acceptance of past due rent payments shall not constitute a waiver of timely payment of current rent due, provided that the TDHE provides a written notice to the tenant at the time of acceptance of such payment noting that such amounts are only being credited to past due payments, and are not credited against current rent due. For the purposes of this section and 25 USC 4137, the term "good cause" shall mean the tenants act or failure to act causing harm to the premises, personal property or rights of other tenants, tribal members or the general public, including the quite enjoyment of real property by other tenants, or adjacent land owners.

Exhibit B
Page 3 of 4

SEP-29-2006 10:21 Case 4:06-cv-00018-RRB Document 57-27 Filed 11/07/2006 Page 11 of 11
P.18
06/01/2006 Case 4:06-cv-00018-RRB Document 25-3 Filed 07/21/2006 Page 4 of 4
06-01-06 13:10 FROM- Ileri Law Office 907-452-4725 T-026 P004/004 F-047

**Sec. 4. RELATION TO STATE AND FEDERAL LAW.** The Alaska Landlord Tenant Act [A.S. 34.03] and the Native American Self Determination and Housing Assistance Act [25 USC 4101 et. seq.] shall be applicable to all tribal public housing leases. In the event of conflict between tribal, state and federal law, the following order of priority shall be applied: tribal law, federal law, state law.

**Sec. 5 ENFORCEMENT; ATTORNEY FEES.** The terms of this ordinance may be enforced in tribal, state or federal court. The tribe, TDHE and the tenant shall have a right to bring an action to enforce the terms of all applicable tribal, federal and state law. Attorney fees shall be allowed to the prevailing party in any proceeding arising out of this chapter, or a rental agreement.

**Sec. 6. NON-WAIVER OF TRIBAL RIGHTS.** Nothing in this ordinance or any permit or lease entered into under this ordinance shall constitute a waiver of any claim to immunity that the tribe might have by operation of state or federal law.

**Sec. 7. EFFECTIVE DATE.** This ordinance is effective upon the date of enactment and shall apply to any legal proceedings in which final judgment shall not have been rendered prior to enactment of this ordinance.

### Certification

We, the undersigned officers of the Native Village of Dot Lake hereby state and certify that on the 1st day of June, 2006, the Native Village of Dot Lake Tribal Council met with a duly constituted quorum, and approved, by majority vote, the above resolution.

_____  _____
~~Chief~~ President                Secretary

