Mark Andrews, Esq.
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
Telephone (907) 452-8251, ext 3177
Fax (907) 456-8064
e-mail: mark.andrews@tananachiefs.org

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

Interior Regional Housing Authority,

            Plaintiff,

vs.

Barbara Almquist, et al.

_____/            Case No. 4:06-CV-00018 (RRB)

#### Opposition of Native Village of Dot Lake, William J. Miller and Charles Miller to Plaintiff IRHA's Motion for Rule 60(b) Relief

The Native Village of Dot Lake, William Miller, and Charles Miller oppose

IRHA's motion for Rule 60(b) relief.  Document 53.


1.  Civil Rule 60(b) does not afford the relief that Plaintiff seeks.

Relief under Civil Rule 60(b) is addressed to the discretion of the trial court.

*Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).

The motion misconceives the nature of the relief available under Rule 60(b).

The rule provides a means for a party to escape a predicament that is allegedly not of

its own making; the rule does not offer a method for challenging the substantive content of the court's rulings.

Under Rule 60(b)(1), "mistake" refers to the acts and errors of the party, not the court. *See* cases cited and summarized at Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d §2858. IRHA offers an inventory of mistakes it believes that the court has made. Document 54 at 5-11, *passim.* But these alleged mistakes are not the type of clerical errors that may properly be the subject of a Rule 60(b) motion. Rule 60(b)(1) allows for some relief from clerical errors, but only clerical errors. Wright, Miller & Kane, *supra*, at 359-60. The rule offers no remedy for alleged legal errors.

Civil Rule 60(b)(6) is similarly unavailable. This subsection "is reserved for cases involving extraordinary circumstances." Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d §2858 at 365. As in the example of Rule 60(b)(1), relief under (b)(6) is available for clerical errors. *Molloy v. Wilson*, 878 F.2d 313 (9th Cir. 1989)(failure to receive a dismissal order). But as for legal challenges, relief is unavailable. The 9th Circuit has denied relief despite changes in judicial rulings after judgment. *See Clark v. Lewis*, 1 F.3d 814, 821-22 (9th Cir. 1993). Here, IRHA simply argues that the District Court was wrong on the merits, and Civil Rule 60(b)(6) is an inappropriate vehicle for such an argument.

2. Dismissal as to the Dot Lake defendants was proper.

Plaintiff argues that it should have received notice before the District Court dismissed the Complaint as to the Dot Lake defendants. IRHA Memorandum, Document 54 at 7-11, citing *Wong v. Bell*, 642 F.2d 359 (9th Cir. 1981). This argument is not an allegation of clerical error; Rule 60(b) relief is unavailable.

Dismissal was well within the discretion of the District Court. There was no need for the District Court to issue a prior notice. The Almquist dismissal motion (Doc 29) argues from case law relating to tribal powers. The issue of tribal powers was argued on the merits. IRHA opposed on the merits. This argument necessarily encompasses the lawful powers of the Dot Lake defendants. Dismissal as to the Dot Lake defendants was neither a surprise to the Plaintiff, nor a lack of fairness.

The alternative was to cause the Dot Lake defendants to litigate the same issue. Relitigating would have been a waste of time. The Order Granting Almquist Motion to Dismiss Court I (Doc 52) is now the law of the case. The parties are bound to the substance of this Order.[1] If IRHA insists on relitigating this issue, it still remains

---

[1] "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. For the law of the case doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." Hydrick v. Hunter, 466 F.3d 676, 688 (9th Cir. 2006.)(citations and internal quotes omitted).

bound to the Order granting dismissal.  The Dot Lake defendants would have moved

to dismiss using the Almquist Order as their authority.

The Order (Doc 52) recognizes that the reasoning which causes dismissal as to

Almquist also causes dismissal as to the Dot Lake defendants.  The Order states

> The Court notes, however, that § 4137 does not "prevent[] a tribe from enacting
> a landlord/tenant ordinance applicable to NAHASDA low income projects,"
> Docket 40 at 2, the very thing which IRHA now claims Almquist, et al., lacked
> the authority to do.

Document 52, at 2, n. 2.  Later, the Order states

> "Thus framed, IRHA rests its claims solely upon whether NAHASDA prohibits
> a tribe from enacting landlord tenant ordinances applicable to the tribe's tribally
> designated housing entity[.]"  It does not.

Document 52 at 4-5 (footnote omitted).  These rulings apply to the powers of the tribe,

and by extension to the natural persons through whom the tribe acts.

Turning to the IRHA memorandum, the record shows that the dismissal was not

*sua sponte*, and this factor takes this case completely out of the *Wong v Bell* analysis.

The *Wong* opinion describes few details of the procedural history before the district

court.  642 F.2d at 360-61.  Dot Lake assumes for purposes of this motion that the

*Wong* plaintiffs received no advance word of dismissal.  In the instant case, defendant

Almquist raised issues of tribal powers (Doc 29), and IRHA responded (Doc 33).

