Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Defendant Almquist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>     Plaintiff,<br><br>v.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE, aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MIILER, CHARLES P. MILLER, AND JOHN DOES NO 1-3, all in their official capacities.<br><br>     Defendants. | **OPPOSITION TO IRHA'S FRCP 60(b) MOTION**<br><br>Case No. 4:06-cv-0018-RRB |

  Barbara Almquist opposes the motion for relief filed by Interior Regional Housing Authority pursuant to FRCP 60(b). The Court got it right the first time, and IRHA's motion falls squarely outside the parameters of FRCP 60(b).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Op: IRHA 60(b) Motion

Page 1 of 4

As the Court noted in its order, IRHA's original complaint in this matter sought to test whether NAHASDA prohibits a tribe from enacting landlord tenant ordinances applicable to the tribe designated housing entity.[1]  The State court had previously held that NAHSDA authorizes such action by a tribe.  This Court's order dismissing the present action merely confirmed that holding.

Relief from judgment under FRCP 60(b) requires that the moving party show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which prevented a party from making a timely appeal. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).   The present motion falls outside FRCP 60(b) in that it does not suggest that the Court improperly perceived the issue raised by its complaint, nor that the Court failed to consider the law or facts relevant to its claim.  Rather, IRHA argues, after dismissal, that it should be allowed set aside an order dismissing its case when IRHA fails to suggest any error in the dimsissal.  Rather, IRHA seeks to have the dismissal withdrawn so that it may  amend its pleadings, after dismissal, to

---

[1] Docket 52

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

assert new facts and assert an entirely new cause of action against the Defendants. There is nothing in FRCP 60(b) which authorizes that such relief.

> This Court dismissed IRHA's complaint which sought
>
> declaratory relief declaring the rights and liabilities of the parties under NAHASDA and specifically declaring that Plaintiff IRHA and all Defendants are bound by federal law, and that any tribal law which reduces, undercuts or negates the rights of Plaintiff IRHA cannot be applied in the state court case or is preempted by federal law

There is nothing in the dismissed complaint that references allegations raised in IRHA's motion. Indeed, IRHA's motion raises for the first time a new attack on the tribe by arguing that the tribal procedures used to enact the ordinance at issue were somehow flawed. That is an entirely different lawsuit than originally brought by IRHA. FRCP 60(b) is not a remedy to allow a complainant to concoct new allegations based upon different facts because there was no merit to the original complaint. In substance, IRHA admits that it must amend its original complaint to allege new facts and new legal theories of liability. FRCP 60(b) is not a substitute for a new complaint.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Op: IRHA 60(b) Motion

Page 3 of 4

The Court should deny the motion for the reasons stated above.[2]

DATED this 27th day of November , 2006, at Fairbanks, Alaska.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J Walleri
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725
 walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on November 27, 2006 via ECF to:

Mr. Peter Aschenbrenner
Aschenbrenner Law Office
P.O. Box 73998
Fairbanks, AK 99707

 Mark Andrews
Tanana Chiefs Conference, Inc
122 First Ave. Suite 600
Fairbanks, Ak 99701

/s/ Michael J. Walleri

---

[2] Assuming that there was some basis for the court to grant Rule 60(b) relief, the claims which IRHA now seeks to assert are futile.  In substance IRHA wants to litigate the proper procedure applicable to the enactment of tribal ordinances and the conduct of tribal government.  These matters are clearly outside the purview of Federal Court review. *Williams v Lee, 358 US 217 (1959)* [internal affairs of the Indians remained exclusively within the jurisdiction of tribal government]; *See also Fondahn v. Native Village of Tyonek, 450 F.2d 520 (9th Cir., 1971)*  Simply stated, IRHA's argument that alleges defects in the  internal procedures used by the Tribal government to enact a tribal ordinance fails to state a cognizable federal question over which this court has jurisdiction.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist
Op:  IRHA 60(b) Motion

Page 4 of 4