Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address:  823 Third Avenue, Fairbanks, Alaska  99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska  99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>                        Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>                        Defendants. | Case No. 4:06-CV-00018 RRB |

### PLAINTIFF IRHA'S REPLY IN SUPPORT OF ITS
### MOTION FOR 60(b) RELIEF

Plaintiff Interior Regional Housing Authority, by and through its undersigned counsel,

Aschenbrenner Law Offices, Inc., files its Reply in Support of its Motion for Fed.R.Civ.P.

Rule 60(b) relief from the Order Granting Almquist's Motion to Dismiss Count I[1] entered by

this Court and distributed to the parties via ECF on November 2, 2006.

---

[1] The Order Granting Almquist's Motion to Dismiss Count I is at Docket No. 52.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

IRHA seeks relief under Rule 60(b)(1) and (6) following mistakes made by the Court in handling the outstanding motions in this case; generally; and specifically, the Court's overlooking its duties regarding dismissals, on motion or *sua sponte*, on Fed.R.Civ.P. Rule 12(b)(6) grounds.

Almquist's November 27 Opposition to IRHA's Motion for Rule 60(b) Relief asserts first that the relief which IRHA seeks falls beyond the purview of FRCP 60(b), that IRHA failed to suggest any error in the dismissal of its case and is therefore not entitled to have the November 2, 2006 dismissal of all claims set aside. Also in her Opposition, Almquist further asserts that the allegations which IRHA raises in its 60(b) Motion are unrelated to those which it has asserted in its Complaint, suggesting that IRHA is attempting to use FRCP 60(b) as a "substitute for a new complaint." At 3.

Dot Lake's November 27 Opposition to IRHA's Motion for Rule 60(b) Relief first echoes Almquist's argument that "Civil Rule 60(b) does not afford the relief" sought by IRHA and that IRHA has taken Rule 60(b) out of context, that Rule 60(b) applies only to those mistakes made by parties and not by the court. In this vein, Dot Lake further asserts that Rule 60(b) does not apply to clerical errors and does not apply to alleged legal errors. Dot Lake then asserts that the Court's dismissal of IRHA's claims was proper and that the issue of tribal powers was argued and decided on the merits. Dot Lake then asserts, as does Almquist, that IRHA's Rule 60(b) Motion attempts to supplement its Complaint. Dot Lake finally asserts that the exhibits which IRHA attached to the Affidavit of Peter J. Aschenbrenner filed in support of IRHA's Motion for Expedited Consideration of Plaintiff IRHA's Motion for Rule 60(b) Relief and its Motion for Rule 60(b) Relief, are superfluous and unnecessary.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

## I.      IRHA'S COMPLAINT IS SUFFICIENT.

Federal caselaw is replete with support for the proposition that a complaint need not outline every argument that a plaintiff can make in order to withstand a motion to dismiss under Rule 12(b)(6).   Indeed, if the District Court insists on "one look" at the face of a plaintiff's pleading, the court has run afoul of the principle that plaintiff need only give notice of its claims; after all, the federal rules enshrine "notice pleading" as the active principle, not "code pleading."

The United States Supreme Court has been particularly vocal to this regard.   In *Conley v. Gibson* 355 U.S. 41, 79 S.Ct. 99 (1957), the Court held as follows:

> The [ ] Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.   To the contrary, all the Rules require is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.   Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.   The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.   At 47-48.

Accordingly, in *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798 (1994), the Court held that "We have held that '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.'"   At 256.   (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992)).   (citations omitted).

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

And most recently in *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Court held that "[w]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  At 997.  As argued in its main motion, IRHA has already passed this hurdle with the Court's order that discovery may be taken; its order of November 2 denies to IRHA what had already been granted – the right  to obtain and offer evidence – without reviewing the evidence obtained.

The federal circuit courts are in accord with the Supreme Court without exception.  For example, in *Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.* 148 F.3d 1080 (D.C. Cir. 1998), the D.C. Circuit Court of Appeals held:

> In the notice pleading system established by Federal Rule of Civil Procedure 8, all that is required is a " 'short and plain statement of the claim' that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests."  A complaint satisfies this criterion if it is not "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading."  F.R.Civ.P. 12(e).  In other words, a plaintiff need not allege all the facts necessary to prove its claim so long as it provides enough factual information to make clear the substance of that claim.  At 1086.  (citations omitted).

More pointedly, the court in *Caribbean Broadcasting* further held:

> Because a plaintiff is not required to plead facts sufficient to prove its allegations, a federal court should not dismiss a complaint either for lack of subject matter jurisdiction or for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id.

Accordingly, the court in *In re Southeast Banking Corp.* 63 F.3d 1539 (11th Cir. 1995) adopted this standard in evaluating the sufficiency of complaints, holding, "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4

be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." At 1551. The court further held:

> Neither 'notice pleading' requirements (Fed.R.Civ.P. 8(a)(2)) nor the standards which govern dismissals under Rule 12(b)(6) require a claimant to set out in detail the facts upon which he bases his claim. Pretrial procedures such as summary judgment (Fed.R.Civ.P. 56) and the motion for a more definite statement (Fed.R.Civ.P. 12(a)) are the appropriate devices to narrow the issues and disclose the boundaries of the claim or defense. At 1551.

