IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>         Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, <u>et</u> <u>al.</u>,<br><br>         Defendants. | Case No. 4:06-cv-0018-RRB<br><br><br><u>**ORDER DENYING IRHA'S**</u><br><u>**MOTION FOR 60(B) RELIEF**</u> |

I.    INTRODUCTION

        Before the Court is Plaintiff Interior Regional Housing Authority ("IRHA") with a Motion for 60(b) Relief at Docket 53.[1]

---

        [1]    Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
>                                                  (continued...)

IRHA seeks relief from the Order Granting Plaintiff Barbara Almquist's Motion to Dismiss Count I entered by the Court and distributed to the parties via ECF on November 2, 2006.[2] The motion is opposed at Dockets 63 and 64 and, for reasons more carefully articulated herein, is **DENIED**.

## II.   FACTS

This matter stems from a forcible entry and detainer action filed by IRHA in the state district court.[3] IRHA lost the eviction it sought due to the creation of a tribal ordinance.[4]

> At the time that IRHA lost the eviction it also proved up its lease to the state [d]istrict [c]ourt's satisfaction, pointed out that the grounds for the eviction under that lease lined up with [the Native American Housing Assistance and Self-Determination Act ("NAHASDA")] and NAHASDA regulations, and was also able to show that it had satisfied state and federal grounds for eviction; only the

---

   [1](...continued)
heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

   [2]   Docket 54 at 1 (citing Docket 52)(footnote omitted).

   [3]   Docket 5, Ex. 2 (IRHA v. Almquist, Case No. 4FA-06-1421 CI).

   [4]   Id., Ex. 1 (Ordinance No. 06-01-01, dated June 1, 2006).

tribal "ordinance" . . . stood in the way of Almquist's eviction.[5]

Unable to obtain the relief it sought at the state level, IRHA filed in this Court: (1) a Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief at Docket 1; (2) a Motion for a Temporary Restraining Order at Docket 3); and (3) a Motion for Preliminary Injunction at Docket 4. IRHA declared:

> IRHA has not sued [Plaintiff Barbara Almquist "Almquist"] in federal court and does <u>not</u> seek any relief from this Court upholding any such contract rights, apart from its position that it has rights under NAHASDA to enter into the housing agreements it had with Dot Lake triplex tenants without fear of tribal members obtaining ordinances to bar their eviction.[6]

IRHA's Motions for Temporary Restraining Order and Preliminary Injunction were denied, in part, because IRHA admitted it lacked sufficient means to make a showing of probable success on the merits.[7] More specifically, IRHA stated it could <u>not</u> provide the Court with evidence supporting the accusation that NAHASDA does <u>not</u> authorize a tribe to adopt ordinances for completed tribal housing projects.

---

    [5]    Docket 33 at 6.

    [6]    <u>Id.</u> (emphasis added).

    [7]    As a result of the Court's order at Docket 32, only IRHA's Complaint for Permanent Injunctive Relief remained.

On August 7, 2006, Almquist filed a Motion to Dismiss Count I [FRCP 12(b)(6)] at Docket 29. Soon thereafter, the Village of Dot Lake filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), i.e., for lack of jurisdiction, at Docket 37. The Village of Dot Lake's motion was denied at Docket 44. In its Order the Court stated,

> "The [Rooker-Feldman] doctrine does not . . . prohibit a plaintiff from presenting a generally applicable legal challenge to a [tribal ordinance and/or code] in federal court, even if that [tribal ordinance and/or code] has previously been applied against him in state court litigation," as is the case here.[8]

What the Court's Order did not say was that there may be barriers other than the Rooker-Feldman doctrine that prevent legal challenges to tribal ordinances in Federal Court. Indeed, there are.

Subsequently, and after thoroughly reviewing the applicable pleadings, the Court granted Almquist's Motion to Dismiss Count I on November 11, 2006.[9] The Order terminated the present matter in its entirety.[10]

---

[8]   Docket 44 at 2-3 (footnote omitted).

[9]   Docket 52.

[10]   Inasmuch as the remaining facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## IV. DISCUSSION

In the beginning IRHA stated,

> IRHA has not sued Almquist in federal court and does not seek any relief from this Court upholding any such contract rights, apart from its position that it has rights under NAHASDA to enter into the housing agreements it had with Dot Lake triplex tenants without fear of tribal members obtaining ordinances to bar their eviction.[11]

By way of Court Order at Docket 52, that issue has been resolved. Indeed, the Court found that it is without authority to declare that any tribal law which reduces, undercuts, or negates the rights of IRHA cannot be applied in the state court case or is preempted by federal law. The Court further pointed out that, "the rights and liabilities of a tribal housing authority are strictly governed by the authorizing tribe's ordinances."[12]

Moreover, the Court concluded that NAHASDA, i.e., 25 U.S.C. § 4137, makes clear that a landlord may terminate a tenancy "'for other good cause,' '[e]xcept to the extent otherwise provided by or inconsistent with tribal law . . . .'"[13] IRHA argues that the ruling was made in error.[14]

On July 21, 2006, Plaintiff filed a Rule 56(f) Motion for Continuance with respect to Almquist's Cross-Motion to Dismiss at

---

[11]   Docket 33 at 6 (emphasis added).

[12]   Docket 52 at 5 (citing Marceau v. Blackfeet Housing Authority, 455 F.3d 974, 979 (9th Cir. 2006)).

[13]   Id. (emphasis in original) (footnote omitted).

[14]   Docket 54 at 9.

