Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone (907) 456-3910 • Fax: (907) 456-8064
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MILLER, CHARLES P. MILLER and JOHN DOES NO. 1 - 3, all in their official capacities,<br><br>Defendants. | Case No. 4:06-CV-00018 RRB |

## PLAINTIFF IRHA'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AFTER DISMISSAL

Plaintiff Interior Regional Housing Authority, by and through its undersigned counsel, Aschenbrenner Law Offices, Inc., files its Opposition to Defendants' Motion for Attorney Fees after the judgment entered by this court via motion filed on January 19, 2007.

In *Johnson v. Columbia Properties of Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) the District Court was affirmed for refusing to award attorney's fees under Civil Rule 82, despite the apparently mandatory nature of the direction of (then existing) D. Ak. LR 54.3(b).

Plaintiff IRHA's Opposition to Defendants' Motion for Attorney Fees After Dismissal
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 1

The Court of Appeals' discussion follows:

> [Columbia] bases its argument on District of Alaska Local Rule 54.3(b), which directs the district court to apply the Alaska Rules of Civil Procedure to determine a fee award. Alaska Rule 82(a) provides that "[e]xcept as otherwise provided by law ···, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule." Alaska R. Civ. P. 82(a). As *Columbia* points out, this rule is phrased in mandatory terms. However, the rule further provides that "[t]he court may vary an attorney's fee award" based on various considerations, including "other equitable factors deemed relevant." *Id.* §§ 82(b)(3) & (b)(3)(K). The district court based its decision on this last provision, explaining that "[t]he equities in this matter are such that ··· each party shall bear their own attorney fees." Under the circumstances of this case, we do not believe that the district court abused its discretion in declining to award attorneys' fees to Columbia. (at 902).

The current rule D.Ak. LR 54.3(a) titled "Motion" simply cross references Fed. R. Civ. Pro. Rule 54(d)(2) by providing a procedure by which the prevailing party can move for attorney's fees, and that civil rule, in turn, requires citation of "statute, rule or other grounds entitling the moving party to the award." Rule 54(d)(2)(B).

None of the above requirements has been met by Almquist; she supplies no grounds by which such support can be gleaned from her argument. Moreover, the import of Rule 54 is that the moving party has to be the "prevailing party" which Almquist can not claim to be.

She filed no answer; filed no counterclaim; she has not made any showing after judgment that she prevailed on any issue before the court. Indeed, the result obtained was simply that this court should not entertain the suit, i.e., there was a lack of subject matter jurisdiction. It is a result that may temporarily satisfy Ms. Almquist, tactically, but it not a result that implies that she prevailed in the suit.

Moreover, Mr. Walleri is noticeably silent on the main point of the litigation which is his involvement in bringing about the ordinance-by-fax which this court now defers to a federal appeals court or state court for further review. The court can take into account, even if this were a case arising under the former D. Ak. LR 54.3(b), as one of the "equitable factors deemed

Plaintiff IRHA's Opposition to Defendants' Motion for Attorney Fees After Dismissal
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 2

relevant"; this litigation was occasioned by Ms. Almquist's counsel and his desire to manipulate council members (who have since been driven –electorally – from their positions by the Dot Village tribal members) into signing whatever he put in front of them.

The judgment itself (in its form before and after taxation of costs) should be dispositive: "Defendants ... [shall] recover their costs of action." If there is any court system in which costs means cost *and not attorney's fees*, it should be the federal system. The motion is without merit and should be denied.

DATED in Fairbanks, Alaska this 31 day of January, 2007.

>ASCHENBRENNER LAW OFFICES, INC.
>Attorneys for Plaintiff IRHA
>
>By:   /s/ Peter J. Aschenbrenner
>       Peter J. Aschenbrenner
>       Bar No. 7210037

Plaintiff IRHA's Opposition to Defendants' Motion for Attorney Fees After Dismissal
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 3

Certificate of Service

The undersigned hereby certifies that on the 31 day of January 2007, the foregoing document was served via ECF/Mail on:

Michael J. Walleri, Esq.
Mark Andrews, Esq.

and served by first class mail on:

Charles Miller
c/o Dot Lake Tribal Council
P.O. Box 2279
Dot Lake, AK 99737


By: __/s/ Peter J. Aschenbrenner__
      Peter J. Aschenbrenner

Plaintiff IRHA's Opposition to Defendants' Motion for Attorney Fees After Dismissal
*IRHA v. Almquist, et al.*
Case No. 4:06-CV-00018 RRB
Page 4