Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Defendant Almquist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BARBARA ALMQUIST, individually, THE VILLAGE OF DOT LAKE, aka THE NATIVE VILLAGE OF DOT LAKE, WILLIAM J. MIILER, CHARLES P. MILLER, AND JOHN DOES NO 1-3, all in their official capacities.<br><br>　　　　　　　　Defendants. | **REPLY MEMORANDUM TO PLAINTIFF IRHA'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES AFTER DISMISSAL**<br><br>Case No. 4:06-cv-0018-RRB |

Interior Regional Housing Authority opposes Almquist's motion for attorney's fees incurred in her defense to IRHA's action seeking to enjoin the Almquist from asserting tribal law defenses in a state court FED proceeding. In substance, IRHA claims that 1) Almquist failed to cite legal authority authorizing such an award, 2) Almquist did not prevail because she failed to file an answer and counterclaim, and 3) equitable factors militate against an award of attorney fees. These arguments are not well founded.

Michael J. Walleri
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist                                                                                                  Page 1 of 4
Reply Memorandum in Support of Motion for Attorney's Fees

IRHA is simply factually incorrect when it asserts that Almquist failed to cite legal authority in support of her motion for attorney fees. Alm [1]  Specifically Alquist cited to Dot Lake Ordinance, Alaska Landlord Tenant Act, Ak Civ. Rule 82, and the Common Fund doctrine.   IRHA's mischaracterization underscores that IRHA simply failed to provide any legal analysis in opposition to Almquist's motion. IRHA failed address any of the legal authority raised by Almquist.[2]

The suggestion that Almquist did not prevail because the Court granted her motion to dismiss without her filing an answer is disingenuous.  The fact that this Court dismissed IRHA's complaint without Almquist filing an answer serves as a strong indicator that IRHA's claims lacked any legal merit and was frivolous. Specifically, IRHA sought an order from this court prohibiting Almquist from asserting tribal law rights in State Court.  The premise of IRHA's argument was that the Tribe lacked the legal authority to enact a landlord-tenant ordinance governing NAHASDA housing.  In contrast to this claim, this Court affirmatively held that NAHASDA specifically authorized Indian tribes to enact land-lord tenant laws.  The assertions that IRHA somehow prevailed in any way is, at best, mere groundless spin control.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[1] See Memo in Support.
[2] Id.

Finally, equitable factors tip decidedly in favor of Ms. Almquist. Ms. Almquist is a single mother who qualifies for low-income housing assistance provided by IRHA. IRHA is a large tribal housing authority. Almquist not only paid her rent, but she paid the arrears owed by her boyfriend, the original tenant. IRHA is a tribal housing authority that is suppose to be providing low income housing to benefit tribal members. However, IRHA sought to evict Almquist because it failed to do a feasibility study in constructing tribal housing. After IRHA learned that operating costs for housing (which are suppose to be subsidized) exceeded rental income, IRHA attempted to shift the entire burden of its poor planning by evicting a low income single mother and her family and closing the facility. IRHA's actions more closely resemble the "Snidely Whiplash" characters of turn of the century melodrama. IRHA's claim for equity, rests upon the fact that the undersigned brought the problem to the attention of the tribe, which enacted an ordinance making its tribally designated housing authority subject to the same rules applicable to state housing authorities. This tribal action required IRHA to deal with its Native clients on the same basis as the State of Alaska must deal with non-Native low income tenants, which had the effect of stopping IRHA from evicting a rent paying low income tenant. IRHA claim for equity rests upon the assumption that Native people do not deserve the same protections applicable to non-Native low

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

income people, which has dubious policy appeal.  More importantly, IRHA attempted to assert a frivolous legal claim in federal court in an effort to use its vast financial resources to out litigate a low income single mother.  If IRHA escapes legal costs, this court is sending a message that justice in these federal courts is allocated for the wealthy, and that the poor, who are unable to match the financial and legal resources of the rich.  Clearly, the equities tip decidedly in favor of Almqusit.

The court should grant the motion for attorney fees.

DATED this 5th  day of February, 2007 at Fairbanks, Alaska.

    MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street,  Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 5, 2007 via ECF to:

    Mr. Peter Aschenbrenner
    Aschenbrenner Law Office
    P.O. Box 73998
    Fairbanks, AK 99707

    Mark Andrews
    Tanana Chiefs Conference, Inc
    122 First Ave. Suite 600
    Fairbanks, Ak 99701

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IRHA v Almquist      Page 4 of 4
Reply Memorandum in Support of Motion for Attorney's Fees