IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity,<br><br>      Plaintiff,<br><br>vs.<br><br>BARBARA ALMQUIST, et al.,<br><br>      Defendants. | Case No. 4:06-cv-0018-RRB<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES** |

I.  INTRODUCTION

Before the Court is Defendant Barbara Almquist ("Almquist") with a Motion for Attorney Fees After Dismissal (Docket 73). Almquist "seeks full attorney's fees incurred in her defense to [Plaintiff] Interior Regional Housing Authority's Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief action against her."[1] Plaintiff Interior Regional Housing Authority ("IRHA") opposes at Docket 76 and argues Almquist is not entitled to attorney fees because "the

---

[1] Docket 74 at 1.

ORDER GRANTING ATTORNEY FEES - 1
4:06-CV-0018-RRB

import of [D. Ak. LR 54] is that the moving party has to be the 'prevailing party' which Almquist [cannot] claim to be."[2]  The Court disagrees.

## II.  FACTS

Inasmuch as the facts are well known to the parties, and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

D. Ak. LR 54.3 directs the Court to apply the Alaska Rules of Civil Procedure to determine a fee award.  Ak. R. Civ. P. 82 (the "Rule") provides for an award of attorney fees to a prevailing party in a civil case except as otherwise provided by law or agreed to by the parties.[3]  The purpose of the Rule is to encourage settlement and to avoid protracted litigation.[4]  The amount of the award is determined according to a schedule fixed in the Rule and tied to the amount of the prevailing party's recovery.[5]  Where a prevailing party recovers no money in a case resolved at trial, the Rule mandates an award equal to 30 percent

---

[2]   Docket 76 at 2.

[3]   Ak. R. Civ. P. 82(a).

[4]   Miklautsch v. Dominick, 452 P.2d 438, 441 (Alaska 1969).

[5]   Ak. R. Civ. P. 82(b)(1).

of the actual reasonable attorney fees necessarily incurred.[6] Where a prevailing party recovers no money in a case resolved short of trial, the Rule mandates an award equal to 20 percent of the actual reasonable attorney fees necessarily incurred.[7] The determination of which party prevails is within the discretion of the trial court.[8]

**IV. DISCUSSION**

> Almquist is the prevailing party in this matter. Indeed,
>
>> [t]he premise of IRHA's argument was that the [Village of Dot lake] lacked the legal authority to enact a landlord-tenant ordinance governing NAHASDA housing. In contrast to this claim, [the] Court affirmatively held that NAHASDA specifically authorize[s] Indian tribes to enact [landlord-tenant] laws.[9]

Notwithstanding, at Docket No. 52 n.19 the Court stated it was particularly:

> . . . troubled with the fact that the current state of affairs allows for the creation of tribal ordinances – ex post facto – that strip parties of one or more contractual rights under NAHASDA. Indeed, IRHA had no idea what it was getting into when it entered into the lease at issue. How could it? The tribal ordinance, which was later created to further define "good cause" with respect to NAHASDA, was not drafted until long after the lease had

---

[6]   Ak. R. Civ. P. 82(b)(2).

[7]   Id.

[8]   Day v. Moore, 771 P.2d 436, 437 (Alaska 1989).

[9]   Docket 77 at 2; see Docket 52.

>been entered into; hardly, a thing of value bargained for. While jurists would typically look to the law(s) in effect at the time of contract creation, NAHASDA allows Indian tribes to reduce, undercut, or negate the federal rights granted to Tribally Designated Housing Authorities - ex post facto.

Indeed, as a result of this Court's ruling, and the state courts' rulings below, IRHA is required to maintain a residential facility that it can no longer afford.[10]

"[Ak. R. Civ. P. 82(a)] provides that '[e]xcept as otherwise provided by law . . . , the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.'"[11] "However, the rule further provides that '[t]he court may vary an attorney's fee award' based on various considerations, including 'other equitable factors deemed relevant.'"[12]

With the latter provision in mind, and having both thoroughly reviewed and considered the parties' various arguments, to include Almquist's arguments relevant to the tribal ordinance itself, as well as the "common fund doctrine," the Court finds that

---

[10] The tribal ordinance at issue, which was created ex post facto, prevents IRHA from evicting Almquist for what both it and the state district court believed to be "good cause," i.e., "business and economic" reasons.

[11] Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 902 (9th Cir. 2006)(citing Ak. R. Civ. P. 82(a)).

[12] Id. (citing Ak. R. Civ. P. 82(b)(3) & (b)(3)(K)).

the equities herein are such that Almquist is entitled to **$1,250.00** in attorney fees.[13]

**V.    CONCLUSION**

Based upon the aforesaid, Almquist's Motion for Attorney Fees After Dismissal at **Docket 73** is **PARTIALLY GRANTED**. The Court finds the equities in this matter demand Almquist receive **$1,250.00** in attorney fees.

ENTERED this 23rd day of February, 2007.

                                          s/RALPH R. BEISTLINE
                                          UNITED STATES DISTRICT JUDGE

---

[13] For reasons more carefully articulated above, the Court finds that were it to award Almquist full attorney fees it would be like onto adding salt to a womb.