*Wong* upheld the district court dismissal.

This is case is closer to *Sparling v Hoffman*, 864 F.2d 635 (9th Cir. 1988).

*Sparling* also upheld the trial court dismissal. In district court a defendant moved for a stay pending arbitration. In response the plaintiffs alleged fraud. 864 F.2d at 637- 38. The court dismissed the entire proceeding on the grounds that the claims were subject to arbitration. The appeals court upheld the dismissal because the substance of the matter was that the claims were indeed subject to arbitration, or otherwise without merit. 864 F.2d at 637-39.

The lesson for this case is that the *Sparling* plaintiffs were adequately heard on the specific issue on which the trial court based its dismissal. In *Sparling*, as here, the plaintiffs complained of a flawed process. The *Sparling* plaintiffs alleged that the contract was itself fraudulently induced. 864 F.2d at 638. However, the substance of the matter was that all issues were subject to arbitration, and the entire case was properly dismissed.

3. Plaintiff's argument fails on the merits.

For the first time after dismissal, the Housing Authority offers a new theory of federal jurisdiction. The Dot Lake defendants note again that Rule 60(b) is not a vehicle for challenging the substance of an order.

Turning to the IRHA memorandum (Doc 54), the IRHA argument is an attempt to wish away the Complaint. Document 54 at 11-25. Post-dismissal, IRHA argues that a federal question exists under a generalized theory having to do with Indians who

do business with non-Indians.  This argument appears nowhere in the Complaint.
IRHA does not try to argue today that its new theory appears in the Complaint.  The
Complaint cites one and only one theory as grounds for federal jurisdiction: 25 U.S.C.
§4137.  Complaint, June 27, 2006, ¶¶12, 15, 21.  IRHA's Complaint claims no other
source of federal rights.

In sharp contrast, the Plaintiff's post-dismissal argument never mentions 25
U.S.C. §4137.  Document 54.  Plaintiff wants to abandon, post-dismissal, its original
basis of jurisdiction in favor of a new theory that it considers more likely to survive.
This effort is untimely.  The jurisdictional statement must appear in the Complaint.
F.R.C.P. 8(a)(1).

The District Court decided the merits of the Almquist motion (Doc 29) by
citing to *Marceau v. Blackfeet Housing Authority,* 455 F.3d 974 (9th Cir. 2006).
Document 52 at 5.  The Housing Authority does not mention *Marceau*, does not
attempt to distinguish it, and does not argue that *Marceau* was wrongly decided.

IRHA argues that in earlier motion practice it cited various cases to the district
court.  Document 54 at 5, 12.  First, this argument is not the proper subject of a Rule
60(b) motion.  Second, the focus of a dismissal motion is on the content of the
Complaint, F.R.C.P. 8(a)(1), not on arguments appearing during motion practice.

<u>4.  Dot Lake objects to any new factual references appearing in the reply.</u>

IRHA's extensive set of exhibits (Documents 56, 57) is entirely gratuitous. Plaintiff relies on none of the facts recited in the numerous exhibits.  The memorandum (Doc 54) refers to its exhibits exactly twice: at page 7 there is an exhibit list.  A second statement at page 10 repeats that Plaintiff is filing the exhibits.  At pages 11-12, the argument refers to exhibits that accompanied Plaintiff's June motion for a preliminary injunction, not to the new exhibits.  IRHA never argues from exhibits filed for the first time.  There is literally not one reference to about 140 pages of miscellaneous notices, motions, and attachments (Documents 56, 57).

There is no argument in the memorandum that claims to depend upon the exhibits.  There is no claim that the content of these exhibits shows IRHA's mistake or inadvertence, or that the content shows some extraordinary reason for granting relief. The exhibits are useless, they waste time, and they load an unnecessary burden on these proceedings.

Dot Lake is not responding to any of these exhibits because the Plaintiff did not rely on them.  Dot Lake objects in advance to any references to these exhibits appearing for the first time in a Reply.  IRHA is not using these exhibits to support any

factual statements in its opening memorandum, and the later use of these exhibits will

constitute new facts appearing for the first time on Reply.[2]


       By reason of all of the above, the Native Village of Dot Lake, William Miller,

and Charles Miller ask that the Rule 60(b) motion be denied.

Mark Andrews                          Dated: November 27, 2006.

Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Suite 600
Fairbanks, Alaska  99701
(907) 452-8251


Certificate of Service.  I certify that this 27th day of November, 2006, a copy of this
Opposition to Expedited Consideration was served by ECF on Peter Aschenbrenner and
Michael Walleri.                   /s/ Mark Andrews

---

[2] Such use is contrary to the rules of this court.  See Local Civil Rule 7.1(b).