The court in *Southeast Banking* finally held that "the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can." *Id*. (citing *Quality Foods de Centro America v. Latin American Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir.1983) ["The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."].

But there is more here. IRHA anticipated, in its Complaint, that the Defendants would assert and rely upon Tribal Ordinance 06-01-01; IRHA was not required to make this assertion to support its claim under 25 USC Sec. 4137(a)(5). But it did so. And in so doing it characterized the Tribal Ordinance as being "purportedly" adopted. Complaint ¶11. With this allegation, it is abundantly clear that IRHA's Complaint falls within the purview of the cases previously cited (see discussion of *National Farmers*, *infra*); IRHA is a non-tribal member challenging the exercise of tribal power over IRHA assets and business; IRHA says it has federal law on its side; IRHA is pleading (in advance) that any assertion of tribal law on the Defendants' side is invalid.

Moreover, it was not necessary that IRHA include full details of its theory that there was an abuse of tribal power in its Complaint because the evidence supporting that claim was

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 5

under the exclusive control of the Dot Lake Defendants, as a fair reading of the depositions makes clear. The case on point here is *U.S. v. Baxter International, Inc.*, 345 F.3d 866 (11th Cir. 2003); the Eleventh Circuit held: "Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant." At 881. (citing *Peters v. Amoco Oil Co.*, 57 F.Supp.2d 1268, 1284-85 (M.D.Ala.1999)).

When filing its Complaint, IRHA had some proof of wrongdoing in that the fax banner of Ordinance No. 06-01-01 shows that the draft Ordinance was faxed from "Walleri Law Office" at 13:10 p.m. on June 1, 2006. June 1, 2006 was also the day the Ordinance was adopted. Aff. Aschenbrenner ¶ 19, filed July 21, 2006. In addition, the cover sheet for Dot Lake's reply fax to Walleri Law Office is dated June 1, 2006 at 13:16 p.m. Aff. Aschenbrenner ¶ 20, filed July 21, 2006. IRHA filed these documents in the documents attachment which the court undoubtedly reviewed in connection with the motion for preliminary injunction held on July 6, 2006.[2]

However, IRHA lacked access to the existing "purported" tribal constitution and more importantly, the facts surrounding operations of any "purported" Native Village of Dot Lake government by those claiming to be Tribal Council members. These matters were brought to light with the Depositions of William and Charles Miller. Had IRHA been bolder in brush and less reticent it could have accused the Dot Lake Defendants of abusing tribal sovereignty by never, in twenty years, gaining any level of approval from the people they sought to govern *in*

---

[2] See Doc. Att. 1, Plaintiff's Documents Attachment Filed in Support of its Motions for Temporary Restraining Order and Preliminary Injunction, filed June 29, 2006 at Docket 5-1; Doc. Att. 16, Exhibit B to Aff. of Peter J. Aschenbrenner filed November 7, 2006 at Docket No. 57.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 6

*its complaint*.  IRHA proceeded modestly and cautiously and asked permission to develop the facts, which it then obtained for the record and which show that there has been no functioning tribal government in Dot Lake from 1986 to 2006, because no tribally elected tribal council has been at work and the BIA's interaction with the tribe in the 1994-1995 bears this out. Doc. Atts. 5, 13, and 14,  discussed *infra*.[3]

Four specific allegations, in review, show that information to prove or disprove the alleged facts were under the exclusive control of either Mr. Walleri as counsel for Defendant Almquist, or the Dot Lake Defendants.

First, IRHA alleged that "Defendant ... W. Miller purports to be the President of the 'Dot Lake Village Council,' the governing body of the Village of Dot Lake." ¶8

Second, IRHA alleged that "Defendant ... C. Miller purports to be the Secretary of the 'Dot Lake Village Council,' the governing body of the Native Village of Dot Lake." ¶9

Third, IRHA then challenges the Dot Lake Defendants to identify John Does 1 through 3 who might be the "three remaining individuals who serve on the "Dot Lake Village Council," "the governing body of the Village of Dot Lake." ¶10

---

[3] See Letter from Jim Thomas, Acting Director of Tribal Services with the US Department of the Interior, Bureau of Indian Affairs to Shirley Lee at Tanana Chiefs Conference, Inc., dated September 16, 1994, Doc. Att. 5 of the Documents Attachment at Docket 51 and Correspondence from Samuel S. Demientieff, Superintendent, Bureau of Indian Affairs, to "William Miller, President," dated June 9, 1995, Doc. Att. 13, Exhibit B to Aff. of Peter J. Aschenbrenner filed November 7, 2006 at Docket No. 57 and Correspondence from the Bureau of Indian Affairs to "Honorable William Miller, President, Native Village of Dot Lake," dated August 8, 1995, Doc. Att. 14, Exhibit B to Aff. of Peter J. Aschenbrenner filed November 7, 2006 at Docket No. 57.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 7

Fourth, IRHA pleads that "This case and controversy arises from the *purported* adoption of Tribal Ordinance No. 06-01-01, adopted by an entity purporting to be Dot Lake Village Council, which reduces the federal rights granted to IRHA as a NAHASDA Indian Housing Authority." ¶11; emphasis supplied.