Docket 15. The Court granted the motion and set a deadline for depositions. In granting the Rule 56 continuance, the Court did <u>not</u> tie its hands with respect to any other pending matters in this case. Nor, in conjunction with IRHA's motion to continue, did any of the parties ask the Court to stay <u>any</u> pending matters.

Almquist's Rule 12(b)(6) motion was both ripe and ready for a decision when the Court issued its Order on November 2, 2006, at Docket 52. The Court does not <u>have</u> to grant leave to amend the Complaint, as IRHA suggests, in order for IRHA to supplement its argument following the Court's ruling. The Court's ruling at Docket 52 was and is final.

### A.  IRHA's Rule 60(b) Motion is Improper.

In its Motion for 60(b) Relief at Docket 53, IRHA now states,

> This is a case that turns on the lack of authority of Defendants William Miller and Charles Miller to put their signatures to a document entitled "Tribal Ordinance" – wholly prepared in a half day by Mr. Walleri and signed by the Millers in "five to ten minutes" as Defendant Charles Miller [admits].[15]

For the first time, and after dismissal, IRHA offers a new theory of federal jurisdiction. Fed. R. Civ. P. 60(b) does not, however, afford IRHA the relief that it seeks.[16]

"Post-dismissal, IRHA argues that a federal question exists under a generalized theory having to do with Indians who do

---

[15]   <u>Id.</u> at 5.

[16]   Docket 63 at 5; <u>supra</u> note 1.

business with non-Indians.  This argument appears nowhere in the Complaint,"[17] nor, arguably, should it.[18]  It is referenced only in IRHA's Rule 56(f) Motion for Continuance at Docket 24.[19]

IRHA's "Complaint cites one and only one theory as grounds for federal jurisdiction: [i.e.,] 25 U.S.C. § 4137."[20]  The Court has ruled on that issue.  "IRHA's Complaint claims no other source of federal rights."[21]

> Rather, IRHA seeks to have the dismissal withdrawn so that it may amend its pleadings, after dismissal, to assert new facts and assert an entirely new cause of action against the Defendants.  There is nothing in [Fed. R. Civ. P. 60(b)] which authorizes such relief.[22]

As a result, IRHA's Motion for Rule 60(b) Review at **Docket 53** is hereby **DENIED**.

###    B.   The Claims Which IRHA Now Seeks to Assert Are Futile.

> Assuming that there was some basis for the Court to grant Rule 60(b) relief, the claims which IRHA now seeks to assert are futile.  In substance, IRHA wants to litigate

---

[17]   Id. at 5-6.

[18]   Indeed, IRHA is _not_ a non-Indian.  It is a tribally designated entity and/or housing authority.  As a consequence, Plaintiff's analogy to the "Alaska Housing Authority" and the Alaska State Legislature, made at oral argument, was well-taken.

[19]   However, the focus of the dismissal motion, i.e., Docket 29, was on the content of the Complaint, _not_ on any and/or all arguments that appeared during motion practice.

[20]   Docket 63 at 6.

[21]   Id.

[22]   Docket 64 at 3-4.

>the proper procedure applicable to the enactment of tribal ordinances and the conduct of tribal government. These matters are clearly outside the purview of Federal Court review. Simply stated, IRHA's argument that alleges defects in the internal procedures used by the Tribal government to enact a tribal ordinance fails to state a cognizable federal question over which this Court has jurisdiction.[23]

Whether there were defects in the internal procedures used by the Village is an issue preserved for the tribal and/or state courts to address. These bodies are better equipped to determine whether and when comity should be granted, i.e., whether the village ordinance involved should properly be given credence considering traditional notions of due process and justice.

**V.   CONCLUSION**

In granting Almquist's Motion to Dismiss at Docket 29, the Court concluded that it is without authority to declare that any tribal law which reduces, undercuts, or negates the rights of IRHA cannot be applied in the state court case or is preempted by federal law. In doing so, the Court pointed out that "the rights and liabilities of a tribal housing authority are strictly governed by the authorizing tribe's ordinances."[24]  Thus, the issue raised in IRHA's Complaint at Docket 1 was resolved.

---

[23]  Id. at 4 n.2 (citing Williams v. Lee, 358 U.S. 217, 221-22 (1959)(The "internal affairs of the Indians remained exclusively within the jurisdiction of whatever tribal government existed."); and Fondahn v. Native Village of Tyonek, 450 F.2d 520, 522 (9th Cir. 1971)).

[24]  Docket 52 at 5 (citing Marceau v. Blackfeet Housing Authority, 455 F.3d 974, 979 (9th Cir. 2006)).

In light of IRHA's Rule 60(b) motion, the Court now finds it necessary to declare its lack of jurisdiction over cases involving the construction of tribal ordinances. Such actions must be and are better left to the tribal or state courts for resolution.[25]

Because the Court's Order at Docket 52 previously and appropriately resolved this matter, and because IRHA's Motion for 60(b) Relief is improper, and because the Court does not have to grant leave to amend, and because the Court lacks jurisdiction over cases involving the construction of tribal ordinances, IRHA's Motion for Rule 60(b) Relief at **Docket 53** is hereby **DENIED**. This matter is hereby **DISMISSED** in its entirety and the Clerk of Court is requested to enter an appropriate judgment forthwith.

ENTERED this 29th day of December, 2006.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[25] See R.J. Williams Co. v. Fort Belknap Housing Authority, 719 F.2d 979, 983-84 (9th Cir. 1983), cert. denied, 472 U.S. 1016 (U.S. Jun 17, 1985)(No. 83-1811); and Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe, 634 F.2d 474, 476-77 (9th Cir. 1980). See also Docket 30 at 3-4.