Finally IRHA concludes its pleadings in Count I by asserting that it "is entitled to have this court issue temporary, preliminary and permanent injunctive relief restraining all Defendants from asserting that any tribal law which negates, undermines or restricts the rights of Plaintiff IRHA." ¶22. The legality of any contrary tribal law is challenged and the Defendants are on notice that any law which they assert defensively is thereby put to the test in federal court.

It is now time for IRHA to benefit from the fruits of these depositions, which provide conclusive evidence of Dot Lake's abuse of tribal power to IRHA's detriment. The reality on this record is that Dot Lake and counsel for Almquist acted to deprive IRHA of its rights and interfere with its duties to fulfill federal Indian housing responsibilities under NAHASDA.

IRHA's Complaint sufficiently encompasses its present allegations of tribal impropriety in the enactment of Tribal Ordinance 06-01-01, an issue which directly relates to the enactment of "tribal law which reduces, undercuts or negates the rights of Plaintiff IRHA." Complaint at ¶22. Accordingly, Almquist and Dot Lake's arguments to this regard are irrelevant and contrary to existing caselaw as will be shown herein.

Rule 60(b) provides for setting aside a judgment for any one of five specific reasons or for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6). The court in *In re Cremidas' Estate*, 14 F.R.D. 15 (D. Alaska 1953) held that

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 8

Relief from judgments, orders, or other proceedings rests in the sound discretion of the court and that discretion should ordinarily incline towards granting, rather than denying, relief.  This is especially true if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue.  At 17.  See also *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).

Dot Lake is mistaken in its assertion that Rule 60(b)(1) errors apply only to those of parties.  In *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047 (9th Cir. 1993), the Ninth Circuit observed that "[i]n its most recent discussion of the rule, the Supreme Court held that Rule 60(b)(6) relief was available to a litigant against whom judgment was entered by a judge who had improperly refused to recuse himself." At 1049.  (citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).  In addition, the court in *Gila River Ranch, Inc. v. U.S.*, 368 F.2d 354 (9th Cir. 1966) held that:

> [W]hy should not the trial court have the power to correct its own judicial error under 60(b)(1) within a reasonable time – which, as we subsequently point out should not exceed the time for appeal – and thus avoid the inconvenience and expense of an appeal by the party which the trial court is now convinced should prevail?  At 357.

It is worth noting (and Defendant Almquist has noted this point), that a motion for rule 60(b) relief extends the time for appeal.  Fed. Rules of App. Pro. Rule 4(a)(4)(A)(vi).  It would seem that the appellate tribunal prefers a decision on the merits before it takes up the record.

In addition, Dot Lake is mistaken in its assertion that Rule 60(b) offers no remedy for alleged legal errors.  The federal circuit courts have held otherwise.  The Sixth Circuit in *Gumble v. Waterford Township*, 171 Fed.Appx. 502 (6th Cir. 2006) held "Gumble next contends that the district court should have granted his motion under the 'mistake' provision of Rule 60(b)(1).  The parties agree that this subsection permits relief from judgments based on

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 9

errors of law, but Gumble has not pointed to any legal error committed by the district court."

At 507.  In *Townsend v. Comm'r. of Social Security*, 415 F.3d 578 (6th Cir. 2005), the court

held:

> After determining that the motion should properly be labeled as a Rule 60(b)(1) motion, the court denied the motion as untimely because it had not been filed, as required by decisions interpreting Rule 60(b)(1) motions claiming legal error, before the time for taking an appeal had expired. *See Pierce v. United Mine Workers,* 770 F.2d 449, 451 (6th Cir.1985) ("A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal.").  At 580.

The fundamental purpose of Rule 60(b) is to ensure justice.  Accordingly, the court in

*Cremidas' Estate* held:

> Most recent cases applying the rule with which we are here concerned have uniformly held for its liberal construction so that any case presenting the question of substantial rights should be resolved in favor of the petition to set aside a judgment where a litigant has not been afforded an opportunity to have his case decided on the merits.  Under this principle, a litigant is entitled to a fair hearing which presupposes an opportunity to present all the facts available in support of his position.  [ ]   The power vested in the courts under Rule 60(b)(6) is sufficient to enable them to vacate judgments whenever such action is appropriate to accomplish justice.  At 17.  (citing *Klapprott v. U. S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)).

This holding was approved by the Ninth Circuit in *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863

(9th Cir. 1959), where the court held:

> Rule 60(b) is clearly designed to permit a desirable legal objective: that cases may be decided on their merits.  The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction.  Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.  [ ]  If we assume that the 'mistake, inadvertence, surprise, or excusable neglect', listed in subdivision (1) of Rule 60(b) does not ordinarily apply where the mistake, inadvertence, etc. relates to a mistake of law, yet subdivision (6) provides that relief can be granted for 'any other reason justifying relief from the operation of the judgment.'

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 10

Rule 60(b)(6) backstops Rule 60(b)(1) so that whenever the interests of justice require legal error – that is error by the court – may compel setting aside the court's ruling. Dot Lake has cited *Clark v. Lewis*, 1 F.3d 814, 821-22 (9th Cir. 1993) in its assertion that relief is unavailable for IRHA's legal challenges. However, *Clark* is a habeas corpus proceeding and the U.S. Supreme Court has held that application of Rule 60(b) in habeas corpus proceedings are to be distinguished from the application of Rule 60(b) in other proceedings. *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646 (2005). With this, Dot Lake's assertions that IRHA may not obtain Rule 60(b) relief are unfounded.

In view of the Court's grant of IRHA's Motion for Rule 56(f) Continuance and its Order compelling the depositions of William Miller and Charles Miller, it is clear that the timing and grounding of the Court's Order dismissing IRHA's Complaint demonstrate that the Court had not taken into consideration the possibility that IRHA may have obtained information from the depositions which would prove the assertions in its Complaint, even though all IRHA was ever obliged to do to obtain leave to amend was to show that there were facts (even if not in the record) which might support a cognizable claim. Therefore, Rule 60(b) relief should be available to IRHA via Rule 60(b)(1) or 60(b)(6).

## II.    *MARCEAU* DECISION SUPPORTS IRHA'S POSITION.

The Ninth Circuit in *Marceau v. Blackfeet Housing Authority*, 455 F.3d 974 (9th Cir. 2006) reversed a District Court dismissal of consumer claims against the IHA (homebuyers buying bad homes), on the grounds that the tribally adopted enabling ordinance contained a "sue and be sued" clause which waived (with limitations noted in the ordinance) sovereign immunity. How this could be a case favoring the Defendants' position is unclear. The District

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 11

Court and all parties assumed the legal adoption of all tribal ordinances in question and the legal operation of all tribal institutions referred in the opinion. The case does not say that a challenge to the legality of tribal action is not cognizable; it says that federal court interpretation of a tribal housing authority's enabling ordinance is required as an intellectual effort on the road to giving the plaintiff consumers their day in court.

The question the court should ask is this: Is the Ninth Circuit abandoning – even in this dispute between a tribe, its subsidiary, and tribal consumers of housing services – the caselaw under *National Farmers*, *infra*, developed all through IRHA's briefing? The answer is no, and the Ninth Circuit still thinks this is good law, and has said so in *Marceau*. The way in which this allusion is made is of some interest. In the course of reversing a Rule 12(b)(6) dismissal of the Indian consumers' complaint, the Ninth Circuit states: "Under Section 17 of the Indian Reorganization Act, tribes were also permitted to form corporate organizations – business corporations through which they could enter the world of commerce. See *White Mountain Apace Tribe v. Williams*, 810 F. 2d 844, 866 n. 17 (9th Cir. 1987)." The citation leads to Judge Fletcher's *dissent* in that case, in which she would uphold Sec. 1988 attorney's fees in a suit by a tribe against state tax collectors, following the tribe's successful resistance to these taxes all the way to the Supreme Court. *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980).

The point Judge Fletcher was making in dissent in *White Mountain* (that the panel in *Marceau* were interested in incorporating into their unanimous decision) was this: "The Tribe brought this action in its capacity as an incorporated business entity under section 17 of the Indian Reorganization Act (IRA), 25 U.S.C. § 477 (1982)" and the footnote 17 reads:

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 12

Section 17 of the IRA authorizes Indians to request the Secretary of the Interior to issue charters of incorporation to their tribes once the tribes have adopted constitutions and bylaws and organized tribal governments under section 16 of the IRA, 25 U.S.C. § 476 (1982). Congress enacted section 17 specifically "to rehabilitate the Indian's economic life and to give him a chance to develop the initiative destroyed by a century of oppression and paternalism," Mescalero Apache Tribe v. Jones, 411 U.S. 145, 152, 93 S.Ct. 1267, 1272, 36 L.Ed.2d 114 (1973) (quoting H.R.Rep. No. 1804, 73rd Cong. 2d Sess. 1 (1934)). It sought to promote the organization of tribal business enterprises and to enable those enterprises "to enter the white world on a footing of equal competition." 78 Cong.Rec. 11732 (1934); accord Mescalero Apache Tribe, 411 U.S. at 157, 93 S.Ct. at 1275 (quoting above passage from Congressional Record). The Supreme Court and other courts have recognized a distinction between tribes acting as business entities pursuant to IRA section 17 and as sovereign, governmental entities, pursuant to section 17, and have consistently indicated that the capacity in which a tribe is acting helps to determine its legal rights, privileges, and immunities. See Kerr-McGee Corp. v. Navajo Tribe of Indians, 471 U.S. 195, 105 S.Ct. 1900, 1903, 85 L.Ed.2d 200 (1985) (distinguishing between tribe's "role as commercial partner" and its "role as sovereign"); Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 145-47, 102 S.Ct. 894, 905-06, 71 L.Ed.2d 21 (1982) (noting same distinction in determining that tribe was entitled to impose taxes in its sovereign capacity upon parties with whom it had lease agreements); Ramey Construction Co. v. Apache Tribe, 673 F.2d 315, 320 (10th Cir.1982) (tribe's "constitutional and corporate entities [are] separate and distinct" and may differ in the extent to which they possess tribal sovereign immunity); Parker Drilling Co. v. Metlakatla Indian Community, 451 F.Supp. 1127, 1131-35 (D.Alaska 1978); Atkinson v. Haldane, 569 P.2d 151, 174-75 (Alaska 1977); Request for Interpretative Opinion on the Separability of Tribal Organizations Organized Under Section 16 and 17 of the Indian Reorganization Act, 65 I.D. 483, 484 (1958) (Solicitor's report analyzing IRA's legislative history and concluding that "the powers, privileges and responsibilities of [section 16 and 17] tribal organizations materially differ"). In analyzing the IRA's legislative history and the differences between tribes acting in their section 16 and section 17 capacities, the Solicitor concluded that: The purpose of Congress in enacting section 16 of the Indian Reorganization Act was to facilitate and to stabilize the tribal organization of Indians residing on the same reservation, for their common welfare. It provided their political organization. The purpose of Congress in enacting section 17 of the Indian Reorganization Act was to empower the Secretary to issue a charter of business incorporation to such tribes to enable them to conduct business through this modern device, which charter cannot be revoked or surrendered except by act of Congress. This corporation, although composed of the same members as the political body, is to be a separate entity, and thus more capable of obtaining credit and otherwise expediting the business of the tribe, while removing the

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 13

possibility of federal liability for activities of that nature. As a result, the powers, privileges and responsibilities of these tribal organizations materially differ. 65 I.D. at 484 (emphasis added).

Identifying the tribe's role as commercial partner vs. its role as sovereign is the meaning assigned to *Kerr-McGee Corp. v. Navajo Tribe of Indians*, 471 U.S. 195, 105 S.Ct. 1900, 1903, 85 L.Ed.2d 200 (1985); Judge Fletcher also noted the "same distinction in determining that tribe was entitled to impose taxes in its sovereign capacity upon parties with whom it had lease agreements" as the lesson of *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 145-47, 102 S.Ct. 894, 905-06, 71 L.Ed.2d 21 (1982); and finally, the tribe's "constitutional and corporate entities [are] separate and distinct" and may differ in the extent to which they possess tribal sovereign immunity, is her take on the lesson of *Ramey Construction Co. v. Apache Tribe*, 673 F.2d 315, 320 (10th Cir.1982).

*Merrion* is one of the key United States Supreme Court cases on the way to the United States Supreme Court's decision in *National Farmers*, and in *Merrion* the Supreme Court held that: "the court has emphasized that 'exercise of tribal power beyond what is necessary to protect tribal self-government or to control internal relations is inconsistent with the dependent status of the tribes, and so cannot survive without express congressional delegation." (at 171; cited in IRHA's 60(b) brief at p. 16). It's worth reiterating that the major hurdle facing non-tribal entities in federal court (after *National Farmers*) is the existence of a functioning tribal court and the exhaustion requirement, not the creation of pleading thresholds that must be overcome to the District Court's satisfaction. Here there is no functioning tribal court; indeed, there was no functioning tribal government as of June 1, 2006.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 14

In conclusion, *Marceau* on its face does not support dismissal when a non-tribal entity has litigation claims arising from the ex post facto order that was purportedly entered in this case and especially not in the context of a Rule 12(b)(6) motion; *Marceau* on a fair reading indicates that the Ninth Circuit is strongly insistent that tribal actors may be challenged on the grounds that their conduct exceeds the scope of their authority and that the Supreme Court caselaw in the area is strong and viable in this circuit.

It's worth recalling that the Ninth Circuit in *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476 (9th Cir. 1985) like the panel in *Merceau*, squared its decision with *Merrion*:

> When a nonmember has entered into a consensual commercial relationship with the Tribe or its members the Tribe retains "inherent power to exercise civil authority over the conduct of [the nonmember] on fee lands within its reservation." Id. at 565-66, 101 S.Ct. at 1258-59. A tribe has power "to place conditions on entry, on continued presence, or on reservation conduct···· A nonmember who enters the jurisdiction of the tribe remains subject to the risk that the tribe will later exercise its sovereign power." Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 144-45, 102 S.Ct. 894, 905-06, 71 L.Ed.2d 21 (1982). The ordinance in question is just such a regulation of a nonmember's reservation conduct. See also Babbitt Ford, 710 F.2d at 590 (upholding tribal ordinance that permitted exclusion of nonmember who has wilfully violated automobile repossession regulations).

> Under the special circumstances of this case, where a nonmember entered the reservation under color of a lease in which the Tribe had specifically reserved its power of exclusion, and where Hardin had already been convicted under the laws of a separate sovereign, we conclude that the Tribe acted within its civil jurisdiction when it ordered Hardin's removal.

> Our result is consistent with the views expressed by all nine Justices in Merrion, the most recent Supreme Court decision in this area, when the Court affirmed an Indian tribe's sovereign power to exclude nonmembers. See 455 U.S. at 144-45, 102 S.Ct. 905-06; id. at 185, 102 S.Ct. at 926 (Stevens, J., dissenting). (at 479)

If *Merceau* reconciled its decision with *Merrion* and if *Hardin* did as well, then this Court should take another look at dismissing a challenge to tribal actor's exercise of sovereign

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 15

rights on Rule 12(b)(6) grounds *after* IRHA has produced uncontroverted proof that, indeed, an ordinance by fax was all that occurred; the Miller Defendants were not acting in the name of the people of Dot Lake Village; and Ms. Almquist did not have a valid tribal ordinance to present to Judge Funk in state District Court.

The relationship between Dot Lake and IRHA is one where "a nonmember has entered into a consensual commercial relationship with the Tribe or its members [and] the Tribe retains inherent power to exercise civil authority over the conduct of [the nonmember] on fee lands within its reservation." *Id*. And in light of this point, the Supreme Court's holding in *Merrion* that "exercise of tribal power beyond what is necessary to protect tribal self-government or to control internal relations is inconsistent with the dependent status of the tribes, and so cannot survive without express congressional delegation," leads directly to the question of whether the tribe of Dot Lake has ever authorized the Miller Defendants to do anything in their name.

As the authorities cited in IRHA's two motions filed November 6, 2006 demonstrate (Motion for 60(b) Relief; Motion for Expedited Consideration), federal courts in the Ninth and Tenth Circuits have been willing to look at the merits of tribal conduct that is offered as authorized; that is, in the name of the tribe whose action is challenged. This is the meaning of *Ex Parte Young*, which allows plaintiffs to challenge state action on the grounds that the actor's conduct was not authorized by law.

The Tenth Circuit has expressly made that point in *Tenneco Oil Company v. Sac and Fox Tribe of Indians of Oklahoma*, 725 F.2d 572 (10th Cir. 1984). There the Court of Appeals held that:

> [i]f the sovereign did not have the power to make a law, then the official by
> necessity acted outside the scope of his authority in enforcing it, making him

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 16

liable to suit.  Any other rule would mean that a claim of sovereign immunity would protect a sovereign in the exercise of power it does not possess.  Id. at 574.

## III.    IRHA HAS NOT CONCEDED THAT IT HAS NO CAUSE OF ACTION.

In its opinion on Nov. 2, 2006 (Docket No. 52) the court stated that IRHA has conceded that it has no private cause of action.  IRHA was shocked, for it had never said any such thing; indeed, IRHA's rights under 28 USC Sec. 1331 are *twice* what the average non-tribal business entity brings to this kind of litigation, as argued in the main Rule 60(b) Motion.

Apparently the other parties were also surprised, for neither of Defendants' counsel has argued that anything IRHA said in this afforded such a concession.  The matter now returns to the Court to take the opportunity to withdraw its observations in that regard and to rule on the merits of the Rule 12(b)(6) motion; if the Court sees a need for an amended complaint, then it can grant a dismissal with leave to amend.  Otherwise the Court should move the case towards resolution on the merits by directing the Defendants to answer the Summary Judgment Motion of IRHA.  (Speaking of concessions, it is of interest that neither Ms. Almquist nor the Dot Lake Defendants are now arguing that *Cort v. Ash*, 422 U.S. 66 (1975) is the acid test of IRHA's complaint.)

There are now three cases – *Hardin*, *Chilkat* and *Merceau* – in which the Ninth Circuit in dicta has made clear that disputes between a tribe and non-tribal entities are properly resolved in federal court (especially since there is no functioning tribal court, another concession by silence by the defendants) and that the absence or lack of authorized tribal action can be used as a basis by the non-tribal business entity to challenge purported tribal action.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 17

The District Court should review the authorities cited and argued to the court from the beginning of this case to the present time: *Montana v. U. S.*, 450 U.S. 544, 101 S.Ct. 1245 (1981); *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 102 S.Ct. 894 (1982); *National Farmers Union Ins. Cos. v. Crow Tribe,* 471 U.S. 845, 851 (1985) at the Supreme Court level; and *Burrell v. Armijo*, 456 F.3d 1159 (10th Cir. 2006); *Tenneco Oil Company v. Sac and Fox Tribe of Indians of Oklahoma*, 725 F.2d 572 (10th Cir. 1984); *Superior Oil Company v. United States*, 798 F.2d 1324 (10th Cir. 1986) and *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476 (9th Cir. 1985) at the circuit level.

These authorities provide both the form and substance of a federal cause of action, even assuming that IRHA itself had no federal rights under NAHASDA to bring before this court. That is what is especially grievous about the situation that IRHA finds itself in.  The insurance carrier in *National Farmers* had no contract rights in its beef with the tribe; in *Tenneco* and *Superior Oil* those parties sought only to vindicate garden variety contract rights.   The art dealer wasn't even suing the Chilkat tribe and his rights were addressed; Hardin was a trespasser and a thief and he got his day in court.

IRHA has its own independent federal rights under 25 USC Sec. 4137(a)(5).  Lots of plaintiffs have consensual commercial disputes with tribes and have no independent federal rights to vindicate. And the tribe itself may have its own rights.[4] The Defendants now rather gingerly dance around this point, for in arguing that the tribe has federal rights, the court

---

[4] The Dot Lake Defendants argue that proper assertion of jurisdiction under 28 USC Sec. 1331 should develop more fully the status of the parties; apparently IRHA should have emphasized more the "consensual commercial relationship of the parties" (to bring in *Hardin* and *National Farmers*) and underplayed 25 USC Sec. 4137(a)(5)'s support for IRHA's rights.  But IRHA is one of the few parties who can argue from injury by unauthorized tribal actors *and* that this injury violated its own federal rights. *National Farmers* couldn't; but IRHA can.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 18

should ask them, by what ordinance have you exercised these rights? And: was it legally adopted?

By not arguing the merits of the adoption of the ordinance, the Defendants have in fact conceded *on their own* IRHA's claim that the Miller Defendants lacked authority to act for the Tribe and that a suit to challenge the "exercise of tribal power beyond what is necessary to protect tribal self-government" is cognizable in federal court. *Merrion* at 171.

Take something as straightforward as the recitation in the Tribal Ordinance that Mr. Walleri drafted on the morning of June 1, 2006. It states that: "the Tribal Council of the Native Village of Dot Lake is the governing body of the Native Village Dot Lake, a federally recognized tribal government." However, there is no tribally recognized federal *government* in Dot Lake. The depositions revealed that when the BIA worked with the tribe to write a constitution in 1994 and submit the constitution to a vote of the tribe on June 3, 1995, the "Constitution of the Native Village of Dot Lake was duly rejected by a vote of 6 for and 17 against." But there is more. When the three letters from the BIA are considered in this 1994-1995 time frame (Doc. Atts. 5, 13, and 14) the BIA has exhaustively considered the state of tribal government and at no time has recognized the 1986 constitution as a governing document. If the 1986 constitution were in force – as far as anyone was concerned – why did everyone ignore that constitution's amending procedures when it came time to consider the BIA sponsored and corrected 1994 constitution?

If that does not suffice for lack of authority, isn't it completely obvious that *two* persons claiming to act for a *five* member tribal council have no power to bind that body, even if it ever existed outside of their imaginations?

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 19

**IV.    TAKEN AS A WHOLE, THE EVIDENCE SUBMITTED WITH THE 60(B) MOTION SHOWS THAT IRHA CAN PRODUCE FACTS IN SUPPORT OF ITS COMPLAINT.**

The Dot Lake Defendants make much of their point that IRHA should have provided more complete or comprehensive citations to the Miller Defendants' deposition testimony. pp.7-8.  But the posture of the case at this stage bars IRHA from arguing the merits of its own summary judgment motion to the court, after the dismissal on November 2, 2006, until such time as the case is reopened. What the record on the Rule 60(b) motion does demonstrate is that IRHA properly asked for Rule 56(f) relief on July 21, 2006; IRHA was properly granted such relief on August 28, 2006. IRHA properly and timely prepared and filed its opposition on November 6, 2006 as it had promised to do so; but on November 2, 2006, this Court ruled that there is no set of facts on which IRHA could obtain relief.  The Court stated, "A claim should only be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'  *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997)."  p. 3.

Obviously it will be important to this Court or a reviewing court whether there is in the record factual material which contradicts the Court's views on this point. Are there facts from which IRHA could plead a cause of action which is cognizable in the Ninth Circuit in a dispute between a Tribally Designated Housing Entity under NAHASDA *and* a tribe, with rights and duties arising under NAHASDA (and allied with the tribe someone who claims to benefit from the tribe's exercise of NAHASDA rights) *and*, in addition, with the tribe asserting that its sovereign rights have been, in fact, exercised, but which position is, as argued by IRHA, contradicted at every point in the depositions of the Miller Defendants?

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 20

The answer is yes, these facts do exist. Thanks to the Court's granting of IRHA's Rule 56(f) Motion IRHA has obtained and used its "modicum of leeway" in deploying facts that are in the exclusive control of the other defendants; if the Court requires that these facts be pleaded in an amended complaint which the Court grants IRHA leave to file, IRHA is ready to comply. The "modicum of leeway" that plaintiffs seek in pleading is usually a last resort for the plaintiff who cannot show facts in the record; the defendants say that everything that plaintiff seeks to prove is all speculation, and so forth.

But now there need be no speculation about what kind of case IRHA can make because the Miller Defendants' disavowal of proper tribal governance or compliance with any notion of legislative decorum is in the record. Instead of merely asserting, through counsel, that IRHA can make a case on this fact or that fact – or the absence of this link in the chain of lawmaking or that link – IRHA can *instead* cite to the page and line of each of depositions in which two men who claim authority from a previous –  twenty-years ago – tribal council now freely concede they signed a document that they took at no more than "fax" value and which was presented to Judge Funk for him to take at "face" value. That's not tribal lawmaking and by their silence on the merits and Ms. Almquist's refusal to file an answer in this matter, the merits of this point are conceded for purposes of Rule 12(b)(6).

Their oppositions as filed November 27, 2006 were the Defendants' last chance to argue that IRHA doesn't have sufficient evidence to plead a case in federal court; or that the evidence produced is irrelevant; or that further discovery would be only fruitless fishing through the Defendants' records.  This was their opportunity to dispute what the tribe in *Hardin* was able to show at the trial and appellate level: that the tribal actors were authorized

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 21

to take the action they took. The record is there for them to argue that there are no facts on which IRHA can plead that the Miller Defendants were acting outside the scope of their authority.

Having passed on the chance to rehabilitate the record, there it stands. The Defendants concede for this record that indeed here are facts which IRHA said it could produce on July 21, 2006. Lo and behold, the facts do exist and have been taken down and are ready to be used against them. And the Defendants have nothing to say as to the relevance or lack of foundation or even credibility of these tribal actors.

From the record in this case, it is clear that the Defendants held evidence of their own wrongdoing in their hands as their – not the tribe's – private records. This information was prised from opposing counsel and from the parties by this Court's order of August 28, 2006; all the Court needs to do is to read the record that it ordered prepared and then read the relevant Supreme Court and circuit authorities on point. As the Tenth Circuit said in *Tenneco*, *supra*: "[i]f the sovereign did not have the power to make a law, then the official by necessity acted outside the scope of his authority in enforcing it, making him liable to suit."

## V.    CONCLUSION.

For the above reasons, IRHA's Motion for Rule 60(b) relief should be granted. The Supreme Court put the matter this way, paraphrasing as necessary: "And all [IRHA] has asked is that the ... judgment be set aside so that for the first time [it] may [prove his case] on the merits. Certainly the undenied facts alleged justify setting aside the ... judgment for that purpose. ... Fair hearings are in accord with elemental concepts of justice, and the language of the 'other reason' clause of 60(b) is broad enough to authorize the Court to set aside the ...

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 22

judgment and grant petitioner a fair hearing." *Klapprott v. U. S.*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

The Court should:

1.    Reopen the case, vacate its Order Granting Almquist's Motion to Dismiss Count I *in toto*, order that IRHA's Motion for Partial Summary Judgment is timely filed, order that both oppositions to the pending Dot Lake and Miller Defendants' Motions to Dismiss is timely filed, and require all Defendants to respond to IRHA's Motion for Partial Summary Judgment and afford all parties the opportunity to file reply briefs under the local rules and request oral argument.

In the alternative, the Court should:

2.    Reopen the case, vacate its Order Granting Almquist's Motion to Dismiss Count I in part, as explained here, give IRHA 15 days to file a motion to amend complaint as to Defendant Almquist only and lodge a proposed amended complaint, order that IRHA's Motion for Partial Summary Judgment is timely filed as to the Dot Lake and Miller Defendants only, order that both oppositions to the pending Dot Lake and Miller Defendants' Motions to Dismiss are timely filed, and require such Defendants to respond to IRHA's Motion for Partial Summary Judgment, afford parties the opportunity to file reply briefs (or a cross motion) under the local rules and request oral argument on said motions.

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 23

DATED in Fairbanks, Alaska this 5th day of December, 2006.

ASCHENBRENNER LAW OFFICES, INC.
Attorneys for Plaintiff IRHA

By:  /s/ Peter J. Aschenbrenner
        Peter J. Aschenbrenner
        Aschenbrenner Law Offices, Inc.
        P.O. Box 73998
        Fairbanks, AK  99707-3988
        Phone: (907) 456-3910
        Fax: (907) 456-8064
        Email: peter@alolaw.com
        Alaska Bar No. 7210037

**Certificate of Service**

The undersigned hereby certifies that on the 5th day of December, the foregoing document was served via ECF on:

Michael J. Walleri, Esq.
Mark Andrews, Esq.

By:    /s/  Peter J. Aschenbrenner
        Peter J. Aschenbrenner

Reply in Support of IRHA's Motion for 60(b) Relief
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 24